# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: MCKINSEY & COMPANY, INC., NATIONAL
PRESCRIPTION OPIATE CONSULTANT LITIGATION**                MDL No. 2996

### TRANSFER ORDER

**Before the Panel:** McKinsey defendants[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York, where no action is pending but where one of the McKinsey defendants is based.  McKinsey's motion includes the seventeen actions listed on Schedule A, as well as 22 potentially-related actions pending in eleven districts.[2]

The parties' positions on centralization vary, but the principal dispute among the parties turns on whether to include these actions in the procedurally mature MDL No. 2804 – *In re: National Prescription Opiate Litigation* or, instead, create a new and separate MDL for actions against McKinsey.  For the reasons discussed below, we find that creation of a new MDL for McKinsey-related claims is appropriate.  Rather than transferring these cases to a judge who is new to the MDL No. 2804 litigation, we will select a judge who already is familiar with the contours of MDL No. 2804 by virtue of presiding over one of the cases remanded for trial in the transferor court at the suggestion of the MDL No. 2804 transferee judge.

Supporting transfer to MDL No. 2804 are the following: the MDL No. 2804 Plaintiffs' Executive Committee, tribal plaintiffs in five Northern District of Ohio actions and three Northern District Ohio potential tag-along actions, plaintiffs in the Northern District of Ohio *Montgomery County* action and *Teamsters Local 404* potential tag-along action, plaintiffs in two Western District of Washington actions, and plaintiffs in the Eastern District of New York *Genesee County* action.[3]

---

[1] McKinsey & Company, Inc., McKinsey & Company, Inc. United States, and McKinsey & Company, Inc. Washington D.C (collectively, McKinsey).

[2] These actions, and any other related actions, are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3]  The Western District of Washington plaintiffs also request exclusion from any new MDL, if the Panel decides to not include the McKinsey actions in MDL No. 2804.  The Eastern District of New York plaintiffs oppose transfer before their motion to remand to state court is ruled upon.

Plaintiffs in the Western District of Kentucky action and five potential tag-along actions support creating a McKinsey MDL in the Southern District of Illinois.  Plaintiffs in the Western District of Kentucky action and the Southern District of Indiana *Orange County* and the Western District of Michigan *Cannon Township* potential tag-along actions specifically oppose inclusion of McKinsey cases in MDL No. 2804.  Plaintiffs in the two Southern District of Illinois actions take no position on centralization, oppose inclusion in MDL No. 2804 and request that, if an MDL is created, the Panel order that the transferee judge rule on motions to remand to state court before the merits are explored.  Finally, school board plaintiffs in two potential tag-along actions oppose creation of a new McKinsey MDL and suggest that their actions be allowed to proceed where they were filed.

After considering the argument of counsel,[4] we find that centralization of these actions in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The actions involve common factual issues arising from nearly identical questions about McKinsey's role in providing advice to certain opioid manufacturers, most notably Purdue, in the form of sales and marketing strategies aimed at increasing sales of prescription opioid drugs.  The actions are brought by cities and counties (eleven actions) and tribal governments and related tribal entities (six actions).  Plaintiffs, individually (ten actions) and on behalf of putative statewide classes of cities and counties (seven actions), bring such claims against McKinsey entities as public nuisance, negligence, negligent misrepresentation, fraud, unjust enrichment and violation of consumer protection statutes. Plaintiffs in eight actions bring federal civil RICO claims.  The actions are in their relative infancy. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

This litigation concerns work McKinsey performed for Purdue and other MDL No. 2804 defendants, so we understand why some parties would think it logical for these actions to proceed in that MDL.  Despite this factual overlap, we find merit in McKinsey's argument that it will be prejudiced by having to join the three-and-a-half-year-old MDL No. 2804 at this late stage.  Even though a multi-billion dollar global settlement may have been reached among certain defendants (*i.e.*, several manufacturers and distributors), much work appears to remain in the MDL.  Adding a relatively unique defendant such as McKinsey to an already exceedingly complex and contentious MDL may hinder the transferee judge's ability to efficiently manage the range of cases now before him.  With bellwether trials of pharmacy defendants slated for this year and beyond, as well as certain categories of claimants whose actions remain pending but have not yet significantly progressed, it is appropriate to establish a separate MDL for these relatively recent[5] claims brought against McKinsey.

Certain plaintiffs argue that transfer should not occur before their motion to remand to state

---

[4] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021.  *See* Suppl. Notice of Hearing Session, MDL No. 2996 (J.P.M.L. May 10, 2021), ECF No. 122.

[5] All actions were filed in early 2021, and most were filed after McKinsey announced a nearly $600 million settlement with state Attorneys General and others in February 2021.

court is ruled upon.  Others ask that the Panel instruct that the transferee judge rule on the remand motions before proceeding to the merits of plaintiffs' claims.  As we have long held, "remand motions can be presented to and decided by the transferee judge" in due course. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Similarly, any personal jurisdiction challenges McKinsey intends to make also can be presented to and decided by the transferee judge.[6]  Moreover, any unique aspects of the settlement agreement with Washington State can be accommodated by the transferee judge, if needed, or the actions can be returned to their transferor courts with a minimum of delay following a suggestion of remand issued by the transferee judge.  *See* Panel Rule 10.1.

In the unique circumstances that are presented by this nationwide litigation, we are persuaded that the Northern District of California is the appropriate transferee district for this litigation.  In selecting Judge Charles R. Breyer as the transferee judge, we are choosing a jurist who is familiar with MDL No. 2804, as he was a member of this Panel when that docket was initially centralized (indeed, at oral argument in this matter, counsel for defendants quoted with approval Judge Breyer's questions about the desirability of separate opioid-related MDLs during oral argument in MDL No. 2804).  Notably, Judge Breyer also presides over a MDL No. 2804 bellwether remand action, *City and County of San Francisco, et al. v. Purdue Pharma, L.P., et al.*, N.D. California, C.A. No. 4:18-7591, which is set for trial in December 2021.  Presiding over *City and County of San Francisco* likely has afforded Judge Breyer granular insight into the federal opioid litigation that few other judges have obtained.[7]  Judge Breyer has presided over a total of eleven MDL dockets, and he possesses tremendous insight into the conduct of multidistrict litigation, which will without doubt benefit the parties and the courts. We are confident in Judge Breyer's ability to steer this litigation on a prudent course.

---

[6]  We decline McKinsey's invitation to revisit our decision in *In re Delta Dental Antitrust Litig.*, No. MDL 2931, 2020 WL 7382602, at *2 (J.P.M.L., Dec. 16, 2020).  In *Delta Dental*, we considered and rejected the argument that *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, S.F. Cnty., 137 S. Ct. 1773 (2017) and recent Supreme court cases concerning personal jurisdiction "necessitates unraveling more than forty years of MDL jurisprudence" and reaffirmed that "jurisdiction in any federal civil action *must* exist in the district where it is filed. This does not change when an action is transferred under Section 1407.  Parties can and do challenge jurisdiction in the transferor court after Section 1407 transfer (*i.e.*, in the transferee court)." *In re Delta Dental Antitrust Litig.*, No. MDL 2931, 2020 WL 7382602, at *2 (J.P.M.L., Dec. 16, 2020) (emphasis in original).

[7]  For instance, on September 30, 2020, Judge Breyer issued a 100-page opinion largely denying defendants' motions to dismiss.  *See City and County of San Francisco, et al. v. Purdue Pharma, L.P., et al.*, N.D. California, C.A. No. 4:18-7591, doc. 285.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: MCKINSEY & CO., INC., NATIONAL
PRESCRIPTION OPIATE CONSULTANT  LITIGATION**      MDL No. 2996

**SCHEDULE A**

Southern District of Florida

THE CITY OF PEMBROKE PINES, FLORIDA v. MCKINSEY & COMPANY, INC.,
    C.A. No. 0:21−60305

Southern District of Illinois

ST. CLAIR COUNTY, ILLINOIS v. MCKINSEY & COMPANY, INC., ET AL.,
    C.A. No. 3:21−00251
MADISON COUNTY, ILLINOIS v. MCKINSEY & COMPANY, INC., ET AL.,
    C.A. No. 3:21−00254

Western District of Kentucky

GREEN COUNTY FISCAL COURT, ET AL. v. MCKINSEY & COMPANY, INC.
    UNITED STATES, ET AL., C.A. No. 1:21−00035

Eastern District of New York

THE COUNTY OF GENESEE, ET AL. v. MCKINSEY & COMPANY, INC.,
    C.A. No. 2:21−01039

Northern District of Ohio

YUROK TRIBE v. MCKINSEY & COMPANY, INC., C.A. No. 1:21−45026
HOOPA VALLEY TRIBE v. MCKINSEY & COMPANY, INC., C.A. No. 1:21−45027
KENAITZE INDIAN TRIBE, ET AL. v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45028
FEATHER RIVER TRIBAL HEALTH, INC., ET AL. v. MCKINSEY & COMPANY,
    INC., C.A. No. 1:21−45032
SWINOMISH INDIAN TRIBAL COMMUNITY v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45033
MONTGOMERY COUNTY OHIO, ET AL. v. MCKINSEY & COMPANY, INC.,
    C.A. No. 1:21−45037

Western District of Oklahoma

CITIZEN POTTAWATOMIE NATION v. MCKINSEY & COMPANY, INC.,
    C.A. No. 5:21−00170

- A2 -

CITY OF SHAWNEE, ET AL. v. MCKINSEY & COMPANY, INC., C.A. No. 5:21−00174
BOARD OF COUNTY COMMISSIONERS OF KAY COUNTY, ET AL. v. MCKINSEY
    & COMPANY, INC., C.A. No. 5:21−00176

Western District of Washington

KING COUNTY v. MCKINSEY & COMPANY, INC. UNITED STATES, ET AL.,
    C.A. No. 2:21−00221
SKAGIT COUNTY v. MCKINSEY & COMPANY, INC. UNITED STATES, ET AL.,
    C.A. No. 2:21−00226

Southern District of West Virginia

THE COUNTY COMMISSION OF MINGO COUNTY, ET AL. v. MCKINSEY &
    COMPANY, INC., C.A. No. 2:21−00079