IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Order Relates to:<br><br>ALL ACTIONS | Case No. 21-md-02996-CRB<br><br>**PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court for consolidated pretrial proceedings certain lawsuits arising out of Defendants' "role in providing advice to certain opioid manufacturers, most notably Purdue, in the form of sales and marketing strategies aimed at increasing sales of prescription opioid drugs." See Transfer Order (dkt. 1).[1] As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions, the Court ORDERS as follows:

**1. APPLICABILITY OF ORDER** — Prior to the initial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel. This Order applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

---

[1] Defendants are McKinsey & Company, Inc., McKinsey & Company, Inc. United States, and McKinsey & Company, Inc. Washington D.C. (collectively, "McKinsey"). See id. at 1 n.1.

**2. CONSOLIDATION** — The civil actions transferred to this Court or related to the actions already pending before this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**3. DATE OF INITIAL CONFERENCE AND CONFERENCE AGENDA** — The Court will conduct an initial conference on **July 29, 2021, at 10:00 a.m.** via Zoom Webinar. Lead counsel for all parties is required to appear at the conference. On or before **July 22, 2021**, Defendants shall file a written submission advising the Court as to:

- A. The status of all of the lawsuits pending in this MDL,[2] and any potential tag-along lawsuits, including which plaintiffs have moved for remand;
- B. The steps Defendants have taken to preserve relevant evidence, including electronically stored information;
- C. How and when Defendants propose that the Court address the impact, if any, of the February 2021 settlement agreement between Defendants and the Attorneys General ("the February 2021 Settlement") on the various plaintiffs here;
- D. When the Court can expect to receive a copy of the February 2021 Settlement agreement, as well as a compilation of the related final judgments filed in each state;
- E. The status of the trove of McKinsey Documents that the February 2021 Settlement anticipates McKinsey producing to the Attorneys General; and
- F. Defendants' position on liability in these lawsuits, broadly speaking.[3]

---

[2] The Court does not need or want an update on the status of MDL No. 2804 — In re: National Prescription Opiate Litigation.

[3] Defendants' positions regarding liability will not be binding, will not waive claims or defenses, and may not be offered in evidence against them in later proceedings.

2

1   Defendants shall be prepared at the July 29, 2021 conference to answer questions
2   from the Court regarding the written submission, litigation status, and evidence
3   preservation. Plaintiffs' counsel will be permitted to respond.

**4. APPOINTMENT OF PLAINTIFFS' STEERING COMMITTEE** — The Court anticipates appointing a Plaintiffs' Steering Committee to conduct and coordinate the pretrial stage of this litigation with the Defendants. The Court also anticipates that the Plaintiffs' Steering Committee will file a consolidated amended complaint. The Court will issue a further order governing the schedule and procedure for the appointment of a Plaintiffs' Steering Committee and anticipates that the applications for appointment will be due **August 12, 2021**, responses/objections due **August 19, 2021**, with a hearing scheduled for **September 2, 2021, at 10:00 a.m.**, although this schedule may change.

**5. MASTER DOCKET FILE** — The Clerk of the Court will maintain a master docket case file under the style "In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation" and the identification "MDL 2996." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

**6. FILING** — Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents shall be e-filed in the Master file, 21-MD-2996. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. Registration instructions for pro se parties who wish to e-file can be found on the Court's website at www.cand.uscourts.gov/ECF.proseregistration.

**7. RESPONSE EXTENSION AND STAY** — Defendants are granted an

extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution once the Court sets a schedule for any such motions.

**8. PRESERVATION OF EVIDENCE** — All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

**9. CASE WEBSITE** — The Court will maintain a website—accessible to counsel, parties, the public and the press free of charge—at [In re: McKinsey & Company, Inc., National Prescription Opiate Consultant Litigation (MDL No. 2996) | United States District Court, Northern District of California (uscourts.gov)](). The website will include a list of dates and times of upcoming proceedings, along with significant court orders and other documents.

**10. COMMUNICATION WITH THE COURT —** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing and e-filed. The Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit

the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**IT IS SO ORDERED.**

Dated: June 25, 2021



CHARLES R. BREYER
United States District Judge