

August 6, 2021

Hon. Charles R. Breyer
United States District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  Application of Matthew Browne for Leadership; *In re: McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, Case No. 3:21-md-02996-CRB

Dear Judge Breyer,

Matthew Browne submits this application for appointment to leadership in the Plaintiffs' Steering Committee in MDL 2996. Beginning on November 3, 2020, Mr. Browne filed the first eight lawsuits in the nation against McKinsey. Seven were filed before McKinsey settled with the states attorneys general. To date, he has filed 9 of the 48 lawsuits identified in Exhibit A to McKinsey's Initial Conference Submission (Doc. 123). He seeks an appointment to leadership in order to continue the pursuit of these claims to their final resolution.

 The letter will address the criteria set forth in this Court's July 29, 2021 Order Setting Steering Committee and Lead Counsel Appointment Process (Doc. 158):

1.  Professional experience with MDLs

This is Mr. Browne's first experience participating in multi-district litigation, and he acknowledges the deficiency. He can only note that one has to start somewhere.

While Mr. Browne lacks formal experience prosecuting an MDL, he has spent the last few years involved in litigation relating to the nationwide opioid crisis. As a result, he has familiarized himself in detail with the MDL 2804 proceedings before Judge Polster, and has undertaken additional extensive research into MDL procedure and practice. Thus, he is familiar with many of the issues that arise in complex proceedings such as these.

2.  Familiarity with the claims before the Court

Mr. Browne's familiarity with the McKinsey claims is unparalleled. He developed them.

Mr. Browne began investigating McKinsey's role in the opioid crisis in the first week of February, 2019. He did so in response to the filing of the State of Massachusetts' unredacted complaint against Purdue Pharma and members of the Sackler family on January 31, 2019. That document contained the first public disclosure of McKinsey's role in the opioid crisis. Mr. Browne immediately began his investigation, and has continued to work on the McKinsey claims uninterrupted since that time.

Browne Pelican* PLLC, 7007 Shook Ave., Dallas, TX 75214 | brownepelican.com

* Matthew Browne is the sole member and only attorney of Browne Pelican PLLC. "Pelican" is just a reference to the bird.

On November 3, 2020, four months prior to McKinsey's settlement with the various states attorneys general, Mr. Browne filed the first lawsuit in the nation against McKinsey on behalf of the Citizen Potawatomi Nation. By the time the state attorneys general announced their settlement with McKinsey on February 4, 2021, Mr. Browne had filed seven lawsuits in Oklahoma, Illinois, West Virginia, Florida, and New York.

To date, Mr. Browne has filed nine lawsuits against McKinsey, making him one of the lead filers in this MDL. His continued investigation and development of these claims is ongoing.

3. Present and future availability to commit time to this litigation

Mr. Browne established the law firm of Browne Pelican PLLC in 2019 in order to pursue litigation against McKinsey, and as stated above has spent two years researching and developing the factual bases and legal theories underlying the complaints presently before this Court.

The McKinsey matter is the only matter currently being pursued by Browne Pelican, and Mr. Browne intends to commit himself wholly to this litigation until final resolution, without regard to its ultimate duration.

4. Resources available to prosecute this litigation in a timely manner

Despite being a solo practice, Browne Pelican is in possession of resources sufficient to materially contribute to the prosecution of this litigation. Although the scope and complexity of these proceedings may exceed the firm's ability to absorb 100% of the costs associated with the prosecution of these claims, Browne Pelican is willing and able to bear a material, and commensurate with other firms', portion of the financial burden associated with complex litigation of this nature.

Furthermore, Browne Pelican will hire additional full-time attorneys to assist with the workload this case demands, as and when the need arises.

5. Other considerations

From the outset, Browne Pelican's business model has been to co-counsel with other law firms to bring cases developed by Browne Pelican. The firm website describes its approach:

> Browne Pelican identifies potentially meritorious litigation, conducts in-depth investigations of the underlying conduct, and conducts legal research to develop 'ready-to-file' lawsuits… Browne Pelican then seeks to co-counsel with the proposed plaintiff's existing counsel to jointly pursue the proposed litigation. One component of the co-counsel relationship is Browne Pelican's commitment to fund some or all of the expenses associated with the proposed litigation.[1]

Mr. Browne believes this business model is particularly well-suited to MDL leadership structures. It places a premium on collaboration with other attorneys. Quite simply, the firm cannot mount the

---

[1] *See* https://www.brownepelican.com/what-browne-pelican-does

types of cases it intends to bring without constructive, collaborative, and long-term relationships with other law firms.

Accordingly, after Browne Pelican developed the claims against McKinsey and drafted a complaint, the firm then sought to co-counsel with other law firms that had existing client relationships with plaintiffs asserting opioid claims against other industry participants, such as manufacturers and distributors. Numerous counsel, including members of the MDL 2804 Plaintiff's Executive Committee, agreed to do. In entering in to those co-counsel relationships, Browne Pelican promised to pursue the litigation alongside its co-counsel and to contribute to the financial burden of doing so.

Mr. Browne now seeks appointment to the Plaintiffs' Steering Committee in order to fulfill his firm's commitment to its co-counsel when entering in to the initial agreements that gave rise to this litigation by seeing it through to its resolution.

In what he hopes is an example of the firm's commitment to collaboration with co-counsel, Mr. Browne is honored to state that the following attorneys support this application for a position on the PSC:

Aelish Baig, Robbins Geller Rudman & Dowd
Ann Callis, Holland Law
Curtis "Muskrat" Bruehl, Fulmer Sill
Elizabeth Cabraser, Lieff Cabraser Heimann & Bernstein
Juan Martinez, Morgan & Morgan
Tara Sutton, Robins Kaplan


Respectfully submitted,

\_\_\_/s/ Matt_____
Matthew Browne
Browne Pelican PLLC


Enclosure

# Matthew Browne, an attorney

7007 Shook Avenue, Dallas, Texas 75214
T: 405-642-9588 E: mbrowne@brownepelican.com
Texas Bar No. 24069433

**Experience**    Browne Pelican PLLC, Dallas, TX – Managing Attorney                    July 2019 - present

Browne Pelican PLLC is the solo practice of Matthew Browne. The firm represents plaintiffs in litigation.

Talcott Franklin, P.C., Dallas, TX – Of Counsel                    Feb. 2016 – Jan. 2020

Opioid Litigation – Currently representing four West Virginia municipalities in two separate suits emanating from the nationwide opioid crisis:

- Principally responsible for the formulation and drafting of one of the first complaints filed nationwide against a pharmacy benefits manager relating to that industry's role in the crisis. The suit has since been consolidated in the federal multi-district litigation currently pending in the Northern District of Ohio. *City of Charleston, West Virginia et al. v. Express Scripts Holding Co. et al.*, Cause No. 1:18-op-45984 (N.D. Ohio).

- The same municipalities also asserted claims against the Joint Commission, the nationwide hospital accreditor, relating to that organization's role in the opioid crisis. That lawsuit, currently pending on a motion to dismiss in the Southern District of West Virginia, is the only suit of its kind in the country. *City of Charleston, West Virginia et al. v. The Joint Commission et al.*, Cause No. 2:17-cv-04267 (S.D. WV).

Structured Finance Litigation – Representation of certificateholders asserting claims against various parties to residential mortgage-backed securities (RMBS) trusts arising from the 2007-08 housing collapse, including:

- Countrywide/Merrill Lynch Repurchase Initiative. Through ongoing settlement negotiations with Bank of America, obtained resolutions of Bank of America's repurchase liability on behalf of numerous investors relating to trusts that contained mortgages *originated* by Countrywide et al., but were not *sponsored* by those entities (and thus were not subject to a "global" 2011 $8.5bn settlement with Countrywide).

  Under this initiative, resolved outstanding repurchase liability for numerous trusts on behalf of various certificateholders, including the National Credit Union Administration (NCUA), Aegon USA Investment Management, Axonic PG Structured Credit Fund, LP, and Athene Annuity & Life Assurance Company. *See In the matter of Deutsche Bank Nat'l Tr. Co., solely in its Capacity as Trustee of the Harborview Mortgage Loan Pass-Through Certificates 2006-9*, Index No. 654208/2018 (N.Y. Sup. Ct.)

- Counsel for LibreMax Capital, LLC asserting claims against securities administrator Wells Fargo Bank, N.A. relating to the improper calculation of monthly remittances owed to certificateholders pursuant to the payments waterfall set forth in the RMBS trust's governing documents. The matter is currently on remand to the trial court after certain of certificateholder's claims were reinstated. *In the matter of American Home Mortgage Assets Trust 2007-5*, File No. 27-TR-CV-15-354 (Hennepin Co., MN District Court).

- Resolution of Washington Mutual Repurchase Liability. Counsel to Deutsche Bank as trustee of 99 RMBS trusts claiming over $6bn in damages against the FDIC and JPMorgan Chase involving nearly 500,000 loans originated by Washington Mutual and its affiliates. Settlement resulted in allowed claim of over $3bn against the Washington Mutual receivership.

*Deutsche Bank National Trust Co as Trustee for the Trusts listed in Exhibits 1-A and 1-B v. Federal Deposit Insurance Co., JPMorgan Chase Bank, N.A. and Washington Mutual Mortgage Securities Corp.*, Cause No. 1:09-cv-1656-RMC (D.D.C.).

General Litigation - In addition to the opioid and RMBS work described above, recent matters include:

- Resolution of copyright infringement claims on behalf of a Dallas-area real-estate developer relating to a rival project's copying of the developer's building design.
  *Larkspur Bennett LLC v. Jones Miller, LLC et al.*, Cause No. 3:19-cv-00173-N (N.D. TX.).

- Pending litigation against a department store wrongfully acting as a creditor attempting to collect on a promissory note that the store compelled the client, a former employee, to sign under duress. The lawsuit alleges violations of the deceptive trade practices act, fair debt collection practices act, and wrongful imprisonment. Currently pending on a motion to compel arbitration. *Clark v. Nordstrom, Inc.*, Cause No. 3:18-cv-2100-D (N.D. TX).

Patton Boggs LLP, Dallas, TX – Associate                Summer 2008; Oct. 2009 - Dec. 2012

Practiced general commercial litigation, with emphasis on structured finance (RMBS) litigation, insurance recovery disputes, and governmental investigations. Representative matters include providing legal counsel to independent consultant conducting a look-back review of foreclosure practices of residential mortgage servicer in connection with the Independent Foreclosure Review undertaken by the Comptroller of the Currency and the Federal Reserve, and representing investors seeking to enforce breach of representation and warranty claims regarding non-conforming residential mortgages backing securities owned by the client.

With regard to insurance coverage, represented policyholders in multiple contexts, including providing initial coverage and exclusions analysis for various claims under commercial general liability (CGL), directors and officers (D&O), and errors and omissions (E&O) policies, as well as drafting motions and trial preparation regarding denial of coverage claims under a D&O policy.

Governmental investigations experience includes conducting internal investigation of a coal company in connection with a 2010 coal mine explosion and a French multinational company in response to a Foreign Corrupt Practices Act investigation. Developed a thorough knowledge of the discovery process, including e-discovery, taking and defending depositions, and pre-trial motion practice. Have also briefed appellate arguments before the United States Court of Appeals for the Fifth Circuit, the Texas Supreme Court, and various state appellate courts.

Great Plains Coca-Cola Bottling Co., Oklahoma City, OK – Accounts Manager    Summers 2002, 2003, 2004; May 2005 - August 2006

Managed multiple on-premise sales accounts, including maintaining sufficient inventory levels with customers. Responsible for accounts receivable collections with respect to managed accounts.

**Publications**   "Repurchase Demands and Mortgage Insurance Claims." *Mortgage Finance Regulation Answer Book*. Practising Law Institute (PLI), 2011.

Co-Authored a chapter of a PLI handbook on residential mortgage finance regarding various litigation claims for repurchase of residential mortgage-backed securities (RMBS) and so-called mortgage "put-backs" emanating from the collapse of the housing market in 2008. A copy of the chapter is available through the PLI website (pli.edu), or upon request.