| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER (SBN 083151)<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111<br>Telephone: 415.956.1000<br>Facsimile:  415.956.1008<br>Email: ecabraser@lchb.com<br><br>Lead Counsel for Plaintiffs | STROOCK & STROOCK & LAVAN LLP<br>JAMES L. BERNARD (*PRO HAC VICE*)<br>180 Maiden Lane<br>New York, NY 10038<br>Telephone:  212.806.5400<br>Email:  jbernard@stroock.com<br><br>CLARENCE DYER & COHEN LLP<br>JOSH A. COHEN (SBN 217853)<br>899 Ellis Street<br>San Francisco, CA 94109<br>Telephone: 415.749.1800<br>Email: jcohen@clarencedyer.com<br><br>MORRISON & FOERSTER LLP<br>MARK DAVID MCPHERSON (SBN 307951)<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: 415.268.7000<br>Email: mmcpherson@mofo.com<br><br>TODD & WELD LLP<br>INGRID S. MARTIN (*PRO HAC VICE*)<br>One Federal Street<br>Boston, MA 02110<br>Telephone: 617.720.2626<br>Email: imartin@toddweld.com<br><br>Attorneys for McKinsey Defendants |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to: ALL ACTIONS | Case No. 3:21-md-02996-CRB (SK)<br><br>[Assigned to the Hon. Charles R. Breyer]<br><br>**JOINT STATUS CONFERENCE SUBMISSION**<br><br>Conference Date:  September 2, 2021<br>Time: 9:00 am |

The parties jointly submit this statement in advance of the status conference scheduled for September 2, 2021, as directed by Pretrial Order No. 2.  Each of the subjects identified for discussion in Pretrial Order No. 2 is addressed below.

**A. The process and schedule for briefing the effect of the settlement agreements for plaintiffs that McKinsey contends are bound by the settlements.**

McKinsey intends to move to dismiss all claims (including, but not limited to, those brought by political subdivisions and school districts) that McKinsey contends are barred by its settlement with the states' Attorneys General.  McKinsey intends to file a single motion addressing the effects of the Attorney General settlements on claims asserted by *all* political-subdivision and similarly situated plaintiffs.

Having met and conferred, the parties agree that plaintiffs should file Master Consolidated Complaints ("MCCs") for each constituency track (Tribes, TPPs, NAS, Subdivisions, and School Districts) before McKinsey files its motion to dismiss (so that the motion is directed to the operative pleadings).  Prior to plaintiffs filing MCCs, McKinsey will produce directly to plaintiffs the documents that it agreed to provide to the Attorneys General (presently scheduled to be provided on or about November 4, 2021) for publication in a public repository.  Accordingly, the parties jointly propose the following schedule for McKinsey's motion to dismiss claims asserted by political-subdivision and similarly situated plaintiffs on grounds that the claims are barred by the Attorney General settlements:

December 6, 2021:   Last day to file MCCs

January 14, 2022:   Last day to file motion to dismiss based on AG settlements

February 28, 2022:  Last day to file opposition(s) to motion

March 30, 2022:     Last day to file reply

~ April 15, 2022:   Hearing date

**B. The process and schedule going forward for plaintiffs that McKinsey does not contend are bound by the settlements.**

In tandem with its motion to dismiss political-subdivision and similarly situated plaintiffs' claims on grounds that such claims are barred by McKinsey's settlements with the Attorneys General, McKinsey presently intends to seek dismissal of various plaintiffs' claims for lack of personal jurisdiction.  This motion will apply to all plaintiffs in a particular state or states (*e.g.*, political subdivisions, school districts, tribes, third-party payors, and/or NAS children).  The motion will be directed only to claims asserted by plaintiffs in states where McKinsey contends it cannot be reasonably disputed as a factual matter that McKinsey had no relevant jurisdictional contacts giving rise to plaintiffs' claims.  Subject to the Court's approval, the parties agree that McKinsey will reserve the right to contest personal jurisdiction as to claims asserted by plaintiffs in other states, as well as the right to file Rule 12(b) motions on other grounds at a later date, as described below.  McKinsey proposes that the threshold personal-jurisdiction motion be briefed on the same timetable set forth above for the motion to dismiss claims that McKinsey contends are barred by McKinsey's settlements with the Attorneys General.  Like the latter motion, a motion to dismiss for lack of personal jurisdiction, if granted, would narrow the merits issues before the Court.  Plaintiffs agree to the briefing schedule set forth above while reserving their rights to oppose McKinsey's motions on the merits.

McKinsey also intends to assert at a later date various grounds for dismissal under Federal Rule of Civil Procedure 12(b).  Given that the Court's ruling on the threshold motions relating to the AG settlement agreements and/or personal jurisdiction may have a significant impact on the scope of McKinsey's remaining Rule 12(b) arguments (which will raise issues under the laws of multiple states), the parties agree to meet and confer within 10 days of the Court's ruling on the threshold motion(s) to discuss a process and timetable for briefing McKinsey's remaining grounds for dismissal under Rule 12(b), and to present joint or opposing proposals to the Court.  For the

avoidance of doubt, the parties agree, subject to the Court's approval, that by filing threshold motions relating to the effect of the AG settlement agreements and personal jurisdiction as to plaintiffs in certain states, McKinsey does not waive any other grounds on which it may seek dismissal at a later date and plaintiffs reserve their rights to oppose any later filed motions.

**C. The status of the discovery that McKinsey has produced in <u>In re National Prescription Opiate Litigation</u>, MDL No. 2804 (N.D. Ohio), and has or will produce to the Attorneys General in connection with the settlements, including the timeline for producing the discovery in this action.**

As required by the February 2021 settlements with the Attorneys General, McKinsey will provide documents to the Attorneys General by November 4, 2021 for publication in an online public repository. Having met and conferred, the parties agree that McKinsey will produce the same documents ("AG Repository Production") directly to plaintiffs in this action within 72 hours of providing the documents to the Attorneys General.

McKinsey has also agreed to produce directly to plaintiffs in this action the discovery that McKinsey produced in MDL 2804. McKinsey will make this MDL 2804 production as soon as practical after the Court has entered a confidentiality and protective order and an Electronically Stored Information ("ESI") protocol. The plaintiffs provided McKinsey with a proposed confidentiality and protective order on August 25, 2021 and a proposed ESI protocol on August 26, 2021, which mirror the same orders entered in MDL 2804 and the San Francisco bellwether, *City and County of San Francisco, et al. v. Purdue Pharma L.P., et al.*, 18-cv-07591-CRB (JSC). The parties will continue to meet and confer and will submit a joint or opposing confidentiality and protective order and an ESI protocol to the Court no later than September 10, 2021. McKinsey's early production of discovery in this action shall not constitute a waiver of any right, objection, or argument the parties may assert under the Federal Rules of Civil Procedure or other applicable law, and McKinsey reserves all rights to seek reciprocal discovery from plaintiffs.

In the meantime, plaintiffs will propound their initial discovery request no later than September 3, 2021 for discovery previously requested by and produced to the Attorneys General prior to the settlements. In light of McKinsey's MDL 2804 and AG Repository productions, the parties agree that McKinsey's response to plaintiffs' initial discovery request is due no sooner than 14 days after McKinsey makes its AG Repository Production directly to plaintiffs or plaintiffs file their MCCs, whichever is later, subject to the parties' reservation of rights regarding good faith objections, and commitment to meet and confer to resolve disputes. The parties will meet and confer to determine the scope and parameters (*e.g.*, initial disclosures, custodians, relevant timeframe, privilege issues, et cetera) of the ESI and responsive discovery, as well as the parameters of the discovery McKinsey seeks from plaintiffs.

*   *   *

The parties intend to submit a jointly proposed case management order, which, among other preliminary matters, will more fully set forth the proposed schedule and procedures described above.

///

///

///

///

///

///

///

///

///

///

We look forward to discussing these subjects with the Court at the status conference on September 2.

Respectfully submitted,

Dated:  August 31, 2021

STROOCK & STROOCK & LAVAN LLP
JAMES L. BERNARD

By: _____/s/ James L. Bernard_____
           James L. Bernard

Attorneys for Defendants


LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
ELIZABETH J. CABRASER

By: _____/s/Elizabeth J. Cabraser_____
           Elizabeth J. Cabraser

Lead Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Josh A. Cohen*
Josh A. Cohen