UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION  ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO:  ) | |
| ) | Judge Dan Aaron Polster |
| *All Cases*  ) | |
| ) | **ORDER REGARDING MDL 2996** |
| ) | **DISCOVERY** |

Before the Court is McKinsey's Motion to Modify Amended Case Management Order No. 2 (Doc. #: 4080). For the reasons set forth below, the Motion is **DENIED IN PART**. Specifically, Plaintiffs may use documents produced in discovery in MDL 2804 to draft their MDL 2996 master complaints. However, Plaintiffs are **ORDERED** to make all such documents available to McKinsey promptly upon submitting their master complaints.

\* \* \*

McKinsey raises two fundamental ways they believe CMO No. 2 should be modified. First, it argues the definition of "McKinsey Discovery Material" should be expanded to include "any and all Discovery Material relevant to the litigation of claims asserted in *In re McKinsey & Co., Inc., National Prescription Opiate Consultant Litigation*, MDL No. 2996 (N.D. Cal.)." Doc. #: 4080 at 5–6. Second, it contends Plaintiffs should be prevented from using discovery from MDL 2804 in MDL 2996 until McKinsey gains access to all of that discovery.

Since submitting the Motion, Plaintiffs and McKinsey have agreed to use the expanded definition of "McKinsey Discovery Material" proposed by McKinsey, and have further agreed Judge Breyer should be the one to resolve any disputes as to whether specific documents fall within

this definition. Doc. #: 4080 at 6; Doc. #: 4129 at 3; Doc. #: 4152 at 1. That issue, therefore, is moot. Accordingly, the Court turns to the second issue raised by McKinsey.

Although McKinsey is adamant that Plaintiffs should not be allowed to "use" MDL 2804 discovery until McKinsey obtains access to all relevant documents, McKinsey is not specific in describing what particular uses it wants prohibited. One might initially assume McKinsey is seeking to prevent Plaintiffs from using, in MDL 2996, the documents produced in discovery in MDL 2804 in *any* manner. McKinsey, however, appears to tacitly acknowledge it has no issue with Plaintiffs using MDL 2804 documents *to draft their complaints*, so long as Plaintiffs provide McKinsey access to those documents by the time they submit the complaints. *See* Doc. #: 4152 at 2 ("plaintiffs have until December 6, 2021 to file their Master Complaints in MDL 2996. . . . Plaintiffs have provided no compelling reason they cannot facilitate McKinsey's access to these productions by December 6."). Doc. #: 4152 at 2. Plaintiffs, meanwhile, have already stated, "any documents Plaintiffs use in their master complaints will be immediately accessible to McKinsey." Doc. #: 4129 at 3. Consequently, so long as Plaintiffs provide the relevant documents to McKinsey upon submitting their complaints (which they have agreed to do), there appears to be no issue.

While Plaintiffs have stated their intention to use MDL 2804 documents to draft their master complaints for filing in MDL 2996, McKinsey has further countered that generally "the Federal Rules of Civil Procedure do not permit pre-complaint discovery." Doc. #: 4152 at 2 (quoting *Calderon v. District Ct.*, 98 F.3d 1102, 1106 (9th Cir. 1996)). McKinsey's point, apparently, is that the Rules do not permit Plaintiffs to use discovery produced in MDL 2804 before filing master complaints ("pre-complaint") in MDL 2996. Here, however, the relevant discovery has already been completed, which is what the Rules address; the question now is instead a matter of access. Given this, the Court sees no reason to prohibit Plaintiffs from using the MDL 2804

discovery in crafting their master complaints in MDL 2996, again so long as the relevant documents are timely provided to McKinsey.

McKinsey further notes the "informational asymmetry" between the parties here is not typical, as Plaintiffs argue, because, rather than both parties having access to just their own documents, Plaintiffs here have access to millions of documents produced in MDL 2804 by third parties. Doc. #: 4152 at 3. The Court agrees with McKinsey that the asymmetry here is not typical of civil litigation, as Plaintiffs contend. However, at least at the complaint stage, this asymmetry will be cured once Plaintiffs provide McKinsey access to the relevant documents.

Lastly, McKinsey raises the prospect of using the MDL 2804 documents for purposes beyond Plaintiffs' complaint-drafting, such as, for example, drafting interrogatories or subpoenaing documents and witnesses. Doc. #: 4080 at 5; Doc. #: 4152 at 3. The parties have noted they continue to confer to attempt to reach an agreement on the proper scope of the documents that will be relevant for these purposes. *See* Doc. #: 4080 at 6; Doc. #: 4129 at 5. The Court encourages the parties to continue these efforts and come to full agreement. If the parties are still unable to reach a resolution, they may return to this Court for assistance or additional ruling. The Court also notes Judge Breyer may be in a better position to resolve such issues.

**IT IS SO ORDERED.**

                                                 /s/ Dan Aaron Polster  November 18, 2021
                                                 **DAN AARON POLSTER**
                                                 **UNITED STATES DISTRICT JUDGE**