1  Elizabeth J. Cabraser (State Bar No. 083151)
   ecabraser@lchb.com
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
3  San Francisco, CA  94111-3339
   Telephone:  415.956.1000
4  Facsimile:  415.956.1008

5  *Lead Counsel for Plaintiffs*

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  IN RE: McKINSEY & CO., INC.              Case No. 21-md-02996-CRB (SK)
    NATIONAL PRESCRIPTION OPIATE
12  CONSULTANT LITIGATION                    **PLAINTIFFS' NOTICE OF MOTION
                                             AND MOTION TO LIFT THE
13  This Document Relates to:                DISCOVERY STAY;
                                             MEMORANDUM OF POINTS AND
14    ALL CASES                              AUTHORITIES IN
                                             SUPPORT**
15

16                                           Date:  July 15, 2022
                                             Time: 9:00 a.m.
17                                           Courtroom: Courtroom 6, 17th Floor

18                                           Judge: The Honorable Charles R. Breyer

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that Plaintiffs move the Court for an order lifting the stay on

4

discovery as set forth in Pretrial Order No. 1, ECF No. 56 ("PTO 1"). This motion is based upon

5

this Notice of Motion; the accompanying Memorandum of Points and Authorities; the

6

accompanying Declaration of Kelly K. McNabb; the argument of counsel, if requested; and such

7

other matters as the Court may consider.

8

**STATEMENT OF ISSUE TO BE DECIDED**

9

Whether McKinsey can meet its heavy burden of demonstrating that the discovery stay

10

issued in Pretrial Order No. 1 should continue.

11

**MEMORANDUM OF POINTS AND AUTHORITIES**

12

Plaintiffs respectfully move the Court to lift the stay on discovery as set forth in Pretrial

13

Order No. 1. While the parties have engaged in some informal discovery since this litigation was

14

transferred to this Court on June 7, 2021, limited to the reproduction of documents from other

15

cases, Plaintiffs' efforts to advance their cases have stalled due to the discovery stay. Plaintiffs

16

thus seek an order lifting the stay.

17

**I.**   **Background**

18

The Court is familiar with the underlying allegations, which concern McKinsey's

19

engineering of the aggressive marketing strategies that caused the opioid epidemic. In its initial

20

pretrial order, the Court stayed "outstanding discovery proceedings" and provided that "no further

21

discovery shall be initiated." PTO 1, ¶¶ 1, 7. Since then, the Court and the parties have

22

contemplated the initiation of discovery. *See, e.g.*, July 29, 2021 Hrg. Tr. 26:5-8 (recognizing the

23

need to "figure out an appropriate discovery plan" for cases unaffected by McKinsey's initial

24

motions to dismiss"); Pretrial Order No. 2, ECF No. 211 (directing the parties to meet and confer

25

regarding discovery produced in connection with MDL 2804 and State Attorneys General

26

27

28

MOT. TO LIFT THE DISCOVERY STAY
CASE NO: 21-MD-02996-CRB (SK)

1   settlements). Indeed, McKinsey has reproduced all documents it produced in MDL 2804 and in

2   connection with its settlements with the State Attorneys General.[1]

3         On January 26, 2022, Plaintiffs propounded a Second Set of Requests for the Production

4   of Documents. Those requests seek documents related to investigations of opioid-related work

5   McKinsey performed; communications between McKinsey and government agencies, such as the

6   Food and Drug Administration ("FDA"); documents related to the work it performed for

7   defendants in MDL 2804, for related trade groups, and for the FDA; documents related to its

8   internal corporate organization; and documents related to personal jurisdiction, among others. *See*

9   *generally* McNabb Decl., Ex. B, Plaintiffs' Second Set of Requests for the Production of

10  Documents. McKinsey, however, refused to engage in formal discovery absent further order from

11  this Court, citing PTO 1. McNabb Decl., Ex. C, Email J. Cohen to K. McNabb re: discovery

12  efforts and PTO 1 (May 5, 2022).

13  **II.       The Court Should Lift the Stay on Discovery.**

14        Plaintiffs seek to lift the discovery stay. A district court has discretion to impose a stay of

15  discovery upon a showing of "good cause." *In re Nexus 6P Prods. Liab. Litig.*, No. 17-CV-

16  02185-BLF, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018). When considering a motion to

17  lift a stay of discovery, courts apply the same standard as they would to a motion to stay

18  discovery: the party seeking to continue the stay "carries the heavy burden of making a 'strong

19  showing' why discovery should be denied." *Id.* (quoting *Gray v. First Winthrop Corp.*, 133

20  F.R.D. 39, 40 (N.D. Cal. 1990) (Vukasin, J.)).

21        McKinsey cannot meet its "heavy burden" of demonstrating that there is good cause to

22  continue to stay discovery. Although McKinsey filed initial motions to dismiss, doing so does not

23  warrant an "automatic or blanket stay of discovery." *See, e.g.*, *id.* (quoting *Tradebay, LLC v.*

24  *eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011)). The motions to dismiss, moreover, do not seek

25  to dismiss *all* claims thus, regardless of whether the Court grants McKinsey's motions, this

26  litigation will proceed. *See id.* at *2-3 (lifting stay on discovery with motions to dismiss pending

27

28  _____

[1] *See also* Decl. of Kelly McNabb ("McNabb Decl."), Ex. A, Plaintiffs' First Request for the
Production of Documents (requesting documents related to the Attorneys General cases).

1   where (as here) the motions would not be dispositive of the entire case). Allowing discovery to

2   proceed will promote efficiency and Rule 1's mandate to "secure the just, speedy, and

3   inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

4          Furthermore, this is an MDL. The core statutory purpose of an MDL is to conduct and

5   complete the discovery relevant to the claims that comprise it with a maximum of dispatch,

6   efficiency, and economy— and a minimum of repetition and delay. *See* 28 U.S.C. § 1407 (calling

7   for "coordinated or consolidated pretrial proceedings" to "promote the just and efficient conduct"

8   of "such actions"). Lifting the discovery stay will help achieve this purpose.

9          Plaintiffs seek discovery that is plainly relevant to the allegations in their complaints.

10  Plaintiffs' case is broader than those brought by the Attorneys General and they are thus entitled

11  to additional discovery beyond what McKinsey has already produced.[2] For example, as Plaintiffs

12  have alleged, McKinsey shaped FDA drug approval processes and sought to influence its opioid-

13  related policies. Thus, the documents Plaintiffs seek related to McKinsey's communications with

14  government agencies regarding opioids, *see, e.g.*, RFP No. 4 ("All Documents, submissions, or

15  Communications with any government entity or agency, including Congress, SAMHSA, DEA, or

16  the FDA, related to Opioids."), are relevant—and indeed important—to Plaintiffs' case.

17  **III.**    **Recent Events Support the Lifting of the Discovery Stay**

18         A recent report by the U.S. House of Representatives Committee on Oversight and

19  Reform (the "Report") elaborates on allegations in Plaintiffs' master complaints regarding work

20  performed by McKinsey for the FDA related to regulatory systems impacting opioids, concurrent

21  to McKinsey working with its pharmaceutical manufacturer clients to navigate and influence

22  these same systems. *See generally* House Comm. on Oversight and Reform, Interim Majority

23  Staff Rep., *The Firm and the FDA: McKinsey & Company's Conflicts of Interest at the Heart of*

24  *the Opioid Epidemic* (Apr. 13, 2022), *available at* https://tinyurl.com/McKinseyHouseReport and

25  attached as McNabb Decl., Ex. D; *see also* ECF No. 296, Master Compl. (Subdivision) ¶¶ 396-

26

27  _____
    [2] *See Vident v. Dentsply Int'l, Inc.*, No. SACV061141PSGANX, 2008 WL 11343533, at *1–2

28  (C.D. Cal. July 8, 2008), *aff'd*, 2008 WL 4384124 (C.D. Cal. Aug. 29, 2008) (ordering defendant
    to respond to discovery where it sought "only [to] produce responsive documents that it has
    already collected and produced in" an earlier case brought by the federal government).

420 (outlining McKinsey's work for the FDA). At a hearing before the Committee on April 27, 2022 and in a press release, McKinsey sought to sidestep the concerns the Report raised with regard to its conflicts of interest, claiming that it did not advise the Agency "on regulatory decisions or on specific pharmaceutical products." McKinsey & Company, *Statement on Report by the US House Committee on Oversight and Reform* (Apr. 13, 2022), *available at* https://www.mckinsey.com/about-us/media/statement-on-report-by-the-us-house-committee-on-oversight-and-reform. But as Representative Katie Porter noted during the hearing, the FDA hired McKinsey for expert advice on "building the bones of a drug safety system," which affects how relevant "regulations actually get enforced." *McKinsey & Company's Conduct and Conflicts at the Heart of the Opioid Epidemic: Hearing before the Comm. on Oversight and Reform* (Apr. 27, 2022), *available at* https://www.youtube.com/watch?v=fK0pmrmjmtE.

While the Report corroborates Plaintiffs' allegations that McKinsey played a key role in the Opioid Marketing Enterprise, including through misdirection of regulators, and arguments Plaintiffs have made in opposition to McKinsey's personal jurisdiction motion to dismiss,[3] what is relevant for the purposes of the instant motion is that it discloses documents McKinsey has not yet produced and which Plaintiffs have sought in the Second Set of Requests. *E.g.*, *compare* McNabb Decl., Ex. E (McKinsey's FDA engagement list cited in the Report) *with* Ex. B at 5 (RFP Nos. 4-5 requesting agreements with the FDA).

## CONCLUSION

For the foregoing reasons, Plaintiffs seek an order lifting the stay on discovery.

---

[3] For example, the Report further details the ways in which McKinsey was fully embedded in Purdue's operation. Report at 9 (referring to McKinsey's "mini 'army'" at Purdue) and 32 ("McKinsey consultants at Purdue appear to have influenced Purdue's CEO transitions."); *see* ECF No. 347, Pls.' Opp. to McKinsey's Mot. to Dismiss for Lack of Personal Jurisdiction ("MTD Opp.") at 3 (describing McKinsey's "transformational relationship" with Purdue). It also demonstrates that McKinsey's engagement database does not give a complete picture of which consultants worked on a given project. Report at 10 (describing how one McKinsey consultant, despite not being "formally identified as a consultant to Purdue . . . appears to have served as an informal advisor . . . on Purdue matters"); *see also* MTD Opp. at 7 (noting the limits of the Scheidler declaration and that McKinsey's engagement database does not indicate where work was actually performed or directed). Lastly, the Report confirms that McKinsey performed opioid-related work in at least one of the Subject States. Report at 40 (potential opioid-related engagement for Virginia state government); *see also* Mar. 31, 2022 Hrg. Tr. 55:19-56:2 (outlining efforts McKinsey took to target Virginia).

1  Dated: May 10, 2022                              Respectfully submitted,

2                                                   */s/ Elizabeth J. Cabraser*
                                                    Elizabeth J. Cabraser
3                                                   ecabraser@lchb.com
                                                    **LIEFF CABRASER HEIMANN &**
4                                                   **BERNSTEIN, LLP**
                                                    275 Battery Street, 29th Floor
5                                                   San Francisco, CA  94111-3339
                                                    Telephone: (415) 956-1000
6                                                   Facsimile: (415) 956-1008

7                                                   *Plaintiffs' Lead Counsel*

8

9                          **CERTIFICATE OF SERVICE**

10          I hereby certify that on May 10, 2022, I electronically filed the foregoing with the Clerk of

11  the Court by using the CM/ECF system.  Copies will be served upon counsel of record by, and

12  may be obtained through, the Court CM/ECF Systems.

13
                                                    */s/ Elizabeth J. Cabraser*
14                                                  Elizabeth J. Cabraser

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. TO LIFT THE DISCOVERY STAY
CASE NO: 21-MD-02996-CRB (SK)