STROOCK & STROOCK & LAVAN LLP
JAMES L. BERNARD (*pro hac vice*)
180 Maiden Lane
New York, NY 10038
Telephone:  212.806.5400
Email:  dcheifetz@stroock.com

CLARENCE DYER & COHEN LLP
JOSH A. COHEN (SBN 217853)
899 Ellis Street
San Francisco, CA 94109
Telephone:  415.749.1800
Email:  jcohen@clarencedyer.com

Attorneys for Defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; McKinsey Holdings Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION | CASE NO. 21-md-02996-CRB<br><br>**MCKINSEY'S RESPONSE TO PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY**<br><br>Hearing Date: July 15, 2022 |

**INTRODUCTION**

In this multidistrict litigation concerning McKinsey's advice to the opioid industry, McKinsey has briefed and filed two threshold motions to dismiss.  These motions, if granted, will have a substantial winnowing effect on this litigation.  The first argues that McKinsey's settlement with the state Attorneys General bars the claims of political subdivisions and school districts – which together account for 697 of the 789 plaintiffs in this MDL.  The second contends that

personal jurisdiction does not lie in the Subject States – where more than 50% of the MDL plaintiffs filed suit.  Deciding these motions could significantly streamline the case and sharpen the issues on which formal discovery should proceed.

Meanwhile, McKinsey has voluntarily produced to Plaintiffs more than 122,000 documents totaling 436,000 pages that reflect McKinsey's opioid-related work for Purdue Pharma, Endo Pharmaceuticals, Johnson & Johnson, or Mallinckrodt.[1]  This document set also includes documents and communications related to opioids or the opioid crisis sent or received by key consultants who performed opioid-related work, without regard to the client for whom the work was performed.  This production lays bare the overwhelming majority of McKinsey's work for the opioid manufacturers at issue in this case.  McKinsey produced these documents at the Court's suggestion, based on the Court's observation that "some large portion … of the issues relating to discovery will be satisfied by the disclosure of this information."  Dkt. 163 (Transcript of July 29, 2021 Status Conference), at 13.  As the Court accurately foresaw, through this voluntary production, McKinsey has already given Plaintiffs the vast majority of the documents that are likely to be relevant to the central allegations in this matter.

Despite the pendency of threshold motions and their receipt of thousands of relevant documents, Plaintiffs suddenly insist that formal discovery must begin *tout suite*, before the Court decides the motions and any attendant winnowing occurs.  To justify this abrupt demand, Plaintiffs point to an interim report released by the staff of the House Oversight Committee concerning McKinsey's purported failure to disclose to the FDA that it was also advising manufacturers of opioids.[2]  Yet the release of this report changes nothing about the status of the MDL and spawns no exigent need for discovery.  Plaintiffs knew about this issue before they filed

---

[1] This total includes McKinsey's production to Plaintiffs of ~6,000 documents McKinsey previously produced into the Ohio MDL.  *See infra* n. 4.

[2] To be clear, McKinsey denies any allegation that it failed to disclose conflicts of interest as required by the FDA.  Moreover, McKinsey does not concede the relevance of this issue to the claims pending in the MDL, and reserves the right to raise appropriate objections once formal discovery begins.

their Master Complaints, which contain specific allegations about it.  *See* Dkt. 296, ¶¶ 415 et seq.  And Plaintiffs can request any pertinent documents when they take discovery concerning the rest of their case.

Plaintiffs' demand is premature.  McKinsey respectfully submits that Plaintiffs' motion to obtain discovery now should be denied.

## BACKGROUND

On June 25, 2021, the Court issued its first pretrial order in this action.  In relevant part, the Court directed that "[p]ending further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated."  Dkt. 56, at 4.

On July 29, 2021, the parties appeared before the Court for an initial status conference.  At the conference, the Court noted that "a winnowing process [] can be achieved relatively quickly in this litigation" through early adjudication of threshold motions.  Dkt. 163, at 11.  Accordingly, the Court directed the parties to "set up a schedule for as prompt a resolution of the efficacy or the impact of the February 2021 [AG] settlement" as possible.  *Id.* at 13.

The parties also discussed the issue of discovery at the initial conference.  In particular, the Court noted that McKinsey would be producing a large volume of pertinent materials to the state Attorneys General for inclusion in a public repository ("the repository materials").  The Court observed:

> I'm also mindful, thanks to the disclosures, that it is anticipated that in the first week of November, consistent with settlement agreements that have already been achieved or settlements that have already been achieved, there is going to be a disclosure of information to the settling parties of materials related to McKinsey's activities with respect to the work that they performed in connection with the distribution – maybe that's the wrong word – of the opioids; marketing and so forth.  That is a subject matter which is up in this lawsuit.
>
> And maybe I'm naïve in this regard, but I think that at least some portion, and I'm hopeful some large portion, of discovery – of the issues relating to discovery will be satisfied by the disclosure of this information.

*Id.*  The Court thus instructed the parties to meet and confer concerning documents that McKinsey could voluntarily produce without the need for formal discovery.  *Id.* at 35 ("I think we can take Mr. Rice's suggestion and have the plaintiffs' steering committee outline to McKinsey what

documents ought to be produced immediately, which have already been produced, I guess, in the other litigation or in the settlement discussions, or whatever it is, to which there is no objection, and they can be produced forthwith.").

As directed by the Court, the parties met and conferred throughout August of 2021. On August 31, 2021, the parties submitted to the Court a proposed schedule pursuant to which (1) McKinsey would produce the repository materials to Plaintiffs at the same time McKinsey produced them to the AGs in November 2021; (2) Plaintiffs would file Master Complaints in December 2021 after reviewing the repository materials; and (3) McKinsey would file threshold motions to dismiss directed at the Master Complaints by January 2022.[3]  Dkt. 240.  At a status conference on September 2, 2021, the Court accepted the parties' proposal but accelerated the timetable for briefing and arguing the threshold motions.  Dkt. 244.

The case proceeded accordingly.  On or about November 20, 2021, McKinsey produced the repository documents to Plaintiffs.  This production consisted of 115,892 documents totaling 353,383 pages.[4]  The materials in this universe were responsive to criteria set by the AGs. Specifically, McKinsey produced to the AGs – and thus to Plaintiffs – all non-privileged documents in the following categories:

    a.  All communications with Purdue Pharma LP ("Purdue");

    b.  All documents reflecting or concerning McKinsey's work for Purdue;

    c.  All communications with Endo Pharmaceuticals ("Endo"), Johnson & Johnson, or Mallinckrodt Pharmaceuticals ("Mallinckrodt") related to opioids;

    d.  All documents reflecting or concerning McKinsey's work related to opioids for Endo, Johnson & Johnson, or Mallinckrodt; and

---

[3] The parties' submission also noted that McKinsey "intends to assert at a later date various grounds for dismissal under Federal Rule of Civil Procedure 12(b)," and that the parties agreed to meet and confer about a process and timetable for briefing those grounds following the Court's ruling on the threshold motions. Dkt. 240, at 2. McKinsey's arguments under Rule 12(b) will pertain to all of Plaintiffs' claims, including those filed by tribal, third-party payor, and NAS plaintiffs.

[4] McKinsey also re-produced into this MDL the documents it previously produced into MDL 2804 in Ohio. This production consisted of 6,210 documents totaling 83,128 pages.

   e. All documents and communications sent or received by individual consultants agreed upon by McKinsey and the Settling States related to opioids or the opioid crisis.

*See*, *e.g.*, Dkt. 123-2 (exemplar consent order and judgment), at 9.  McKinsey also produced several hundred documents the AGs specifically identified by Bates number for inclusion in the repository.  *Id.*

  On December 6, 2021, Plaintiffs filed Master Complaints.

  On December 23, 2021, McKinsey filed two threshold motions to dismiss, one based on the legal effects of McKinsey's settlement with the Attorneys General, and another based on lack of personal jurisdiction in several of the states where claims against McKinsey were originally filed.  Dkts. 310 & 313.

  McKinsey's threshold motions were argued on March 31, 2022.  The Court ordered supplemental briefing on the release/res judicata motion, which will be completed on or before June 2, 2022.

  No formal discovery took place throughout the events described above, pursuant to the Court's directive that formal discovery is stayed.  On April 28, 2022, however, Plaintiffs notified McKinsey that they intended to move to lift the discovery stay immediately.  In an email, Plaintiffs' counsel asserted that "[t]he recent House Oversight Committee interim report has made it ever more apparent that discovery should move forward in this case without further delay.  To that end, Plaintiffs will be filing this week a motion to lift the discovery stay."  Dkt. 384-3, at 4.

  After meeting and conferring with Plaintiffs' counsel, McKinsey asked Plaintiffs to await rulings on the pending motions to dismiss before asking to commence formal discovery.  *Id.* at 2.  Plaintiffs declined this request, and the instant motion ensued.

## DISCUSSION

  As the short history of this case makes clear, there is no need or reason to commence formal discovery before the Court rules on the pending threshold motions, which the Court has recognized may potentially winnow the claims.  *See In re Nexus 6P Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018) (discovery stay is appropriate

when a pending motion may be "dispositive on [an] issue at which discovery is directed")[5]; *accord, e.g.*, *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983) (approving of full stay of discovery pending resolution of motion to dismiss based on releases in settlement agreement); *Davis v. Nevada*, No. 13-CV-00559, 2014 WL 1308347, at *5-6 (D. Nev. Mar. 31, 2014) (staying discovery despite "possib[ility] certain claims for relief may advance past the motion stage"). That winnowing, assuming it occurs, will occur in short order following the Court's upcoming rulings. Thereafter, the Court and parties will have a much clearer sense of the number and scope of the claims to be determined and the issues in the case on which formal discovery should be taken.

      Significantly, Plaintiffs are not groping in the dark while formal discovery is stayed. To the contrary, Plaintiffs have the benefit of *millions* of documents they received from manufacturers, distributors, and others – including McKinsey – in the Ohio MDL. Not only can Plaintiffs *access* those documents, but Plaintiffs arranged for permission to *use* the documents in this case even though McKinsey, as a non-party to the Ohio MDL, has not received them. *See* Dkt. 267 (amended protective order in Ohio MDL authorizing Plaintiffs' use of documents in this case); *see also* Dkts. 280, 286, 289.

      On top of their enormous document trove from Ohio, Plaintiffs also have the 115,000+ repository documents that McKinsey voluntarily produced in November. Given the parameters of this production as crafted by the AGs, the universe of responsive materials necessarily includes the documents most relevant to plaintiffs' claims. McKinsey agreed not only that Plaintiffs could receive these materials months before they would become available to the public at large,[6] but also that Plaintiffs could incorporate the materials into their Master Complaints.

---

[5] Although Plaintiffs rely almost exclusively on *In re Nexus 6P* to support their argument for lifting the discovery stay, *see* Dkt. 383 at 2-3, they neglect to mention that in that case, Judge Freeman had already ruled on the defendants' motions to dismiss – "result[ing] in a narrowed set of claims against Defendants" – by the time she lifted the stay. 2018 WL 3036734, at *2.

[6] The first documents McKinsey produced to the AGs for inclusion in the public repository became accessible to the public via a document database in mid-April 2022.

Accordingly, Plaintiffs' abrupt demand that formal discovery commence right away is misplaced. Plaintiffs' ostensible basis for this insistence – the House Oversight Committee staff interim report concerning alleged nondisclosure of conflicts of interest – is not credible. The issue discussed in the interim report is not new; rather, the issue was public knowledge when Plaintiffs drafted the Master Complaints, which contain specific allegations about the purported nondisclosure. *See, e.g.*, Ian MacDougall, *McKinsey Never Told the FDA It Was Working for Opioid Makers While Also Working for the Agency*, PROPUBLICA (Oct. 4, 2021); *accord* Dkt. 296 (Subdivision Master Complaint), ¶¶ 415 et seq. ("McKinsey performed work for the FDA without disclosing its potential conflicts of interest to the FDA …."). The publication of the staff interim report also creates no exigency for discovery. As the Court previously confirmed, all pertinent documents have been preserved and can be requested through formal discovery in due course. *See* Dkt. 56 (ordering McKinsey to describe steps taken to preserve relevant evidence); Dkt. 123 (confirming document preservation). Finally, even if Plaintiffs were correct (which they are not) that the activities of the House Oversight Committee should drive the timetable for this MDL, the staff report is not final; it remains in interim form while the staff's investigation apparently continues. *See* House Committee on Oversight and Reform, *Committee Releases Report Uncovering Significant Conflicts of Interest at McKinsey & Co. Related to Work for FDA and Opioid Manufacturers* (Apr. 13, 2022) ("The report presents *preliminary findings* from the Committee's investigation into McKinsey's consulting work during the opioid epidemic.") (emphasis added). For all of these reasons, the interim staff report is not a reason to lift the discovery stay.[7]

---

[7] In a footnote, Plaintiffs aver that the interim staff report "corroborates" Plaintiffs' arguments in opposition to McKinsey's motion to dismiss for lack of personal jurisdiction. Dkt. 383 at 4 n.3. It does no such thing. McKinsey's motion and the supporting Scheidler declaration are based on work McKinsey consultants did for opioid manufacturers and distributors – which is the work Plaintiffs have challenged in their Master Complaints. To the extent a McKinsey consultant worked on an opioid engagement for a manufacturer or distributor – whether or not the consultant was "formally" identified to the client – that work is reflected in the Scheidler declaration and was not performed in any of the Subject States.

The time will come for formal discovery. When it does, both sides can serve, respond to, and litigate requests for production of documents.[8] For now, however, given that threshold motions are pending and McKinsey has voluntarily produced thousands of relevant documents, McKinsey respectfully submits that Plaintiffs' motion should be denied as premature.

Dated: May 26, 2022                                Respectfully submitted,

By _____/s/_____
    Josh A. Cohen
    Attorney for McKinsey Defendants

---

[8] For its part, McKinsey looks forward to seeking the materials it has requested informally and that Plaintiffs have refused to provide, including fact sheets and copies of the millions of documents that Plaintiffs received in the Ohio MDL. *See* Dkt. 384-3, at 5.