Elizabeth J. Cabraser (State Bar No. 083151)
ecabraser@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: McKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 21-md-02996-CRB (SK)<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT THE DISCOVERY STAY**<br><br>Date:  July 15, 2022<br>Time: 9:00am<br>Courtroom: Courtroom 6, 17th Floor<br><br>Judge: The Honorable Charles R. Breyer |

Under the Federal Rules of Civil Procedure, a discovery stay pending a Rule 12 decision is the exception, not the rule. That is why the heavy burden is on the party seeking to continue a discovery stay to demonstrate that formal discovery should not commence. McKinsey does little to meet this burden.

By the time Plaintiffs' Motion to Lift the Discovery Stay is heard, it will have been more than a year since the JPML transferred this MDL to this Court and over eighteen months since some of the earliest cases against McKinsey were filed. Despite the age of this case, McKinsey has yet to make initial disclosures, yet to respond to a single interrogatory, yet to produce any document that was not previously produced as part of another action, and yet to sit for even one deposition. Now is the time to modify Pretrial Order No. 1 to lift the discovery stay and commence formal discovery, rather than allow McKinsey's seriatim motions to further delay Plaintiffs' diligent prosecution.

### I. McKinsey has failed to show why the Court should not lift the discovery stay.

Plaintiffs seek to lift the discovery stay. A district court has discretion to impose a stay of discovery upon a showing of "good cause." *In re Nexus 6P Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018).[1] McKinsey, seeking to continue the stay, "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (Vukasin, J.)). Indeed, a stay of discovery pending a dispositive motion is "an exception to the rules rather than enunciated in the rules." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co. Ltd.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1-2 (N.D. Cal. Feb. 16, 2018) ("The mere filing of a motion

---

[1] While the court had ruled on an earlier motion to dismiss in *Nexus*, No. 17-CV-02185-BLF, ECF No. 115 (Mar. 5, 2018), a subsequent motion to dismiss was pending at the time the court ruled on the motion to lift the discovery stay, contrary to McKinsey's statement. ECF No. 390 ("Opp'n Br.") at 6 n.5. In addition to its misunderstanding of *Nexus*, McKinsey relies on a forty-year-old Fifth Circuit opinion, which notes that the district judge "cited no reasons in his order staying discovery" but that "the case could well [have been] decided on the parties' motions." *Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983). Similarly, in *Davis v. Nevada*, No. 3:13-CV-00559-MMD, 2014 WL 1308347 (D. Nev. Mar. 31, 2014), the motion to dismiss was likely to be dispositive, *id.* at *5, and "no factual issues [were] raised by the motion." *Id.* at *2. Here, McKinsey's motions to dismiss are not outcome determinative of the case in its entirety and include factual disputes. *See* 3/31/2022 Hrg. Tr. 67:11-16 (noting issues of fact raised by personal jurisdiction motion).

1  to dismiss is not ordinarily sufficient to stop the discovery process. . . . That sort of inefficient and
2  chaotic system is not contemplated by the Federal Rules"); *see also Nexus*, 2018 WL 3036734, at
3  *1 (holding that the idea that a motion to dismiss stays discovery "is directly at odds with the
4  need for expeditious resolution of litigation" (quoting *Gray*, 133 F.R.D. at 40)).

5  McKinsey ignores this standard and makes no such showing. Instead, McKinsey's
6  argument to continue the stay rests on layers of speculation and broad and conclusory statements
7  that it has produced the "vast majority" of relevant documents. *See Tradebay, LLC v. eBay, Inc.*,
8  278 F.R.D. 597, 601–02 (D. Nev. 2011) (holding the party seeking a discovery stay "must show a
9  particular and specific need for the protective order, and broad or conclusory statements
10  concerning the need for protection are insufficient."). *If* the Court were to grant the pending
11  motions to dismiss in their entirety, *if* the Court were then to grant McKinsey's subsequent
12  motions to dismiss in their entirety, and *if* the Court were then to deny Plaintiffs leave to amend,
13  *then* (and only then) the continuation of the discovery stay might be appropriate. *See* Opp'n Br. at
14  2, 4 n.3. "But those are big 'ifs.'" *Optronic Techs.*, 2018 WL 1569811, at *1. This is particularly
15  true given that Plaintiffs have made a strong showing in their Rule 12 oppositions that
16  McKinsey's motions are unlikely to succeed, and at a minimum, will not be case dispositive. *See*
17  *Nexus*, 2018 WL 3036734 at *2 (taking a "preliminary peek" at the merits of the pending motions
18  to dismiss and finding the motions "do not appear to be potentially case dispositive or even
19  dispositive on the issue at which discovery is directed.").[2] And even if the Court grants
20  McKinsey's motions, the "winnowing" effect will be on the parties, not the claims asserted. The
21  common discovery, covering what McKinsey did, will remain the same.

22  In short, McKinsey's approach—to stay discovery until the resolution of its multiple
23  rounds of motions to dismiss—is out of step with the mandates of Rule 1 and this Circuit's
24  caselaw. *See Tradebay*, 278 F.R.D. at 603 ("Prohibiting or delaying all discovery will often cause
25  unwarranted delay, especially if a pending dispositive motion challenges fewer than all of

---

[2] *See also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013) ("Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." (quoting *Trzaska v. Int'l Game Tech.*, No. 2:10-CV-02268-JCM, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)).

Plaintiff's claims."); *see also In re Cal. Bail Bond Antitrust Litig.*, No. 4:19-CV-00717-JST, ECF No. 126 at 2-3 (N.D. Cal. Aug. 11, 2020) (lifting discovery stay even with pending motion to dismiss).

A long term discovery stay is antithetical to the purposes of an MDL and contradicts the statutory purposes of Section 1407. The Judicial Panel on Multidistrict Litigation did not create this MDL to stay discovery. McKinsey asked for its own MDL to focus more judicial attention and energy on McKinsey-specific issues. But it does not get to choose some aspects of an MDL and avoid others. And a quintessential activity of every MDL is efficient and cost-effective discovery, which here will be an ongoing need of the parties in some or all of the cases centralized here.

**II.     Plaintiffs seek discovery beyond the documents McKinsey reproduced to Plaintiffs from prior litigation.**

Even a cursory comparison of Plaintiffs' document requests and the categories of documents McKinsey reproduced here makes it obvious that Plaintiffs requested documents beyond the scope of McKinsey's prior productions. *Compare* McNabb Decl. Ex. B (Plaintiffs' Second Set of Requests for the Production of Documents ("Pls.' RFPs")) *with* ECF No. 123-2 ("Consent Judgment Exemplar") at 9 (listing documents subject to public disclosure). For example, Plaintiffs seek documents connected to the Sackler family (Pls.' RFP No. 10), MDL 2804 opioid defendants not part of McKinsey's prior litigation (*id.* at 14-15), and industry groups central to McKinsey's and Purdue's influence campaigns to promote opioid sales (Pls.' RFP No. 11). By contrast, as part of its settlement with the Attorneys General ("AGs"), McKinsey agreed to make public documents related to just four opioid defendants and no Sackler family members or industry groups. *See* Consent Judgment Exemplar at 9.[3] Moreover, despite McKinsey's assertion that the AG productions contain documents from "key consultants," Opp'n Br. at 2, important custodians like Maria Gordian, the self-described personal counselor to Richard

---

[3] McKinsey's prior productions overwhelming detail its work with Purdue, while other opioid defendants are relatively under-represented in the AG productions. Plaintiffs' claims are broader in scope than the AG investigations. In particular, Plaintiffs allege the existence of a RICO enterprise, and fulsome discovery relating to McKinsey's work with non-Purdue clients is relevant.

Sackler, *see* ECF No. 296 (Master Complaint (Subdivision) ("Subdivision Compl.")) ¶ 104, are entirely absent from those productions.[4]

Another area of discovery not covered by McKinsey's prior productions includes documents exposed by the House Oversight Committee's Report detailing the extensive work McKinsey performed for the FDA on the very systems its opioid clients sought to skirt. *Cf.* Subdivision Compl. at 97-102.[5] As Plaintiffs noted in their opening brief, the Report confirms that McKinsey's production to the Attorneys General does not contain all documents Plaintiffs seek. ECF No. 383 at 4. Although McKinsey questions the relevance of these documents, it concedes that they arise from events addressed in Plaintiffs' master complaints. Opp'n Br. at 2-3.

McKinsey also attempts to diminish the significance of the Report by arguing that it is merely an "interim" report. Opp'n Br. at 7. But the fact that it is an interim report makes Plaintiffs argument all the more relevant as it is likely that the continuing investigation will reveal more documents germane to this litigation that McKinsey has yet to produce. Indeed, House Representatives questioning McKinsey's global managing partner, Bob Sternfels, noted that McKinsey had not fully complied with all requests made by the Committee, and Mr. Sternfels pledged to continue to work with the Committee to produce more documents. *McKinsey & Company's Conduct and Conflicts at the Heart of the Opioid Epidemic: Hearing before the Comm. on Oversight and Reform* (Apr. 27, 2022), *available at* https://www.youtube.com/watch?v=fK0pmrmjmtE.

Finally, even if McKinsey had produced all relevant documents here, discovery is not limited to only document production. *See, e.g.*, Fed. R. Civ. P. 30 (depositions); Fed. R. Civ. P.

---

[4] Ms. Gordian is just one example. Plaintiffs have identified the following McKinsey consultants who worked on opioids but whose documents were not collected in AG productions: Kevin Axelrod, Roy Berggren, Jonathan Cain, Dana Carne, Laura Nelson Carney, Rajiv de Silva, Tamara Elias, Michelle Forrest, Loren Griffith, Bill Huyett, Elizabeth Laws, Albert Lee, Diana Moffa, Eric McCafferty, Jeanette Park, Vivian Riefberg, Rena Rosenberg, Michael Silber, Yang Wang, Adam Watson, Kenneth Yoon, Brett Zbar, Rachel Zhang, and Rodney Zemmel. These twenty-four missing custodians are not an exhaustive list.

[5] McKinsey asserts that Plaintiffs decided to file the instant motion solely based on the House Oversight Committee Report. Not so. Plaintiffs served discovery requests on McKinsey, including FDA-engagement documents, and met and conferred with its attorneys regarding those requests, months prior to the filing of their motion to lift the discovery stay. *See* Pls.' RFPs (dated Jan. 26, 2022).

33 (interrogatories); Fed. R. Civ. P. 36 (requests for admission); Fed. R. Civ. P. 45 (third-party subpoenas). Without doubt Plaintiffs will employ other discovery options to develop facts for trial. McKinsey itself, moreover, will seek discovery, as noted in its brief. Opp'n Br. at 8 & n.8.[6]

## CONCLUSION

It is clear that McKinsey possesses relevant documents that it did not produce in prior litigation or reproduce to Plaintiffs here. McKinsey's reliance on the pending motions to dismiss to continue the discovery stay is at odds with the Federal Rules, caselaw in this Circuit, and will delay Plaintiffs' efficient prosecution. Lifting the discovery stay will allow "the [C]ourt and the parties to secure the just, speedy, and inexpensive determination of" this action. Fed. R. Civ. P. 1. The Court should lift the discovery stay.

Dated: June 2, 2022

Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
ecabraser@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Plaintiffs' Lead Counsel*

---

[6] McKinsey objects that Plaintiffs have access to the MDL 2804 productions—*over 50 terabytes* of data—while McKinsey does not. Plaintiffs had been working closely with McKinsey to define to scope of relevant documents from MDL 2804 until McKinsey changed course and demanded that Plaintiffs bear the full cost of producing these documents, which is unworkable, unhelpful, and neither relevant or proportional to the needs to this case. *See* ECF No. 286-1 (Pls.' Opp. to McKinsey's Mot. to Modify Am. Case Mgmt. Order No. 2).

- 5 -    REPLY ISO MOT. TO LIFT THE DISCOVERY STAY
CASE NO: 21-MD-02996-CRB (SK)

2420367.5