James L. Bernard (*Pro Hac Vice*)
jbernard@stroock.com
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Telephone: 212.806.5400

Josh A. Cohen (SBN 217853)
jcohen@clarencedyer.com
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: 415.749.1800

Caitlin Sinclaire Blythe (SBN 265024)
CBlythe@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Ingrid S. Martin (*Pro Hac Vice*)
imartin@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone: 617.720.2626

*Attorneys for McKinsey Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 21-md-02996-CRB (SK)<br><br>**MCKINSEY'S MOTION FOR RELIEF FROM NONDISPOSTIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING MATERIALS PRODUCED TO REGULATORS AND GOVERNMENT ENTITIES**<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 6, 17th Floor |

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a), McKinsey respectfully seeks relief from a pretrial discovery ruling entered by Magistrate Judge Kim on March 17, 2023 requiring McKinsey to produce to Plaintiffs any and all documents McKinsey previously produced to regulators or other government entities, regardless of their relevance to Plaintiffs' claims in this MDL, along with copies of all regulatory and governmental subpoenas, CIDs, and related communications. McKinsey requests that the Court limit McKinsey's discovery obligations to the documents McKinsey has already agreed to produce, to wit, all documents previously produced to regulators or government entities *that pertain to McKinsey's opioid-related work and/or Plaintiffs' allegations that McKinsey consultants deleted opioid-related documents.*

**BACKGROUND**

Plaintiffs have served McKinsey with Requests for Production (RFPs) that seek copies of productions McKinsey made to regulators; copies of subpoenas and civil investigative demands (CIDs) issued by regulators to McKinsey; and communications between McKinsey and regulators relating to the regulators' investigative requests.[1] McKinsey has repeatedly informed Plaintiffs that McKinsey will produce copies of all documents McKinsey provided to regulators that relate to: (i) McKinsey's opioid-related work for opioid manufacturers[2] in the United States; (ii) McKinsey's opioid-related work for state governments, non-profits, hospital systems and governor transition teams; and (iii) Plaintiffs' allegations concerning the deletion of opioid-related documents. McKinsey objects, however, to Plaintiffs' requests insofar as they seek wholesale reproductions of regulatory productions, including documents that do *not* relate to McKinsey's opioid-related work or allegations of deletion of opioid-related documents. McKinsey further objects to Plaintiffs' requests to the extent they seek copies of regulators' subpoenas, civil investigative demands, and requests for production, as well as related communications between the regulators and McKinsey, none of which are relevant to Plaintiffs' claims in this MDL.

---

[1] *See* Cohen Decl. Ex. 1 & 2 (pertinent RFPs highlighted).
[2] McKinsey did not perform opioid-related work for distributors, pharmacies, or other entities in the opioid supply chain.

|   |   |
|---|---|
| 1 | When the parties were unable to resolve their disagreement, they submitted a joint statement of dispute to Magistrate Judge Kim on March 10, 2023. Judge Kim did not conduct a hearing. On March 17, Judge Kim issued a written ruling directing McKinsey to produce all materials responsive to Plaintiffs' requests. Dkt. 489. In her order, Judge Kim summarized the parties' dispute, as well as parts of their arguments, and then concluded: "The Court is persuaded that this discovery is appropriate and ORDERS McKinsey to produce the disputed documents by April 15, 2023." *Id.* at 3. The order did not contain any explanation of the reasons for the ruling. |

## ARGUMENT

### A. Plaintiffs' Request for Duplicates of Every Document McKinsey Produced to Regulators or Government Entities Should Be Rejected as Overbroad

Plaintiffs' requests seeking clones of full productions McKinsey has made to regulators, regardless of relevance, are overbroad and disproportionate to the needs of this case. McKinsey has agreed to produce all documents produced to regulators that are relevant to Plaintiffs' claims, including all documents pertaining to McKinsey's opioid-related work for U.S. opioid manufacturers and all documents relating to allegations of document deletion. By definition, any materials produced to regulators that do not concern these subjects are irrelevant to Plaintiffs' claims and thus fall outside the bounds of appropriate civil discovery. Still, for avoidance of doubt, McKinsey has also agreed to run agreed-upon search terms across the documents possessed by an agreed-upon list of custodians. These searches should eliminate any concern that Plaintiffs will not receive the full universe of relevant documents responsive to their requests. *See Capital Ventures Int'l v. J.P. Morgan Mortgage Acquisition Corp.*, No. 12-10085-RWZ, 2014 WL 1431124 (D. Mass. Apr. 14, 2014), at *2 (defendants' agreement "to run agreed-upon search terms over their productions [in prior investigations] should be sufficient to capture materials relevant to the issues in this case").

It should come as no surprise that regulators sought from McKinsey a wide range of documents that have nothing to do with the claims in this MDL. As courts recognize, "[g]overnment investigations [] may be much broader than the limited subject matter of a lawsuit." *Id.* It follows that documents "previously produced to investigators might be irrelevant" to the claims of a civil litigant. *In re Spectranetics Corp. Sec. Litig.*, No. 08-CV-02078-MSK,

1  2009 WL 3346611, at *3 (D. Colo. Oct. 14, 2009).[3] Accordingly, a civil plaintiff cannot say, as Plaintiffs do here, "you gave some documents to the government concerning another investigation, so give them to me." *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, No. 08-cv-05653-PAC, Dkt. 134 (S.D.N.Y. Mar. 2, 2012).

As McKinsey explained to Plaintiffs (and to Judge Kim), the overbreadth of Plaintiffs' request is not just theoretical; it is real. By way of example, McKinsey was required to produce to regulators certain consultants' *entire* email mailboxes and *all* of their texts and chats for a fifteen-year period, with no restrictions on subject matter. Given that McKinsey consultants work on a wide variety of engagements over the course of their careers – many of which have nothing to do with healthcare, let alone opioids – McKinsey's production of the requested consultants' emails and messages included over a million pages of documents that are plainly irrelevant to this MDL, including many that contain confidential client information (wholly unrelated to opioids) and personal materials. Plaintiffs have no need for those documents – and thus no right to a clone of the regulatory production that contained them.[4]

More generally, it is well-established that "'[c]loned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the instant case." *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP99-690-C-Y/G, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000).[5] Instead, when parties are interested in the *contents* of documents, rather than the *fact* of their production, courts consistently require that they "make proper discovery requests, identifying the specific categories of documents sought, in

---

[3] *See also Pensacola Firefighters' Relief Pension Fund Bd. v. Merrill Lynch, Inc.*, 265 F.R.D. 589, 597 (N.D. Fla. 2010) (denying plaintiffs' request for cloned regulatory production because "production of all the documents produced to the SEC, without a more particularized request, could potentially allow plaintiff to bypass the limitations on the scope of discovery established by the Rules").

[4] Plaintiffs' requests call for other documents that are likewise irrelevant to Plaintiffs' claims. McKinsey can provide the Court with more information about its regulatory productions *in camera* on request.

[5] *See also In re Volkswagen "Clean Diesel" Mktg. Practices Litig.*, No. 15-md-02672 CRB, 2017 WL 4680242, at *1-2 (N.D. Cal. Oct. 18, 2017) (denying request for cloned discovery), *Goro v. Flowers Foods, Inc.*, No. 17-CV-02580-JLS, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper.").

- 3 -     MTN FOR RELIEF FROM PRETRIAL ORDER
         CASE NO. 3:21-MD-02996-CRB (SK)

1  order to obtain them – and each category must be relevant to its claims and defenses." *King*
2  *County v. Merrill Lynch & Co.,* No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash.
3  Aug. 5, 2011).[6] Similarity or overlap in subject matter is "not enough to require a *carte blanche*
4  production of all documents" from other cases or investigations. *Chen v. Ampco Sys. Parking,*
5  No. 08-CV-0422-BEN, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009); *see also Volkswagen*,
6  2017 WL 4680242, at *2.

Here, the *fact* that McKinsey produced a particular document to a regulator or government entity has no relevance to Plaintiffs' claims. This is especially true with respect to documents that are irrelevant on their face; Plaintiffs cannot reasonably contend that the fact McKinsey produced an *irrelevant* document to a regulator – *e.g.*, a document about McKinsey's work for a widget company that happened to be among the emails of a consultant whose entire mailbox a regulator subpoenaed – is relevant to the issues at bar. Accordingly, Plaintiffs are not entitled to duplicates of McKinsey's productions to regulators and government entities.

**B. Plaintiffs' Request for Subpoenas, CIDs, and Communications with Regulators Should Be Rejected Because the Requested Materials Are Irrelevant**

Plaintiffs' request for copies of subpoenas, civil investigative demands, and communications between regulators and McKinsey is likewise misplaced. Negotiations between McKinsey and government entities over the scope of McKinsey's production obligations in response to sweeping regulatory subpoenas have no tendency to make any fact in dispute in this MDL more or less probable, nor will they add anything pertinent to the universe of information McKinsey has already agreed to produce. *See Capital Ventures*, 2014 WL 1431124, at *3 (denying as irrelevant plaintiff's request for communications between J.P. Morgan and its regulators regarding RMBS practices). Plaintiffs' supposition that subpoenas will shed light on matters of interest to government entities – and thus, perhaps, of interest to Plaintiffs – does not create an entitlement to obtain the subpoenas in civil discovery. *See In re Worldcom, Inc. Securities Litig.*, No. 02 Civ. 3288, 2003 WL 22953645, at *7 (S.D.N.Y. Dec. 16, 2003) ("While

---

[6] *See also Midwest Gas*, 2000 WL 760700, at *1 ("[P]laintiffs are interested in the content of documents and for that they must make proper requests describing the information in which they are interested."); *Volkswagen* 2017 WL 4680242, at *2 (ordering plaintiffs to serve specific RFPs "in accordance with the Federal Rules").

the record generated by the Government's work may ease the burdens of the civil litigation, the civil litigants enjoy those benefits as a matter of convenience, not as of right."). Were it otherwise, civil plaintiffs could piggyback on regulatory investigations at will, commandeering copies of regulatory demands in lieu of fashioning discovery as required by the Federal Rules. Plaintiffs "have not pointed to any legal authority that … would entitle them to the work of [government] investigators. [Plaintiffs] are well-represented and can fashion their own document requests without relying upon [] government subpoenas." *Id.*

Nor should the Court credit Plaintiffs' claim that they need subpoenas and related communications to understand the full contours of the documents McKinsey has agreed to produce in this MDL. The contours of the production McKinsey has agreed to make are unambiguous: McKinsey will produce *every* document given to a regulator or government entity that is relevant to Plaintiffs' claims, including all documents pertaining to McKinsey's opioid-related work for U.S. opioid manufacturers and all documents relating to allegations of document deletion. Plaintiffs are knowledgeable about their own claims in this MDL and do not need to see the work of government regulators to fashion discovery requests. If Plaintiffs seek documents that relate to additional subjects, they are free to specifically request them.

**C. Plaintiffs' Requests Are Unduly Burdensome**

Finally, in light of McKinsey's agreement to give Plaintiffs every document produced to regulators that pertains to McKinsey's opioid-related work or deletion issues, Plaintiffs' request for more – that is, for *irrelevant* documents produced to regulators and all subpoenas and related communications – is "definitionally unduly burdensome, as it would consume resources without providing any additional benefit to the propounding party." *Goro*, 2019 WL 6352499, at *18; *see also Capital Ventures*, 2014 WL 1431124, at *2 (rejecting argument that burden would be "near zero" and finding that the "time, expense, and coordination required for multiple reproductions" of cloned discovery would be substantial).

For all of these reasons, the Court should grant relief from the magistrate court's ruling and hold that McKinsey does not have to re-produce documents it produced to regulators, or subpoenas and related communications, that are irrelevant to Plaintiffs' claims.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2023 | By: _____/s/ James L. Bernard_____ |

James L. Bernard (*pro hac* vice)
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038

*Attorney for McKinsey Defendants*