1  Elizabeth J. Cabraser (State Bar No. 083151)
   ecabraser@lchb.com
2  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
3  San Francisco, CA  94111-3339
   Telephone:  415.956.1000
4  Facsimile:  415.956.1008

5  *Plaintiffs' Lead Counsel*

6

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11 | IN RE: MCKINSEY & CO., INC. | Case No. 21-md-02996-CRB (SK)
   | NATIONAL PRESCRIPTION OPIATE |
12 | CONSULTANT LITIGATION | **PLAINTIFFS' RESPONSE TO OBJECTIONS TO MDL 2996 ORDER REGARDING DISCOVERY LETTER BRIEFS (DOC. 489)**
13 | This Document Relates to:
14 | ALL ACTIONS
15 |  | Judge: Hon. Charles R. Breyer
16 |  | Magistrate Judge: Hon. Sallie Kim

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs respectfully submit this response to the objections filed to Magistrate Judge Kim's March 17, 2023, Order (ECF No. 489, "MDL 2996 Discovery Order") requiring Plaintiffs to share data produced by the parties and third-parties in the *In re: National Prescription Opiate Litig.*, MDL 2804 litigation. *See* Objecting Defendants' Objection (ECF No. 520);[1] Third Parties' Objection (ECF No. 530)[2] (collectively "Objecting Parties").

The MDL 2996 Discovery Order requires Plaintiffs to share with McKinsey 35.75 terabytes of data produced as part of MDL 2804, which consists of approximately 31 million documents and over 164 million pages. Of this, the Objecting Parties' documents total approximately 22 million. With no way for McKinsey to review 31 million documents before a 2024 trial, Plaintiffs request the Court sustain the relevance objections and order Plaintiffs, McKinsey, and the Objecting Parties to meet and confer on an agreeable list of search terms to properly define the scope of documents that are relevant to the claims and defenses in this MDL.

I. **There are more cost-effective, efficient methods to identify relevant documents from MDL 2804.**

Plaintiffs agree with the Objecting Parties that large portions of these prior productions are irrelevant to the claims and defenses in this MDL.[3] Plaintiffs allege that McKinsey worked hand in glove with its Opioid manufacturer clients,[4] notably (but not exclusively) Purdue, to aggressively market and sell prescription opioids, thereby increasing the supply of the drugs

---

[1] Objecting Defendants are pharmacies Walmart, Inc., Walgreen Co., Walgreen Eastern Co., Walgreens Boots Alliance, Inc., CVS Indiana L.L.C., CVS Rx Services, Inc., CVS TN Distribution, LLC, CVS Pharmacy, Inc., Ohio CVS Stores, LLC, Rite Aid Headquarters Corporation; Rite Aid of Ohio, Inc; Rite Aid of Maryland, Inc. d/b/a Rite Aid Mid-Atlantic Customer Support Center; Eckerd Corporation d/b/a Rite Aid Liverpool Distribution Center; Rite Aid of Georgia, Inc.; Rite Aid of North Carolina, Inc.; and distributors AmerisourceBergen Drug Corporation, McKesson Corporation, and Cardinal Health, Inc.

[2] Third Parties are Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. (collectively, "Endo"), Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively, "Par"), and Johnson & Johnson and Janssen Pharmaceuticals, Inc. (collectively, "Janssen").

[3] Although the Objecting Defendants stated that none of their documents were cited by the Plaintiffs in their master complaints (*see* Objecting Defs. Br., at 2 n.5 (ECF No. 520)), Plaintiffs did cite one document from AmerisourceBergen and three documents from McKesson.

[4] This does not mean that the Objecting Defendants are not liable for the public nuisance and civil RICO claims brought by Tribal, TPP, and other plaintiffs. These claims have been or are currently being pursued in MDL 2804. While cities/counties and Tribes have nationally settled their claims against distributor defendants, pharmacy defendants, and other opioid manufacturers, the TPPs have not; bellwether trial selection is currently proceeding for TPP claims in MDL 2804.

1  causing the harms Plaintiffs experienced. *See In re McKinsey & Co., Inc. Nat'l Opiate
2  Consultant Litig.*, No. 21-MD-02996-CRB, 2022 WL 15525768, at *1-2 (N.D. Cal. Oct. 27,
3  2022) (Breyer, J.) (summarizing Plaintiffs' allegations of McKinsey's conduct). The discovery in
4  MDL 2804 with respect to the distributors and pharmacies, however, was largely focused on their
5  reporting and regulatory requirements under the Controlled Substance Act and knowledge of drug
6  diversion. *See* Joint Statement re: Discovery Dispute, Pls.' Position, at 6-7 (ECF No. 483).

7  Additionally, the majority of the discovery conducted in MDL 2804 concerned the
8  specific claims of political subdivisions. The Subdivisions in this MDL, as well as the School
9  Districts, "have reached an agreement in principle to resolve those plaintiffs' claims." Joint
10  Status Rep. (ECF No. 436). If the Court approves that settlement, the remaining plaintiffs in this
11  MDL will be 10 Neonatal Abstinence Syndrome (NAS) Plaintiffs, 107 Tribal Plaintiffs, and the
12  Third-Party Payor (TPP) putative class. *See* Suppl. Schedule (ECF No. 505) (scheduling
13  discovery and pretrial deadlines for NAS, Tribal, and TPP Plaintiffs).

14  Indeed, McKinsey itself previously took the position that the discovery in MDL 2804 was
15  mostly not relevant to the allegations asserted against it when it objected to inclusion in MDL
16  2804 and petitioned the Judicial Panel on Multidistrict Litigation (JPML) to form this separate
17  MDL. *See* McKinsey JPML Br. at 5, Case No. MDL 2996, Dkt. 1-1 (Mar. 5, 2021); McKinsey
18  JPML Reply Br. at 4, Case No. MDL 2996, Dkt. 75 (Apr. 9, 2021). As McKinsey put it, "[t]he
19  claims against McKinsey depend in large part on the interactions between McKinsey and Purdue,
20  but discovery of Purdue's conduct remains underdeveloped in No. 2804 because of the
21  bankruptcy stay." McKinsey JPML Br. at 11, Case No. MDL 2996, Dkt. 1-1 (Mar. 5, 2021).
22  This fact has not changed.

23  Acknowledging that large portions of the MDL 2804 discovery are not relevant to this
24  MDL, and in an effort to identify the proper scope of "McKinsey Discovery Material"[5] from
25  MDL 2804, Plaintiffs met and conferred with McKinsey ad nauseam to discuss methods to cull

---

[5] Although Objecting Defendants are correct that Judge Polster never entered an amended protective order that revised the definition of "McKinsey Discovery Material" to the definition agreed to by Plaintiffs and McKinsey, none of the now-Objecting Parties filed opposition to McKinsey's motion to modify the protective order to include this definition despite having received notice of McKinsey's request via CM/ECF as parties in MDL 2804.

1  the data to what is truly relevant and needed for this MDL.  *See* Polster Order at 3 (ECF No. 289-
2  1) (directing the Parties to confer further "to attempt to reach an agreement on the proper scope of
3  the documents that will be relevant for [MDL 2996]").  McKinsey rebuffed Plaintiffs'
4  suggestions, which included use of the over 2 million publicly available documents maintained by
5  UCSF,[6] or use of search terms to be run across the MDL 2804 repository.  Instead, McKinsey
6  demanded wholesale production of the 31 million documents at Plaintiffs' expense.
7       In light of the objections, as well as the Court's recent Supplemental Schedule setting trial
8  in this MDL as early as next year (*see* ECF No. 505), Plaintiffs believe the most efficient and
9  feasible way to identify "Discovery Material relevant to the litigation of claims asserted in [this
10 MDL]" is to use search terms.  *See* Polster Order, at 1 (ECF No. 289-1).  Holding a trial in 2024
11 will require focused, narrowly tailored discovery, not expensive fishing expeditions.  McKinsey
12 will not have the time to review 31 million documents, but instead will have to do targeted
13 searches.  Plaintiffs previously proposed to McKinsey simply running the term "McKinsey"
14 through the MDL 2804 repository.  If run against the 24 producing parties' productions, the
15 number of documents that hit on "McKinsey," including families, totals 240,573.[7]  This a more
16 manageable number of documents.[8]  After reviewing this subset of documents, should the Parties
17 determine other relevant documents exist, the Parties can address with the original producing
18 party or the Court if agreement cannot be reached at that time.

19 **II.     The cost of sharing 31 million documents with McKinsey is not proportional.**
20      Discovery not only has to be relevant, it also has to be "proportional to the needs of the
21 case . . . ."  Fed. R. Civ. P. 26(b).  Although Plaintiffs continue to work with the MDL 2804

---

[6] The UCSF Opioid Industry Documents repository is a well-organized, searchable database that contains approximately 2.3 million documents that have become public as a result of the various opioids-related trials or otherwise.  These documents reflect those that both plaintiffs and defendants regard as the most relevant to the claims and defenses in the opioids-related litigations.  *See* https://www.industrydocuments.ucsf.edu/opioids.

[7] For the Objecting Parties, the number of documents that hit on "McKinsey" is: Walgreens 2,611; Cardinal Health 1,851; McKesson 1,093; AmerisourceBergen 720; Walmart 355; CVS 82; Rite Aid 7; Endo 12,214; Par 5,618; Janssen 9,431.

[8] Although the Third Parties argue it would be too burdensome for them to "monitor the use of millions of pages of their documents" (*see* ECF No. 530, at 5), they concede that it would not be too burdensome for a "reasonable, objectively defined, compilation of potentially relevant materials . . . ." (*id.* at 4 n.1).

vendor on solutions to lower the cost of sharing the data with McKinsey, the previous estimate was $1.67 million. Because the Subdivision and School District Plaintiffs (which comprised the bulk of the claims in the MDL) have reached an agreement in principle to resolve their cases, Plaintiffs' equal share of the cost would fall on the few remaining NAS, Tribal, and TPP Plaintiffs. The expense placed on these plaintiff groups to share the largely irrelevant data with McKinsey outweighs the benefit. *See Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate."). Again, Plaintiffs maintain that they are willing to work with McKinsey and the Objecting Parties to coordinate discovery with MDL 2804 and narrow the scope of discovery to that which is relevant and proportional.

### III. Judge Polster already modified the MDL 2804 Protective Order giving Plaintiffs authority to share certain documents with McKinsey.

Plaintiffs agree that they are not in "possession, custody, or control" of the MDL 2804 documents in the traditional sense because they were not the original producing party and only received access to the sought-after documents through litigation.[9] *See* Third Party Objection, at 2-4 (ECF No. 530). But that does not mean that Plaintiffs do not have the authority to use or to share the documents in this MDL. Judge Polster already provided this authority when he modified the MDL 2804 protective order to allow coordination between the two actions. *See* Polster Order (ECF No. 289). The MDL 2804 protective order is not a shield.

As background, in October 2021, Plaintiffs first moved to modify the MDL 2804 protective order "seeking coordination with MDL No. 2804 and to allow McKinsey-related discovery produced in that multidistrict litigation to be accessed by the parties in this litigation." *See* Pls. Mot. to Modify Protective Order (ECF No. 266). Plaintiffs' motion was filed in MDL 2804 and, as parties in MDL 2804, the Objecting Parties here received notice through the court's electronic filing system. Judge Polster quickly granted Plaintiffs' request and modified the

---

[9] To be clear, Plaintiffs (and not just their counsel) overlap between the two litigations. The Third Parties' reliance on case law about only counsel having access to documents through litigation involving other clients is off point.

1  protective order allowing "McKinsey-related discovery produced in that multidistrict litigation to
2  be accessed by the parties in this litigation." *See* Notice of Order (ECF No. 267).  Wishing to be
3  heard on the matter, McKinsey moved to vacate Judge Polster's order, which he granted, and
4  extensive briefing in MDL 2804 ensued.  *See* Motion to Vacate (ECF No. 268); Notice of Order
5  to Vacate (ECF No. 269); McKinsey Mot. to Modify Protective Order (ECF No. 280); Pls.' Opp.
6  (ECF No. 286); McKinsey Reply (ECF No. 288); Polster Order (ECF No. 289).

7  Importantly, the Objecting Parties here were specifically given an opportunity to respond
8  to McKinsey's motion to modify the protective order.  *See* Notice of Order to Vacate (ECF No.
9  269) (giving Plaintiffs and *Defendants* until November 8, 2021 to file a response to McKinsey's
10 motion).  None of them filed a response.  Now, a year and half later, they object.  Although their
11 relevance objection may still be preserved, as Judge Polster did not rule on that issue (*see* Polster
12 Order at 3 (ECF No. 289-1)), the Third Parties have waived any objection that Plaintiffs do not
13 have the authority to use or share certain documents in MDL 2996.  *See, e.g.¸ Franklin v. Tate*,
14 No. 1:19-CV-01170-AWIS-ABPC, 2021 WL 1561958, at *3 (E.D. Cal. Apr. 21, 2021) ("By
15 failing to timely object or respond to the current motion, Plaintiff has waived any objections to
16 the request for production of documents.").  Moreover, this last-minute objection to sharing
17 documents across MDLs based on the Third Parties' interpretation of the MDL 2804 protective
18 order is more appropriately addressed with Judge Polster or MDL 2804 Discovery Special Master
19 David Cohen.

20 **IV.    Conclusion.**

21 The Parties and the Court are mandated to "secure the just, speedy, and inexpensive
22 determination of every action and proceeding."  Fed. R. Civ. P. 1.  Providing McKinsey access to
23 tens of millions of documents, which have little to no relevance, over the objections of the
24 original producing parties with a quickly approaching trial date does not comport with this
25 mandate.  There are other more efficient, cost-effective measures, such as the use of search terms,
26 that the Parties can employ.  Plaintiffs respectfully request that the Court sustain the relevance
27 objections, vacate the prior order requiring Plaintiffs to wholesale share the MDL 2804
28 documents with McKinsey, and order Plaintiffs, McKinsey, and the Objecting Parties to meet and

1  confer on an agreeable list of search terms to properly define the scope of documents that are

2  relevant to the claims and defenses in this MDL.

3

4  Dated: April 28, 2023                    Respectfully submitted,

5                                           By: */s/ Elizabeth J. Cabraser*
                                             Elizabeth J. Cabraser
6                                            ecabraser@lchb.com
                                             Lieff Cabraser Heimann &
7                                             Bernstein, LLP
                                             275 Battery Street, 29th Floor
8                                            San Francisco, CA 94111-3339
9                                            Telephone: (415) 956-1000
                                             Facsimile: (415) 956-1000
10
                                             *Plaintiffs' Lead Counsel*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28