ROBBINS GELLER RUDMAN
 & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
hdeshmukh@rgrdlaw.com

PSC Members – Political Subdivisions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CRUZ COUNTY, CALIFORNIA; POPE COUNTY, ILLINOIS; and THE VILLAGE OF EDDYVILLE, ILLINOIS, Individually and on Behalf of a Class of Persons Similarly Situated<br><br>In re MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates To:<br><br>ALL SUBDIVISION ACTIONS | Case No. 3:21-md-02996-CRB<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

1	Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been reached between Court-appointed MDL Lead Counsel and the Plaintiffs' Steering Committee ("PSC") for Government Entity Subdivisions (Class Counsel), on behalf of a proposed Settlement Class of political subdivisions, that resolves certain claims against Defendants pertaining to McKinsey's consulting to clients regarding opioids and contribution to the opioid epidemic;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement;

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds it has jurisdiction over the Action and each of the parties for purposes of Settlement as asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, the Court held a Preliminary Approval Hearing on _____;

WHEREAS, this Court has presided over and managed these MDL proceedings since the JPML centralized the actions before this Court, *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, 543 F. Supp. 3d 1377 (J.P.M.L. 2021); and

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.	Preliminary Approval of Class Action Settlement**

1.	The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER FED. R. CIV. P. RULE 23(E) - 3:21-md-02996-CRB	- 1 -

1  appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed
2  to Class Members and a Final Approval Hearing should be set.

3      2.    Accordingly, the Motion is GRANTED.

4  **II.    Class, Class Representatives, and Class Counsel**

5      3.    "Class" or "Settlement Class" means any (1) General Purpose Government
6  (including, but not limited to, a municipality, county, county subdivision, city, town, township,
7  parish, village, borough, gore, or any other entity that provides municipal-type government),
8  (2) Special District within a State, and (3) any other subdivision, subdivision official (acting in an
9  official capacity on behalf of the subdivision) or sub-entity of or located within a State (whether
10 political, geographical or otherwise, whether functioning or non-functioning, regardless of
11 population overlap, and including, but not limited to, nonfunctioning governmental units and
12 public institutions).  The foregoing shall specifically include but not be limited to the litigating
13 subdivisions listed in Schedule A, attached to the Settlement Agreement.

14     4.    The terms "General Purpose Government" and "Special District" shall correspond
15 to the "basic types of local governments" recognized by the U.S. Census Bureau and match the
16 2017 list of Governmental Units.  The General Purpose Governments are county, municipal, and
17 township governments.  "Fire District," "Health District," "Hospital District," and "Library
18 District" shall correspond to categories of Special Districts recognized by the U.S. Census Bureau.
19 References to a State's Subdivisions or to a Subdivision "in," "of," or "within" a State include
20 Subdivisions located within the State even if they are not formally or legally a sub-entity of the
21 State; provided, however, that a "Health District" that includes any of the following words or
22 phrases in its name shall not be considered a Subdivision: mosquito, pest, insect, spray, vector,
23 animal, air quality, air pollution, clean air, coastal water, tuberculosis, and sanitary.

24     5.    Excluded from the Class are any sub-entity of Indiana, American Samoa, the
25 Commonwealth of Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin
26 Islands, and all school districts.

27     6.    The PSC – Political Subdivision Committee members, appointed by the Court in
28 Pretrial Order No. 2, have applied for appointment as Interim Settlement Class Counsel, and the

1  proposed Settlement Class Representatives are those named as Plaintiffs in the Amended Master
2  Class Action Complaint (Subdivision).  ECF 211; 597.

3  **III.  Preliminary Findings**

4  7. The Court is thoroughly familiar with the standards applicable to certification of a
5  settlement class.  *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir.
6  2019) (detailing the standard for certifying a settlement class); *see also In re Volkswagen "Clean
7  Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), ECF 6764 (N.D.
8  Cal. Oct. 4, 2019) (Audi CO2 cases).

9  8. Applying these standards, the Court finds it will likely be able to approve, under
10 Rule 23(e)(2), the proposed Settlement Class as defined above because the Class and its
11 representatives likely meet all relevant requirements of Rules 23(a) and (b)(2).

12 **IV.  Notice to Class Members**

13 9. The Court is also familiar with evolving methods of class notice and has observed
14 their effectiveness as used in previous class settlements in this litigation.  As applied here, the
15 Court finds the content, format, and method of disseminating Notice – set forth in the Motion, the
16 Declaration of Aelish M. Baig in support of the Motion, and the Settlement Agreement and Release
17 – is state of the art and satisfies Rule 23(c)(2) and all contemporary notice standards.  The Court
18 approves the notice program and hereby directs that such notice be disseminated in the manner set
19 forth in the proposed Settlement and the Declaration of Aelish M. Baig in support of the Motion
20 to Class Members under Rule 23(e)(1).

21 **V.   Schedule and Procedures for Disseminating Notice, Filing Claims,
        Requesting Exclusion from Class, Filing Objections to Class Action
22      Settlement, and Filing Motion for Final Approval**

| Court Adopted Date | Event |
|---|---|
|  | Settlement Class Representatives file Motion for Order Approving Notice |
|  | Hearing on Motion for Preliminary Approval [balance of schedule assumes entry of Order granting preliminary approval on this date] |
|  | Class Notice Program begins |
|  | Motions for Final Approval and Attorneys' Fees and Expenses filed |
|  | Objection and Opt-Out Deadline |
|  | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND
DIRECTION OF NOTICE UNDER FED. R. CIV. P. RULE 23(E) - 3:21-md-02996-CRB            - 3 -

| Court Adopted Date | Event |
|---|---|
|  | Final Approval Hearing |

## VI. Final Approval Hearing

10. The Final Approval Hearing shall take place on _____, 20__, at __:__ _.m. at the United States District Court for the Northern District of California, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, Courtroom 6, San Francisco, California 94102, before the Honorable Charles R. Breyer, to determine whether the proposed Settlement is fair, reasonable, and adequate; whether it should be finally approved by the Court; and whether the Released Claims should be dismissed with prejudice under the Settlement and the notice program.

## VII. Other Provisions

11. PSC – Political Subdivision Committee members are hereby appointed as Interim Settlement Class Counsel under Rule 23(g)(3) ("Interim Class Counsel"). Interim Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

12. The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, the Final Approval Hearing, may be extended by Order of the Court without further notice to Class Members, except that notice of any such extensions shall be included on the Settlement website. Class Members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Notice in order to be valid.

13. Interim Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, the form or content of the Class Notice, or any other exhibits the Settling Parties jointly agree are reasonable or necessary.

14. The Court authorizes the Settlement Administrator, Epiq, through data aggregators or otherwise, to request, obtain, and use Class Members' information for notice purposes.

15. The Court orders that Class Members shall be required to use the settlement funds exclusively for approved uses designed to abate the opioid epidemic set forth in Exhibit E ("List of Opioid Remediation Uses") of the prior MDL 2804 settlements.

16. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Class as defined in this Order.

IT IS SO ORDERED.

DATED: _____   _____
                                 THE HONORABLE CHARLES R. BREYER
                                 UNITED STATES DISTRICT JUDGE