1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
hdeshmukh@rgrdlaw.com

PSC Members – Political Subdivisions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CRUZ COUNTY, CALIFORNIA; POPE COUNTY, ILLINOIS; and THE VILLAGE OF EDDYVILLE, ILLINOIS, Individually and on Behalf of a Class of Persons Similarly Situated <br><br> In re MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION <br><br>_____ <br><br> This Document Relates To: <br><br> ALL SUBDIVISION ACTIONS <br> _____ | Case No. 3:21-md-02996-CRB <br><br> [PROPOSED] AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER RULE 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE |

1    Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class

2  Action Settlement.

3    WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been

4  reached between Court-appointed MDL Lead Counsel and the Plaintiffs' Steering Committee

5  ("PSC") for Government Entity Subdivisions (Class Counsel), on behalf of a proposed Settlement

6  Class of political subdivisions, that resolves certain claims against Defendants pertaining to

7  McKinsey's consulting to clients regarding opioids and contribution to the opioid epidemic;

8    WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in

9  the Settlement;

10    WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Unopposed

11  Motion for Preliminary Approval of Class Action Settlement (the "Motion");

12    WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary

13  Approval Order;

14    WHEREAS, the Court finds it has jurisdiction over the Action and each of the parties for

15  purposes of Settlement as asserts jurisdiction over the Settlement Class Representatives for

16  purposes of considering and effectuating this Settlement;

17    WHEREAS, this Court has presided over and managed these MDL proceedings since the

18  JPML centralized the actions before this Court, *In re McKinsey & Co., Inc., Nat'l Prescription*

19  *Opiate Consultant Litig.*, 543 F. Supp. 3d 1377 (J.P.M.L. 2021); and

20    WHEREAS, this Court has considered all of the presentations and submissions related to

21  the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these

22  proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

23    NOW, THEREFORE, IT IS HEREBY ORDERED:

24  **I.    Preliminary Approval of Class Action Settlement**

25    1.    The proposed Settlement appears to be the product of intensive, thorough, serious,

26  informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant

27  preferential treatment to the Settlement Class Representatives or segments of the Class; and

28

[PROPOSED] AM. ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (SUBDIVISIONS)
3:21-MD-2996-CRB

1    appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed

2    to Class Members and a Final Approval Hearing should be set.

3        2.        Accordingly, the Motion is GRANTED.

4    **II.    Class, Class Representatives, and Class Counsel**

5        3.        "Class" or "Settlement Class" means any (1) General Purpose Government

6    (including, but not limited to, a municipality, county, county subdivision, city, town, township,

7    parish, village, borough, gore, or any other entity that provides municipal-type government),

8    (2) Special District within a State, and (3) any other subdivision, subdivision official (acting in an

9    official capacity on behalf of the subdivision) or sub-entity of or located within a State (whether

10   political, geographical or otherwise, whether functioning or non-functioning, regardless of

11   population overlap, and including, but not limited to, nonfunctioning governmental units and

12   public institutions).  The foregoing shall specifically include but not be limited to the litigating

13   subdivisions listed in Schedule A, attached to the Settlement Agreement.

14       4.        The terms "General Purpose Government" and "Special District" shall correspond

15   to the "basic types of local governments" recognized by the U.S. Census Bureau and match the

16   2017 list of Governmental Units.  The General Purpose Governments are county, municipal, and

17   township governments.   "Fire District," "Health District," "Hospital District," and "Library

18   District" shall correspond to categories of Special Districts recognized by the U.S. Census Bureau.

19   References to a State's Subdivisions or to a Subdivision "in," "of," or "within" a State include

20   Subdivisions located within the State even if they are not formally or legally a sub-entity of the

21   State; provided, however, that a "Health District" that includes any of the following words or

22   phrases in its name shall not be considered a Subdivision: mosquito, pest, insect, spray, vector,

23   animal, air quality, air pollution, clean air, coastal water, tuberculosis, and sanitary.

24       5.        Excluded from the Class are any sub-entity of Indiana, American Samoa, the

25   Commonwealth of Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin

26   Islands, and all school districts.

27

28

[PROPOSED] AM. ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (SUBDIVISIONS)
3:21-MD-2996-CRB

6.      The PSC – Political Subdivision Committee members, appointed by the Court in Pretrial Order No. 2, have applied for appointment as Interim Settlement Class Counsel, and the proposed Settlement Class Representatives are those named as Plaintiffs in the Amended Master Class Action Complaint (Subdivision).  ECF 211; 597.

**III.     Preliminary Findings**

7.      The Court is thoroughly familiar with the standards applicable to certification of a settlement class.  *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019) (detailing the standard for certifying a settlement class); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), ECF 6764 (N.D. Cal. Oct. 4, 2019) (Audi CO2 cases).

8.      Applying these standards, the Court finds it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above because the Class and its representatives likely meet all relevant requirements of Rules 23(a)-(c).

**IV.     Notice to Class Members**

9.      The Court is also familiar with evolving methods of class notice and has observed their effectiveness as used in previous class settlements in this litigation.  As applied here, the Court finds the content, format, and method of disseminating Notice – set forth in the Motion, the Declaration of Aelish M. Baig in support of the Motion, and the Settlement Agreement and Release – is state of the art and satisfies Rule 23(c)(2) and all contemporary notice standards.  The Court approves the notice program and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement and the Declaration of Aelish M. Baig in support of the Motion to Class Members under Rule 23(e)(1).

**V.     Schedule and Procedures for Disseminating Notice, Filing Claims, Requesting Exclusion from Class, Filing Objections to Class Action Settlement, and Filing Motion for Final Approval**

| Court Adopted Date | Event |
|---|---|
| 10/25/2023 | Class Notice Program begins |
| 11/10/2023 | Motions for Final Approval and Attorneys' Fees and Expenses filed |
| 1/5/2024 | Objection and Opt-Out Deadline |

[PROPOSED] AM. ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (SUBDIVISIONS)
3:21-MD-2996-CRB

| Court Adopted Date | Event |
|---|---|
| 1/5/2024 | Response Memoranda Regarding Motions for Final Approval and Fee/Expense Application filed |
| 1/26/2024 | Reply Memoranda in Support of Final Approval and Fee/Expense Application filed |
| 2/2/2024 | Final Approval Hearing |

## VI.    FINAL APPROVAL HEARING

10.    The Final Approval Hearing shall take place on February 16, 2024, at 10:00 a.m., at the United States District Court for the Northern District of California, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, Courtroom 6, San Francisco, California 94102, before the Honorable Charles R. Breyer, to determine whether the proposed Settlement is fair, reasonable, and adequate; whether it should be finally approved by the Court; and whether the Released Claims should be dismissed with prejudice under the Settlement and the notice program.

## VII.    OTHER PROVISIONS

11.    PSC – Political Subdivision Committee members are hereby appointed as Interim Settlement Class Counsel under Rule 23(g)(3) ("Interim Class Counsel").  Interim Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

12.    The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, the Final Approval Hearing, may be extended by Order of the Court without further notice to Class Members, except that notice of any such extensions shall be included on the Settlement website.  Class Members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines.  Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Notice in order to be valid.

13.    Interim Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, the form

[PROPOSED] AM. ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (SUBDIVISIONS)
3:21-MD-2996-CRB

1   or content of the Class Notice, or any other exhibits the Settling Parties jointly agree are reasonable

2   or necessary.

3         14.     The Court authorizes the Settlement Administrator, Epiq, through data aggregators

4   or otherwise, to request, obtain, and use Class Members' information for notice purposes.

5         15.     The Court orders that Class Members shall be required to use the settlement funds

6   exclusively for approved uses designed to abate the opioid epidemic set forth in Exhibit E ("List

7   of Opioid Remediation Uses") of the prior MDL 2804 settlements.

8         16.     The Court shall maintain continuing jurisdiction over these proceedings for the

9   benefit of the Class as defined in this Order.

10        IT IS SO ORDERED.

11

12  DATED:  November 6, 2023     _____
                                THE HONORABLE CHARLES R. BREYER
13                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] AM. ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT (SUBDIVISIONS)
3:21-MD-2996-CRB