1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION | Case No. 21-md-02996-CRB (SK) **CLASS ACTION** ~~AMENDED [PROPOSED]~~ **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS** |
| This Document Relates to: ALL SCHOOL DISTRICT ACTIONS | |

    Before the Court is School Districts' Unopposed Motion for Final Approval of Class
Action Settlement and Award of Attorneys' Fees and Costs ("Motion"). The background,
procedural history, and Settlement terms were summarized in the Court's Order Granting
Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e), familiarity
with which is presumed. *See* ECF No. 621 ("Preliminary Approval Order"). In brief, the
Settlement provides $23 million to compensate a national class of Public School Districts with net
proceeds of the funds earmarked for opioid remediation through the use of a grant-making trust.
    Following the Court's Preliminary Approval Order, Class Counsel has sent notice to the
Class via a Court-approved notice program, and the Class has had an opportunity to respond. The

Court has considered the Parties' briefs and accompanying submissions, the reactions of Class Members, and presentations at the Final Approval Hearing on these matters, and the Court hereby **GRANTS** the Motion.

## I.        CLASS CERTIFICATION AND SETTLEMENT APPROVAL

School District Plaintiffs propose a Settlement Class of all elementary, middle, and secondary public school districts in the United States,  except those in Indiana, American Samoa, the Commonwealth of Guam, the Commonwealth of the Northern Mariana  Islands, and the U.S. Virgin Islands. *See* ECF No. 621 ¶ 3. The Court certifies this Settlement Class for settlement purposes only.

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Federal Rule of Civil Procedure 23(a) and (b). Rule 23(a) provides that a class action is proper if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). In addition, certification of a Rule 23(b)(3) settlement class requires that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and that (2) "a class action [be] superior to any other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court concluded that the Class and its representatives were likely to satisfy these requirements in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. *See* ECF No. 621 ¶ 7. The requirements of Rules 23(a) and (b) were satisfied then and remain so now. As such, the Court concludes that certification of the Settlement Class is appropriate.

Assuming a proposed settlement satisfies Rules 23(a) and (b), the Court must then determine whether it is fundamentally "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); ECF No. 621 ¶ 7; *see also In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-md-02672-CRB (JSC), ECF No. 6764 (N.D. Cal. Oct. 4, 2019) (Am. Order Granting Preliminary

Approval of Class Settlement & Direction of Notice Under Rule 23(e) (Audi $CO_2$ Cases)). In preliminarily approving the Settlement, the Court applied these standards and concluded that this Settlement appeared to be "fair, reasonable, and adequate." ECF No. 621 ¶ 1.

Those conclusions stand and are bolstered by the Class's favorable reaction to the Settlement. Indeed, as of the filing of School District plaintiffs' Reply Memorandum (ECF No. 652), no Class members have objected to any aspect of the Settlement or the request for attorneys' fees and costs, or incentive awards, and 40 Class members have submitted valid opt-out requests. This factor further supports final approval. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming district court's approval of settlement where "only 45 of the approximately 90,000 notified class members objected to the settlement," and 500 class members opted out); *Van Lith v. iHeartMedia + Ent., Inc.*, No. 1:16-CV-00066-SKO, 2017 WL 4340337, at *14 (E.D. Cal. Sept. 29, 2017) ("Indeed, '[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.'" (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004))); *Cruz v. Sky Chefs, Inc.*, No. 12-cv-02705-DMR, 2014 WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." (citing *Churchill Vill.*, 361 F.3d at 577)).

The Court finds that the notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 599-2) and the Preliminary Approval Order fully complied with Due Process and Rule 23, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing. The notice program included (i) direct notice via regular mail for Class Members; (ii) published notice in two publications widely read by school district leaders, *Education Week* and *School Administrator*; (iii) an informative letter to the top education official in each state (other than Indiana); (iv) a toll-free hotline; (v) a dedicated mailing address and contact information for Interim Settlement Class Counsel; and (vi) a Settlement Website.

Pursuant to Federal Rule of Civil Procedure 23, the Court fully and finally approves the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the creation and use of the Public School District Opioid-Recovery Trust, and the appointment of Dr. Andrés Alonso as the Special Trustee, as the mechanism for distributing settlement money to Class Members who apply for funding and are selected by the Special Trustee; the scope of the releases; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced and informed counsel representing the parties' interests. Accordingly, the Settlement Agreement and the Settlement embodied therein are hereby finally approved in all respects. The Parties are directed to perform its terms.

The terms of the Settlement Agreement and of this Order and Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (except any Class Member who timely and validly requests exclusion from the Class), as well as their respective successors and assigns.

The releases set forth in section III of the Settlement Agreement, together with the definitions contained in section I relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, upon the Effective Date of the settlement, Plaintiffs and each of the other Class Members (except any Class Member who timely and validly requests exclusion from the Class),, on behalf of themselves, and each of their respective executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim (including Unknown Claims) against any of the Released Persons, and shall forever be barred and enjoined from commencing, instituting,

prosecuting, or continuing to prosecute any or all of the Released Claims against any of the Released Persons.

(b)    Without further action by anyone, upon the Effective Date of the settlement, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged Plaintiffs, Class Members (except any Class Member who timely and validly requests exclusion from the Class), and Lead Counsel from all claims and causes of action of every nature and description (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation, except claims to enforce the Settlement and the terms of the Settlement Agreement and claims or defenses arising from claims by any Class Member concerning a deficiency in the administration of the Settlement.

Notwithstanding the paragraph above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

## II.    THE REQUESTED ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND AWARD OF INCENTIVE AWARDS

Class Counsel request an award of $2.3 million in attorneys' fees and costs of $176,002 for work undertaken in prosecuting the claims resolved by the Settlement as well as incentive awards of $10,000 for each of the 14 class representative school districts. These amounts are to be paid from the Settlement Fund before transfer of the remainder to the Special Public School District Opioid-Recovery Trust.

Federal Rule of Civil Procedures 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is fundamentally fair, adequate and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (internal quotation marks and citation omitted). Thus, "courts have an independent obligation to ensure that the award, like the settlement itself, is

reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

When, as here, a settlement establishes a calculable monetary benefit for a class, a court has discretion to award attorneys' fees based on a percentage of the monetary benefit obtained or by using the lodestar method. *See In re Volkswagen*, 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017); *see also Staton*, 327 F.3d at 967. The $23 million available to the class is non-reversionary, eliminating any incentive to discourage Class Members' participation in the Settlement and ensuring that the full value is put towards the interests of the Class in this litigation. Class Counsel's requested fee represents 10% of the total settlement value. This is well below the Ninth Circuit's "'benchmark' fee award" of 25% and is also consistent with the national MDL 2804 settlements. *In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 887 (N.D. Cal. 2020), *aff'd sub nom.*, *In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021); *see also In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-md-2541-CW, 2017 WL 6040065, at *2 (N.D. Cal. Dec. 6, 2017), *aff'd*, 768 F. App'x 651 (9th Cir. 2019) (noting that, "in most common fund cases, the"[fee] award exceeds the [25%] benchmark," and "[f]ar lesser results (with 20% recovery of damages or less) have justified upward departures from the 25% benchmark" (citations omitted)).

A lodestar cross-check also confirms the reasonableness of the award sought. Both the hours worked and the rates billed are customary and reasonable. The total lodestar yields a multiplier of 2.73 for work done through October 2023. As explained in School District plaintiffs' Reply (ECF No. 652) at 4, additional hours have since reduced the lodestar multiplier to approximately 2.42. This multiplier is within the range of reason and supported by the facts of this case. In addition, class counsel in this case were the first group in the country to identify the claims that schools have against opioid industry defendants and to recognize, marshal, and develop evidence to prove the causal connection between neonatal opioid exposure and neonatally exposed children's disproportionate likelihood of requiring special education services, which roughly double the cost of their education. These were issues and evidence apparently

overlooked by the AGs and also by school districts themselves. Without their pioneering work, these claims would very likely still be unrecognized or latent.

In sum, both the percentage of the fund and the lodestar multiplier are reasonable in light of the substantial benefits obtained for the Class, the risks and complexities of this litigation, and the quality of counsel's work. Moreover, as noted above, no Class Member has objected to the requested fees and costs. Class Counsel's request for $2.3 million in attorneys' fees plus reimbursement of $176,002 in expenses is hereby **GRANTED**.

The Court has discretion to award reasonable incentive awards for Settlement Class Representatives. The request of $10,000 per Settlement Class Representative for a total of $140,000 amounts to six tenths of one percent of the total settlement fund. The 14 Settlement Class Representatives undertook a novel and pioneering case under difficult circumstances, and their awards are justified.

**III.   <u>CONCLUSION</u>**

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1.   The Court certifies a Settlement Class of all elementary, middle, and secondary public school districts in the United States,   except those in Indiana, American Samoa, the Commonwealth of Guam, the Commonwealth of the Northern Mariana  Islands, and the U.S. Virgin Islands.

2.   The Court **DISMISSES** the Action and all claims contained therein, as well as all of the Released Claims, with prejudice as to the Parties, including the Class. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement

3.   Only those persons who timely submit valid requests to opt out of the Settlement Class are not bound by this Order and are not entitled to any recovery from the Settlement.

4.   The Court **CONFIRMS** the use of the Public School Districts' Opioid Recovery Trust administered by Trustees Dr. Andrés Alonso and Truist Bank.

5.   The Court **CONFIRMS** the appointment of Interim Settlement Class Counsel as Settlement Class Counsel.

6.     The Court **CONFIRMS** the appointment of Settlement Class Representatives listed as Lead Plaintiffs in the Amended Master Complaint (School Districts).

7.     The Court **CONFIRMS** the appointment of Epiq as Notice Administrator.

8.     The Court **GRANTS** Class Counsel's request for attorneys' fees and costs, and **AWARDS** Class Counsel $2.3 million in attorneys' fees and costs of $176,002 to be allocated by Settlement Class Counsel to school district counsel involved in this matter. Further, the Court **GRANTS** Class Counsel's request to award service awards of $10,000 for each of the 14 Settlement Class Representatives.

9.     The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

10.     The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

11.     The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

12.     The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

**IT IS SO ORDERED.**

DATED:   February 2, 2024

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

AM. [PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS SETTLEMENT
21-md-02996-CRB (SK)