ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
hdeshmukh@rgrdlaw.com

[Proposed] Settlement Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CRUZ COUNTY, CALIFORNIA; POPE COUNTY, ILLINOIS; and THE VILLAGE OF EDDYVILLE, ILLINOIS, Individually and on Behalf of a Class of Persons Similarly Situated<br><br>In re MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates To:<br><br>ALL SUBDIVISION ACTIONS. | Case No. 3:21-md-02996-CRB<br><br>AMENDED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS<br><br>DATE:    February 2, 2024<br>TIME:    10:00 a.m.<br>CTRM:   6<br>JUDGE:  Honorable Charles R. Breyer |

Before the Court is Subdivision Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Costs ("Motion"). The background, procedural history, and Settlement terms were summarized in the Court's Amended Order Granting Preliminary Approval of Class Settlement and Direction of Notice Under Rule 23(e) of the Federal Rules of Civil Procedure, familiarity with which is presumed. *See* ECF 622 ("Preliminary Approval Order"). In brief, the Settlement provides $207 million to compensate a national class of political subdivisions with net proceeds of the funds earmarked for opioid remediation efforts consistent with preexisting national opioid settlement agreements.

Following the Court's Preliminary Approval Order, Class Counsel sent notice to the Class via a Court-approved notice program, and the Class had an opportunity to respond. The Court has considered the Parties' briefs and accompanying submissions, the reactions of Class Members, and presentations at the Final Approval Hearing on these matters, and the Court hereby **GRANTS** the Motion.

## I.  CLASS CERTIFICATION AND SETTLEMENT APPROVAL

The "Class" or "Settlement Class" means any: (1) General Purpose Government (including, but not limited to, a municipality, county, county subdivision, city, town, township, parish, village, borough, gore, or any other entity that provides municipal-type government); (2) Special District within a State; and (3) any other subdivision, subdivision official (acting in an official capacity on behalf of the subdivision), or sub-entity of or located within a State (whether political, geographical or otherwise, whether functioning or non-functioning, regardless of population overlap, and including, but not limited to, nonfunctioning governmental units and public institutions). The foregoing shall specifically include, but not be limited to, the litigating subdivisions listed in Schedule A attached to the Settlement Agreement, and as amended.

The terms "General Purpose Government" and "Special District" shall correspond to the "basic types of local governments" recognized by the U.S. Census Bureau and match the 2017 list of Governmental Units. The General Purpose Governments are county, municipal, and township governments. "Fire District," "Health District," "Hospital District," and "Library District" shall correspond to categories of Special Districts recognized by the U.S. Census Bureau. References

to a State's Subdivisions or to a Subdivision "in," "of," or "within" a State include Subdivisions located within the State even if they are not formally or legally a sub-entity of the State; provided, however, that a "Health District" that includes any of the following words or phrases in its name shall not be considered a Subdivision: mosquito, pest, insect, spray, vector, animal, air quality, air pollution, clean air, coastal water, tuberculosis, and sanitary.

Excluded from the Class are any sub-entity of Indiana, American Samoa, the Commonwealth of Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, and all school districts.

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Rule 23(a)-(b) of the Federal Rules of Civil Procedure. Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). As relevant here, settlement certification of a Rule 23(b)(3) class requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court concluded the Class and its representatives were likely to satisfy these requirements in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. *See* ECF 622, ¶8. The requirements of Rule 23(a)-(b) were satisfied then, and they remain so now. As such, the Court concludes certification of the Settlement Class is appropriate.

After finding the Settlement Class satisfies Rule 23(a)-(b), the Court must then determine whether it is fundamentally "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court is familiar with the standards applicable to certification of a settlement class. *See, e.g.*, ECF 622, ¶7; *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-md-02672-CRB (JSC), ECF 6764 (N.D. Cal. Oct. 4, 2019) (Am. Order Granting Preliminary Approval of Class Settlement & Direction of Notice Under Rule 23(e) (Audi $CO_2$

Cases)). In preliminarily approving the Settlement, the Court applied these standards and concluded that the Settlement appeared to be "fair, reasonable, and adequate." ECF 622, ¶1.

In making its determination to grant final approval of this class action settlement, the Court has considered each of the Rule 23(e) factors and finds that the Class Representatives and Class Counsel have adequately represented the Class, the settlement agreement was negotiated at arm's length, the relief provided for the Class is adequate, and the plan of allocation treats Class Members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2).

These conclusions stand and are bolstered by the Class' favorable reaction to the Settlement. Indeed, no Class Members objected to any aspect of the Settlement or the request for attorneys' fees and costs, and only 79 out of more than 33,000 Class Members submitted valid opt-out requests, such that approximately 99.76% of total Class Members are participating. ECF 653 at 5. This additional factor further supports final approval. *In re MacBook Keyboard Litig.*, 2023 WL 3688452, at *9 (N.D. Cal. May 25, 2023) (finding the "low number . . . of opt-outs relative to the size of the class weighs in favor of approving the Settlement" where 1,733 exclusion requests were received out of 718,651 eligible class members); *Quiruz v. Specialty Commodities, Inc.*, 2020 WL 6562334, at *7 (N.D. Cal. Nov. 9, 2020) (approving settlement with 0.09% opt-out rate and noting: "[o]pt-out percentages of nearly 5% have been deemed so 'overwhelmingly positive' as to support approval"); *Cruz v. Sky Chefs, Inc.*, No. C-12-02705-DMR, 2014 WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.") (citing *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004)).

Here, the notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order – which included: (a) direct notice via email for Class Members for whom a valid email address was available; (b) postcard notices to all identified Class Members for whom a physical address was available and for whom no valid email address had been identified; (c) the creation of a toll-free hotline; (d) the creation of a Settlement Website; and (e) the undertaking of a media plan that included providing Notice of the Settlement through

targeted internet advertising and sponsored search ads, as well as a press release – fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.  ECF 653 at 4.

The plan of allocation as set out by Class Counsel treats Class Members equitably relative to one another and complies with the requirements of Federal Rule of Civil Procedure 23.  The plan tracks the allocation agreements reached between the states and their subdivisions as to the portion of each state's share under the 2021 National Settlements.[1]  As set forth in the 2021 National Settlements:

> The allocation of the Settlement Fund allows for different approaches to be taken in different states, such as through a State-Subdivision Agreement.  Given the uniqueness of States and their Subdivisions, Settling States and Participating Subdivisions are encouraged to enter into State-Subdivision Agreements in order to direct the allocation of their portion of the Settlement Fund.

Janssen Agreement at 30; *see also* Distributor Agreement at 28.  Each Class member with a population above 10,000 or that filed a lawsuit against McKinsey raising the issues alleged in the Master Complaint shall be eligible for a *pro rata* share of the Net Settlement Fund based on a proposed plan of allocation.  In those states without negotiated agreements, the plan will follow the default allocation provided for in the national settlements, *i.e.*, the "default" direct-to-subdivision allocation of 15% will be used, with the remaining net settlement funds going to an abatement fund.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement Agreement in all respects (including, but not limited to, the amount of the Settlement, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action) and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  The Court further finds the Settlement is the result of arm's-

---

[1] The 2021 National Settlements are located on the nationalopioidsettlement.com website, as are each of the State-subdivision agreements.

length negotiations between experienced and informed counsel representing the interests of the Parties. Accordingly, the Settlement Agreement and the Settlement embodied therein are hereby finally approved in all respects. The Parties are hereby directed to perform its terms.

The terms of the Settlement Agreement and of this Order shall be forever binding on Defendants, Plaintiffs, and all other Class Members (except any Class Member who timely and validly requested exclusion from the Class), as well as their respective successors and assigns.

The releases set forth in §III of the Settlement Agreement, together with the definitions contained in §I relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. ECF 598-2 at 4-10, 13. Accordingly, this Court orders:

1. Without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members (except any Class Member who timely and validly requested exclusion from the Class), on behalf of themselves, and each of their respective executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim (including Unknown Claims) against any of the Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Claims against any of the Released Parties.

2. Without further action by anyone, upon the Effective Date of the Settlement, each of the Released Parties shall be deemed to have, and by operation of this Order shall have, fully, finally and forever, released, relinquished, and discharged Plaintiffs, Class Members (except any Class Member who timely and validly requested exclusion from the Class), and Lead Counsel from all claims and causes of action of every nature and description (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action, except claims to enforce the Settlement and the terms of the Settlement Agreement and claims or defenses arising from claims by any Class Member concerning a deficiency in the administration of the Settlement.

1    Notwithstanding the paragraph above, nothing in this Order shall bar any action by any of
2 the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

3    Class Members are not required to file a Claim Form to be entitled to participate in the
4 Settlement and receive a distribution from the Settlement Fund.  All Class Members (except any
5 Class Member who timely and validly requested exclusion from the Class) shall, as of the Effective
6 Date, be bound by the releases set forth herein.

## II.    REQUESTED ATTORNEYS' FEES AND COSTS

Class Counsel request an award of $31.05 million in attorneys' fees and costs for work undertaken in prosecuting the claims resolved by the Settlement.  This amount is to be paid from the Settlement Fund.  Half of this award (7.5% of the Fund) will be tendered to the Common Benefit Fund pursuant to PTO No. 9.  ECF 567.

Rule 23(h) of the Federal Rules of Civil Procedure provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'"  *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (citation omitted).  Thus, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

Where, as here, a settlement establishes a calculable monetary benefit for a class, a court has discretion to award attorneys' fees based on a percentage of the monetary benefit obtained.  *See In re Volkswagen*, 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017); *see also Staton*, 327 F.3d at 967.  The $207 million available to the Class is non-reversionary, eliminating the incentive to discourage Class Members' participation in the Settlement and ensuring the full value is put toward the interests of the Class in this litigation.  Class Counsel's combined requested fee represents 15% of the total settlement value.  This is well below the Ninth Circuit's "'benchmark' fee award" of 25% and consistent with the national MDL 2804 settlements.  *In re Google LLC*

*St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 887 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021); *see also In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-md-2541-CW, 2017 WL 6040065, at *2-*3 (N.D. Cal. Dec. 6, 2017), *aff'd*, 768 F. App'x 651 (9th Cir. 2019) (noting that, "in most common fund cases, the [fee] award exceeds the [25%] benchmark," and "[f]ar lesser results (with 20% recovery of damages or less) have justified upward departures from the 25% benchmark"). Moreover, as noted above, no Class Member has objected to the requested fees and costs. Class Counsel's request for $31.05 million in attorneys' fees and costs is hereby GRANTED.

## III.    CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1. The Court DISMISSES the Action and all claims contained therein, as well as all of the Released Claims, with prejudice as to the Parties, including the Class. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

2. Only those entities that timely submitted valid requests to opt out of the Settlement Class are not bound by this Order and are not entitled to any recovery from the Settlement.

3. The Court GRANTS class certification for settlement purposes only.

4. The Court CONFIRMS Class Members shall be required to use the settlement funds exclusively for approved uses designed to abate the opioid epidemic set forth in Exhibit E ("List of Opioid Remediation Uses") of the prior MDL 2804 settlements.

5. The Court CONFIRMS the appointment of PSC – Political Subdivision Committee members, appointed by the Court in Pretrial Order No. 2, as Settlement Class Counsel.

6. The Court CONFIRMS the appointment of Settlement Class Representatives listed as Plaintiffs in the Amended Master Class Action Complaint (Subdivision).

7. The Court CONFIRMS the appointment of Epiq as Notice Administrator.

8. The Court CONFIRMS the appointment of BrownGreer as Claims Administrator.

9. The Court GRANTS Class Counsel's proposed Plan of Allocation.

10. The Court GRANTS Class Counsel's request for attorneys' fees and costs and AWARDS Class Counsel $31,050,000 in attorneys' fees and costs, to be allocated by Lead Counsel among the PSC firms performing common benefit work pursuant to terms of Pretrial Order Nos. 3 and 9.

11. The Court hereby discharges and releases the Released Claims as to the Released Parties as those terms are used and defined in the Settlement Agreement.

12. The Court hereby permanently bars and enjoins the institution and prosecution by Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims as those terms are used and defined in the Settlement Agreement.

13. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

14. The Court directs immediate entry of this Order by the Clerk of the Court.

IT IS SO ORDERED.

DATED: February 2, 2024

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE