UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL THIRD PARTY PAYOR ACTIONS | Case No. 3:21-md-02996-CRB (SK)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THIRD PARTY PAYOR CLASS ACTION SETTLEMENT AND DIRECTION OF NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(e)<br><br>Judge: The Honorable Charles R. Breyer |

Before the Court is Third Party Payor Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, a proposed Class Action Settlement Agreement (the "Settlement") has been reached between Plaintiffs' Settlement Class Counsel for Third Party Payors (TPPs), on behalf of a proposed Settlement Class of TPPs, and Defendants,[1] that resolves certain claims against Defendants pertaining to McKinsey's consulting to clients regarding opioids and contribution to the opioid epidemic;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the TPP Settlement;

WHEREAS, this matter has come before the Court pursuant to TPP Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion");

WHEREAS, Defendants do not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds it has jurisdiction over the Action and each of the parties for purposes of Settlement and asserts jurisdiction over the Settlement Class Representatives for purposes of considering and effectuating this Settlement;

WHEREAS, this Court has presided over and managed these MDL proceedings since the JPML centralized the actions before this Court, *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, 543 F. Supp. 3d 1377 (J.P.M.L. 2021); and

WHEREAS, this Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.    Preliminary Approval of Class Action Settlement**

1.    The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant

---

[1] McKinsey & Company, Inc., McKinsey Holdings, Inc., McKinsey & Company, Inc. United States, and McKinsey & Company, Inc. Washington D.C. (collectively, "McKinsey").

preferential treatment to the Settlement Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement should be directed to Class members and a Final Approval Hearing should be set.

2. Accordingly, the Motion is GRANTED.

## II. Class Definition, Class Representatives, and Class Counsel

3. "Class" or "Settlement Class" includes

> All entities that paid and/or reimbursed for (a) opioid prescription drugs manufactured, marketed, sold, or distributed by the Opioid Marketing Enterprise Members (Purdue, Johnson & Johnson, Janssen, Cephalon, Endo, and Mallinckrodt), for purposes other than resale, and/or (b) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the period June 1, 2009 to October 31, 2023. For clarity, included in the class are: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft Hartley plans.
>
> Excluded from the class are (a) all federal and state governmental entities, (b) all tribal entities, (c) local governmental entities and school districts, (d) Pharmacy Benefit Managers (PBMs), (e) consumers, and (f) fully-insured plans. For the avoidance of doubt, entities that are otherwise members of the class are not excluded on the basis that they own an interest, including a controlling interest, in a PBM.

4. Paul J. Geller, Elizabeth J. Cabraser, and James R. Dugan, II, are hereby appointed as Interim Settlement Class Counsel under Rule 23(g)(3) ("Interim Class Counsel"). Interim Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the approved notice program.

5. The following TPP Plaintiffs are appointed as Class Representatives: District Council 37 Benefits Fund Trust; Cleveland Bakers and Teamsters Health & Welfare Fund; BCTGM Atlantic Health & Welfare Fund; International Union of Operating Engineers Stationary

1  Engineers Local 39 Health & Welfare Trust Fund; and Teamsters Local 404 Health Services and
2  Insurance Plan.

## III. Preliminary Findings

6. The Court is familiar with the standards applicable to certification of a settlement class. *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019) (detailing the standard for certifying a settlement class); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 15-md-02672-CRB (JSC), ECF No. 6764 (N.D. Cal. Oct. 4, 2019) (Am. Order Granting Preliminary Approval of Class Settlement & Direction of Notice Under Rule 23(e) (Audi $CO_2$ Cases)).

7. Applying these standards, the Court finds it will likely be able to approve, under Rule 23(e)(2), the proposed Settlement Class as defined above because the Class and its representatives likely meet all relevant requirements of Rules 23(a) and (b)(2).

## IV. Notice to Class Members

8. The Court is also familiar with evolving methods of class notice. As applied here, the Court finds the content, format, and method of disseminating Notice—set forth in the Motion for Preliminary Approval (ECF No. 645), the Declaration of Paul J. Geller in support of the Motion (ECF No. 645-1) and the exhibits attached thereto, and the Supplemental Declaration of Paul J. Geller in support of the Motion and the exhibits attached thereto—satisfy Rule 23(c)(2) and contemporary notice standards. The Court approves the notice program and directs that notice substantially in the form of the revised Proposed Notice be disseminated in the manner set forth in the proposed Settlement, the Declaration and Supplemental Declaration of Paul J. Geller, and the Declaration of Eric J. Miller to Class Members under Rule 23(e)(1).

## V. Schedule for Disseminating Notice, Filing Objections to the Settlement, Requesting Exclusion from the Class, and Filing Motion for Final Approval and for Attorneys' Fees and Expenses

| Event | Proposed Date | Court-Adopted Date (if altered) |
|---|---|---|
| Deadline for Notice Administrator to complete email and/or U.S. mail notice (the "Notice Date") | 7 days following entry of Preliminary Approval Order | |

| Event | Proposed Date | Court-Adopted Date (if altered) |
|---|---|---|
| Deadline to submit opening briefs and supporting materials in support of Final Approval of Settlement and motion for attorneys' fees and expenses | 14 days following entry of Preliminary Approval Order | |
| Deadline for objectors to file objections, and for Class members to deliver written Requests for Exclusion by hand or postmarked/sent by First Class Mail, if desired | 40 days following submission of briefs and materials in support of Final Approval and attorneys' fees and expenses | |
| Reply Memoranda in Support of Final Approval and Fee/Expense Application filed | 14 days following deadline to file objections or to opt out | |
| **Final Approval Hearing** | No earlier than 96 days following submission of the Proposed Preliminary Approval Order | |

**VI.   Final Approval Hearing**

9.     The Final Approval Hearing shall take place on Friday, July 26, 2024, at 10:00 a.m. at the United States District Court for the Northern District of California, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, Courtroom 6, San Francisco, California 94102, before the Honorable Charles R. Breyer, to determine whether the proposed Settlement is fair, reasonable, and adequate; whether it should be finally approved by the Court; and whether the Released Claims should be dismissed with prejudice under the Settlement and the notice program.

**VII.   Settlement Administration, Notice, and Continuing Jurisdiction**

10.    The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, the Final Approval Hearing, may be extended by Order of the Court without further notice to Class members, except that notice of any such extensions shall be included on the Settlement website.  Class members should check the Settlement website regularly for updates and further details regarding extensions of these deadlines.  Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Notice in order to be valid.

11. Interim Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement, the form or content of the Class Notice, or any other exhibits the Settling Parties jointly agree are reasonable or necessary.

12. The Court authorizes the Notice and Claims Administrator, A.B. Data, through data aggregators or otherwise, to request, obtain, and use Class members' information for notice purposes.

13. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Class as defined in this Order.

14. The Court continues the stay of all proceedings in TPP Plaintiffs' Actions until a final decision regarding the approval of the Settlement is ordered.

IT IS SO ORDERED.

DATED: April 8, 2024



THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE