| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER (SBN 083151)<br>ERIC B. FASTIFF (SBN 182260)<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone 415.956.1000<br>ecabraser@lchb.com<br><br>*Plaintiffs' Lead Counsel* | HOGAN LOVELLS US LLP<br>JAMES L. BERNARD (PRO HAC VICE)<br>DAVID M. CHEIFETZ (PRO HAC VICE)<br>390 MADISON AVENUE<br>NEW YORK, NY 10017<br>Telephone: 212.918.3000<br>James.Bernard@Hoganlovells.Com<br>David.Cheifetz@Hoganlovells.Com<br><br>GOODWIN PROCTER LLP<br>MARK DAVID McPHERSON<br>(SBN 307951)<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: 212.813.8800<br>mmcpherson@goodwinlaw.com<br><br>*Attorneys for Defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; McKinsey Holdings Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This document relates to: ALL POLITICAL SUBDIVISION AND SCHOOL DISTRICT ACTIONS | Case No. 21-md-02996-CRB<br><br>**JOINT STATUS REPORT** |

Counsel for McKinsey and Plaintiffs' Lead Counsel respectfully submit this Status Report as ordered by the Court during the Final Approval Hearing held on February 2, 2024, to apprise the Court of the current number of Political Subdivision and School District Opt-Outs, and to

assist the Court's consideration of how to proceed with the litigation of the Political Subdivision and School District Opt-Out Actions.[1]

## I. Status of Opt-Outs

In total, 79 Political Subdivision Plaintiffs and 10 School District Plaintiffs (collectively, the "Political Subdivision and School District Opt-Outs" or "Opt-Outs") timely opted out of the Political Subdivision Settlement and the School District Settlement (collectively the "Settlements"), which this Court approved on February 2, 2024. These are the totals after 2 Political Subdivisions and 30 School District Opt-outs rescinded their opt-out notices and agreed to be bound by the Settlements. Attached as Exhibit A is the current list of Political Subdivision Plaintiffs ("Political Subdivision Opt-Outs") that have opted-out of the Political Subdivision Settlement, and attached as Exhibit B is the current list of School District Plaintiffs ("School District Opt-Outs") that have opted-out of the School District Settlement.[2] Attached hereto as Exhibit C is a list of the 6 Political Subdivision and School District opt-out actions that are currently pending in this MDL (the "Opt-Out Actions").

## II. The Parties' Disputed Positions Regarding Continuing Proceedings with the Political Subdivision and School District Opt-Outs

McKinsey's Position

This Court should now proceed to decide McKinsey's pending threshold Motion to Dismiss on the grounds of Release/Res Judicata ("Release/Res Judicata Motion") (ECF Nos. 310-312), which the Court had been holding in abeyance at the request of the parties since October, 2022, pending their settlement discussions and final approval of the Settlements. Now that the Settlements have been approved, McKinsey respectfully submits that it would be appropriate for

---

[1] ECF No. 667 (Transcript of Proceedings held on February 2, 2024) at 13:3-15:19.

[2] As discussed below, certain Political Subdivision Opt-Outs have asked for more time to consider rescinding their opt-out notices.

this Court to decide the pending Release/Res Judicata Motion with respect to the Opt-Out Actions, which were all brought by Political Subdivision and School District Opt-Outs from 4 states.[3]

If any Opt-Out Actions survive McKinsey's Release/Res Judicata Motion, the Court should decide McKinsey's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6) (ECF No. 573) (the "12(b)(6) Motion"), also with respect to the Opt-Out Actions (or any future-filed actions, as appropriate). When McKinsey's 12(b)(6) Motion was being briefed, McKinsey expressly reserved the right to move to dismiss any non-settling Political Subdivisions' and School Districts' claims at a later time (ECF No. 445). The 12(b)(6) Motion appropriately focused instead on other plaintiff groups because of the agreements in principle that had been reached with the Political Subdivision and School District Plaintiffs at the time. Again, now that the Settlements have been approved, it is proper to return to the McKinsey 12(b)(6) Motion.[4]

Two other recent developments to which Lead Counsel point should not delay the Court's consideration of McKinsey' pending Release/Res Judicata Motion. First, in motions for a suggestion of remand, 43 New York Political Subdivision Opt-Outs (in 2 of the Opt-Out Actions) initially argued that, before taking any additional steps, including resolving McKinsey's pending Release/Res Judicata Motion, the Court should ask the JPML to transfer their actions back to the Eastern District of New York, ECF Nos. 687-688, but then changed their position on reply. They now ask the Court first to consider motions to remand their cases to *state court*. Then, if the Court denies their remand motions, they suggest the Court ask the JPML to transfer the cases to the EDNY for that court to consider McKinsey's Release/Res Judicata Motion. ECF No. 691. McKinsey addressed in its opposition and sur-reply briefs why the Court should reject these arguments and proceed to decide McKinsey's Release/Res Judicata Motion notwithstanding any potential remand motion. ECF Nos. 689, 693-1.

---

[3] McKinsey, of course, reserves the right to renew the Release/Res Judicata Motion against any currently nonlitigating Political Subdivision and School District Opt-Outs that may later file complaints against McKinsey subject to the motion.

[4] McKinsey will meet and confer with counsel for the Political Subdivision and School District Opt-Outs, if necessary, to set a limited supplemental briefing schedule on McKinsey's 12(b)(6) Motion.

Second, on March 28, 2024, 33 other Political Subdivision Opt-Outs from Kentucky and Michigan (the "Kentucky and Michigan Opt-Outs") (some of whom are litigating in 2 of the Opt-Out Actions and some of whom are not) asked to extend their time to decide whether to rescind their prior opt-out notices until and including May 15, 2024. McKinsey agreed to the request, contingent on the Court's approval and their agreement to conditions meant to avoid any prejudice to McKinsey or unnecessary delay of further proceedings, namely that: (i) such extension shall ***not*** operate as a further standstill of the Court's consideration of McKinsey's Release/Res Judicata Motion and (ii) a decision, issued on or before May 15, 2024, granting the Release/Res Judicata Motion, ***shall*** bind any Kentucky and Michigan Opt-Outs that have not yet rescinded their opt-out notices at such time.[5] Counsel for the Kentucky and Michigan Opt-Outs agreed to this proposal.

Lead Counsel's position, stated below, does not compel a different course here regarding the proper consideration of McKinsey's pending motions. As an initial matter, the Settlement Agreement with Lead Counsel prohibits Lead Counsel from advocating on behalf of the Opt-Outs. ECF No. 598-2 at IX(15) ("…[Lead Counsel] . . . agree[s] they shall not in any way encourage, promote, or solicit any Entity within the definition of the Class, or their counsel, to request exclusion from the Class, object to this Settlement, or seek any relief inconsistent with this Settlement.").

In any event, McKinsey should not be prejudiced by further delaying resolution of its long pending threshold motion to dismiss while Opt-Outs continue to evaluate whether to rescind their prior opt-out notices, the first recommendation Lead Counsel make. The Opt-Outs have had many months to consider rescinding their opt-out notices and have been given sufficient information to do so since last year. While Lead Counsel may be willing to give the Opt-Outs even more leeway

---

[5] Plaintiffs' Lead Counsel asserts that if the extension is being provided to the Kentucky and Michigan Opt-Outs, it should similarly apply to any other opt outs that express a wish to rescind between now and May 15, 2024. (Plaintiffs' Lead Counsel is not aware of any at this time). As explained further below, McKinsey respectfully submits that, without McKinsey's consent and an agreement to be bound to the same terms, no other Opt-Outs subject to the Release/Res Judicata Motion should now or later be permitted to rescind their opt-out notices.

1   to make a final decision whether to join the Settlements, which in turn will further delay the final

2   allocation and settlement distribution to thousands of other Political Subdivisions and School

3   Districts, McKinsey should not be prejudiced in the meantime. McKinsey, therefore, has no

4   objection to any other Opt-Outs receiving the same extension as the Kentucky and Michigan Opt-

5   Outs, ***provided*** that it is on the same terms to avoid any unnecessary delay in resolving the

6   Release/Res Judicata Motion or prejudice to McKinsey.

7   Second, Lead Counsel's recommendation that the Court should first decide any motions to

8   remand to state court before turning to McKinsey's Release/Res Judicata Motion lacks any basis.

9   *See* ECF Nos. 690, 693-1.

10   Third, Lead Counsel is incorrect that the Release/Res Judicata "motion is, to a large extent,

11   moot, given it encompasses substantial argument regarding litigating class members that have now

12   settled." McKinsey is asking the Court to decide the motion against litigating ***opt-outs*** and ***not***

13   against settling parties. And McKinsey's Release/Res Judicata motion applies general principles

14   of law to the claims of all Political Subdivisions and School Districts, which McKinsey has

15   demonstrated are broadly consistent across all relevant jurisdictions. ECF Nos. 378, 378-1.

16   <u>Plaintiffs' Lead Counsel's Position</u>

17   Plaintiffs' Lead Counsel is amenable to an extension until May 15, 2024 to rescind any

18   withdrawal from the settlement. The understanding is that this additional time will allow certain

19   opt outs in Michigan and Kentucky to comply with their internal notice and board approval

20   processes, but that any opt outs that wish to rescind should be provided the same extension.

21   Plaintiffs' Lead Counsel submits that an appropriate sequencing of events going forward is, first,

22   to allow the May 15 date to pass so that the parties and the Court understand the full universe of

23   opt outs and the states in which they reside; second, proceed with any remand motions so that

24   jurisdictional issues are resolved; and third, proceed with issuing an order on the Release/Res

25   Judicata issues for the remaining litigating plaintiffs over which the Court retains jurisdiction. The

26   existing motion is, to a large extent, moot, given it encompasses substantial argument regarding

27   litigating class members that have now settled. Even as to states wherein there are currently opt

28

outs, it is premature to resolve the Release/Res Judicata issues for those states if the date for rescinding opt outs is being extended to May 15, 2024.

In sum, Plaintiffs' Lead Counsel recommends that the more appropriate sequencing is for the Court to wait for the May 15, 2024 agreed-upon extended deadline to pass, and then, once the universe of opt-outs is fully known, proceed to remand motions to determine over which opt-outs the Court maintains jurisdiction, and then proceed to resolving the Release/Res Judicata issue as to those particular litigating entities.

Dated: April 10, 2024

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By:   /s/ David M. Cheifetz
    JAMES L. BERNARD (pro hac vice)
    DAVID M. CHEIFETZ (pro hac vice)

390 Madison Avenue
New York, NY 10017
Telephone:   212.918.3000
james.bernard@hoganlovells.com
david.cheifetz@hoganlovells.com

**GOODWIN PROCTER LLP**
Mark David McPherson (SBN 307951)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212.813.8800
mmcpherson@goodwinlaw.com

Attorneys for Defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; McKinsey Holdings Inc.

**LIEFF CABRASER HEIMANN & BERNSTEIN**

By:   /s/ Elizabeth J. Cabraser
    ELIZABETH J. CABRASER (SBN 083151)

4857-1719-9286.v1

275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone 415.956.1000
ecabraser@lchb.com

*Plaintiffs' Lead Counsel*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Aelish Baig (SBN 201279)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415.288.4545
aelishb@rgrdlaw.com

*PSC Member – Political Subdivisions*

**MEHRI & SKALET, PLLC**
Cyrus Mehri (pro hac vice)
2000 K Street NW, Suite 325
Washington, DC 20006
cmehri@findjustice.com

*PSC Member – School Districts*