ROBBINS GELLER RUDMAN & DOWD LLP
Paul J. Geller (*pro hac vice*)
225 NE Mizner Boulevard
Suite 720
Boca Raton, FL 33432
(561) 750-3000
pgeller@rgrdlaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL THIRD PARTY PAYOR ACTIONS | Case No. 21-md-02996-CRB (SK)<br><br>**DECLARATION OF PAUL J. GELLER IN SUPPORT OF THIRD PARTY PAYOR PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS** |

I, Paul J. Geller, declare and state as follows:

1.  I am an attorney admitted to practice in the state of Florida, and I have been admitted *pro hac vice* in this action. I am the managing partner of Robbins Geller Rudman & Dowds LLP's Boca Raton, Florida office, a founding partner of the firm, a member of the firm's Executive and Management Committees, and head of the firm's Consumer Practice Group.

2.  I am Interim Settlement Class Counsel in this action, along with Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein LLP and James R. Dugan, II of the Dugan Law Firm APLC. My firm represents Third Party Payor (TPP) Plaintiff BCTGM Atlantic Health & Welfare Fund, a Settlement Class Representative.

3.      I submit this Declaration in support of TPP Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Class Representative Service Awards (the "Motion").

4.      This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

## II.    Settlement History and Notice Plan

5.      Along with TPP Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 645), I previously filed a declaration containing information about the litigation history and notice program (ECF No. 645-1), as well as a supplemental declaration containing additional information about the Settlement Plan of Allocation and notice program (ECF No. 699).  Familiarity with those declarations is presumed herein.

6.      The TPP Settlement was the product of extensive arm's-length negotiations.  The Settlement was negotiated in live and remote sessions with the ongoing participation and assistance of preeminent mediators Eric Green and Fouad Kurdi, who have unparalleled experience and expertise in the resolution of opioid litigation in both this MDL 2996 and the related Opioids MDL 2804, including the post-liability trial phase settlement of the City and County of San Francisco's claims, and national settlements with the major pharmacy chain defendants and several manufacturer defendants.

7.      On April 8, 2024, the Court granted preliminary approval to TPP Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order," ECF No. 702).  The Court appointed myself, Elizabeth Cabraser, and James Dugan as Interim Settlement Class Counsel.  The Court also approved A.B. Data, Ltd. as Notice and Claims Administrator for this Settlement.

## III.   Progress on Court-Approved Notice Program

8.      As stated in the attached declaration from A.B. Data representative Eric J. Miller (**Exhibit A**), A.B. Data timely completed the Court-approved notice program by the notice date of April 15, 2024:

9.      Specifically, A.B. Data reports that it implemented the notice program as follows:

1        a.      A.B. Data mailed the Postcard Notice via USPS First-Class Mail to 42,539 entities in A.B. Data's TPP Database, which entities include insurance companies, self-insured entities, third-party administrators, and other entities that represent potential TPP Class Members. In addition, A.B. Data sent 1,553 emails to TPPs and their representatives where email addresses were available.

        b.      A.B. Data caused digital banner ads to appear on certain industry websites and caused the notice, formatted as a news release, to be disseminated via PR Newswire.

        c.      A.B. Data established the Settlement website (www.McKinseyTPPSettlement.com) to assist potential TPP Class Members.  The website contains general information regarding this Action and the proposed Settlement and includes links to key Court-filed documents.  A.B. Data also established a case-specific, toll-free telephone number with an interactive voice response system and live operators to accommodate potential TPP Class Members with questions about this Action.

10. In my opinion, the Court-approved notice program, as implemented by A.B. Data, satisfies due process and gives ample opportunity for TPPs to decide whether to opt out or object to the Settlement by the June 1, 2024 deadline.

11. Interim Settlement Class Counsel will oversee the completion of the notice program, keep the Settlement website current, and report to the Court on completion of the notice program prior to the Final Approval hearing.

**IV.**   **Interim Settlement Class Counsel**

12. Throughout this litigation, the vast majority of the work to represent TPP plaintiffs in this case has been performed by three firms: my firm, Lieff Cabraser Heimann & Bernstein LLP, and the Dugan Law Firm APLC.  Elizabeth Cabraser was appointed Plaintiffs' Lead Counsel, and James Dugan and my partner Aelish Baig were appointed to the Plaintiffs' Steering Committee (PSC) at the outset of this MDL (ECF No. 211).  Ms. Cabraser, Mr. Dugan, and I were appointed to serve as Interim Settlement Class Counsel for TPPs (Class Counsel) on April 8, 2024 (ECF No. 702).

13. All three Class Counsel have significant experience in TPP litigation, including in

opioid litigation, and we have undertaken substantial work to prosecute opioid cases against many defendant groups across both MDL 2804 and this MDL. We have collectively undertaken an enormous amount of work, effort, and expense in this MDL on behalf of the TPP Settlement Class, and we will continue to do so through administration of the Settlement and any appeals.

**V.      Common Benefit and Hours, Lodestar, and Expenses**

14. For this case, Class Counsel worked entirely on contingency and advanced both their time and the required expenses. Class Counsel devoted thousands of hours and advanced whatever expenses were necessary to investigate and successfully resolve this case, all with no guarantee of reimbursement. In so doing, Class Counsel declined opportunities to work on other cases in order to devote the necessary time, resources, and energy to this case.

15. Class Counsel seek an award of $15.5 million of attorneys' fees and expenses under Federal Rule of Procedure 23(h), inclusive of the common benefit assessment under PTO 9. This amount constitutes 20% of the $78 million Settlement Amount net of costs for notice, administration, and implementation of the Settlement, estimated at approximately $350,000; expert costs, estimated at approximately $125,000; and combined Settlement Class Representative service awards of $50,000. The fees and expenses amount accounts for TPP class members' common benefit obligations under PTO 9, including payment under pre-existing contingent fee contracts of counsel specifically authorized to represent individual class members in the claims process, net of the PTO 9 common benefit assessment.

16. Pursuant to PTO 3 (ECF No. 215), each PSC firm, as well as other Participating Counsel authorized by Court-appointed Lead Counsel Elizabeth J. Cabraser to perform common benefit work, submitted monthly time and expense reports to Lead Counsel. Attorneys and staff working at her direction and under her supervision collected these common benefit submissions and have maintained a database of all submitted time and expenses.

17. The information in this Declaration regarding Class Counsel's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firms in the ordinary course of business.

1   18.     As of March 31, 2024, the approximate lodestar for Class Counsel (and counsel who performed duly authorized work specifically for the TPPs in connection with law, briefing, and settlement) is $22.46 million, having devoted over 35,775 hours to litigating this Action. The blended average billing rate for the work described above is approximately $630 per hour.

19.     These hourly rates are consistent with hourly rates submitted by Class Counsel to state and federal courts in other opioid litigation. The rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense sides.

20.     The 35,775 hours of work devoted to litigating this Action include work completed for the common benefit of all Plaintiffs within the MDL as well as specifically the TPP Plaintiffs. The work includes drafting Master Complaints, propounding discovery requests on Defendants, negotiating the scope and parameters of discovery, reviewing hundreds of thousands of documents produced by Defendants, advocating in multiple discovery-related disputes before the Magistrate Judge, and briefing two separate motions to dismiss, among other tasks.

21.     These amounts include all time vetted by Lead Counsel from the date of appointment through March 31, 2024, the latest monthly reporting period. I believe the time reflected in the lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of this Action.

22.     These figures do not include time spent since March 31, 2024; certain pre-appointment time deemed compensable by the Court; or time attributed solely to work on other case tracks, such as the NAS, School Districts, Subdivisions, and Tribes case tracks.

23.     Class Counsel's combined related expenses to date are also under continued review and, as of March 31, 2024, total approximately $400,000. Such expenses were necessarily incurred in this Action and are routinely charged to clients billed by the hour. The majority of expenses went to document management services required to host the documents produced in discovery, independent experts who were necessary to prosecute the case and effectuate a substantial settlement, and the costs of mediation. All expenses were reasonable and necessary for the prosecution of this Action.

1       24.      The recommended allocation of expenses and other deposits into the Common Benefit Fund from other settlements will be made by Lead Counsel at a future time to equitably reimburse and compensate all PSC members and others performing duly authorized common benefit work.

      25.      Based on the above numbers, a percentage fee award equal to 20% of the Settlement Amount would represent a negative multiplier of 0.67 on Class Counsel's approximate lodestar. Class Counsel will continue to incur time in seeking Settlement approval and on implementation efforts should the Settlement be approved. Class Counsel will continue to review their respective records and submit them to Lead Counsel for review, and will provide additional information regarding time and expenses and rationale for their request in their Reply in support the Motion.

      26.      Class Counsel will direct the payment of the 7.5% common benefit assessment on the "Gross Monetary Recovery" of this Settlement, unless otherwise ordered, into the "Fee Fund," as those terms are defined in PTO 9. That assessment will be paid out of any fee award approved by the Court under the instant Settlement.

## VI.    Settlement Class Representative Service Awards

      27.      The five Settlement Class Representatives—District Council 37 Benefits Fund Trust; Cleveland Bakers and Teamsters Health & Welfare Fund; BCTGM Atlantic Health & Welfare Fund; International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund; and Teamsters Local 404 Health Services and Insurance Plan—are plaintiffs in underlying actions centralized in this MDL, and four of them (all but BCTGM) are Named Plaintiffs in the Consolidated Class Action Complaint (TPPs) (ECF No. 299).

      28.      The Settlement Class Representatives are aligned with the Class in their interest in proving that McKinsey's collaboration with other opioid industry participants harmed TPPs. The Settlement Class Representatives have demonstrated their adequacy as representatives throughout their participation in this case, from initiating the discovery process to helping to develop the TPP Class notice program. The Settlement Class Representatives understand their duties, have agreed to consider the interests of absent Class members, have reviewed and uniformly endorsed the

1  terms of the Settlement, and have protected and will continue to protect the Class's interests in
2  overseeing the Settlement, both during its administration and through any appeals.
3         29.    Each Settlement Class Representative accordingly seeks a $10,000 service award.
4         I declare under penalty of perjury that the foregoing is true and correct. Executed on April
5  22, 2024, in Boca Raton, Florida.

_____
Paul J. Geller