# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL THIRD PARTY PAYOR ACTIONS | Case No. 3:21-md-02996-CRB (SK)<br><br>**DECLARATION OF ERIC J. MILLER REGARDING DISSEMINATION OF NOTICE**<br><br>Judge: The Honorable Charles R. Breyer |

I, Eric J. Miller, declare as follows:

1.      I am the Senior Vice President of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. My business address is 5080 PGA Boulevard, Suite 209, Palm Beach Gardens, FL 33418, and my telephone number is 561-336-1801.

2.      I submit this Declaration in connection with the above-referenced action (the "Action").  This Declaration is based upon my personal knowledge and upon information provided by my associates and staff members.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

3.      Pursuant to the Court's Order Granting Preliminary Approval of Third Party Payor Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e) (the "Preliminary Approval Order"), A.B. Data implemented the notice program approved by the Court. This Declaration details the steps taken by A.B. Data, which consisted of the following: a) direct mail to potential third-party payor ("TPP") Class Members using A.B. Data's proprietary database (the "TPP Database"); b) a digital advertising campaign; c) a news release disseminated over PR Newswire; and d) a toll-free telephone number and Settlement Website to address potential TPP Class Member inquiries.

## **DIRECT MAIL NOTICE TO TPPS**

4.      On April 15, 2024, A.B. Data mailed the postcard notice (the "Postcard Notice") via USPS First-Class Mail to 42,539 entities in A.B. Data's TPP Database. These entities include insurance companies, health maintenance organizations, self-insured entities, pharmacy benefits managers ("PBMs"), third-party administrators ("TPAs"), and other entities that represent potential TPP Class Members.  A copy of the Postcard Notice is attached hereto as **Exhibit A.**

5.      In addition, A.B. Data sent 1,553 emails to TPPs and their representatives where email addresses were available.

## **MEDIA NOTICE**

6.      Beginning on April 15, 2024, A.B. Data caused digital banner ads to appear on ThinkAdvisor.com/life-health, BenefitNews.com, and SHRM.org, which are websites that reach

1    insurance agents/brokers and related TPP professionals. A sampling of the digital banner ads is

2    attached hereto as **Exhibit B**.

3         7.    On April 15, 2024, A.B. Data caused the notice formatted as a news release to be

4    disseminated via *PR Newswire*.  This news release was distributed via *PR Newswire* to the news

5    desks of approximately 10,000 newsrooms across the United States, including those in general-

6    market print, broadcast, and digital media. A true and correct copy of the press release is attached

7    hereto as **Exhibit C**.

8                              <u>**SETTLEMENT WEBSITE**</u>

9         8.    A.B. Data established the settlement website, <u>McKinseyTPPSettlement.com</u>, to

10   assist potential TPP Class Members.  It includes general information regarding this Action, and the

11   proposed Settlement, including the exclusion, objection and claim filing deadlines, and the date,

12   time, and location of the Court's Final Approval Hearing. A copy of the Notice of Class Action

13   (attached as **Exhibit D**), the Third-Party Payor Claim Form (attached as **Exhibit E**), the Complaint,

14   Settlement Agreement, Preliminary Approval Order, and other relevant documents are posted on

15   the website and are available for downloading. In addition, the website provides TPP Class

16   Members with the ability to submit their Claim Form through the website. The website is accessible

17   24 hours a day, 7 days a week.

18        9.    A.B.    Data    established    a    case-specific    toll-free    number,

19   1-877-933-3322, with an interactive voice response system and live operators, to accommodate

20   potential TPP Class Members with questions about the Action. The automated attendant answers

21   the calls and presents callers with a series of choices to respond to basic questions. If callers need

22   further help, they have the option of being transferred to a live operator during business hours. A.B.

23   Data continues to maintain the telephone helpline and will update the interactive voice response

24   system as necessary through the administration of the Settlement.

25                  <u>**REPORT ON OBJECTIONS AND REQUESTS FOR EXCLUSION**</u>

26        10.    The Notice informed TPP Class Members that any objections to the Settlement or

27   requests for exclusion are to be submitted on or before June 1, 2024. As of the date of this

28   Declaration, A.B. Data has not received or been made aware of any objections or requests for

DECLARATION OF ERIC J. MILLER REGARDING
DISSEMINATION OF NOTICE
CASE NO. 3:21-MD-02996-CRB (SK)

exclusion. A.B. Data will provide an updated report following the objection and request for exclusion deadlines to notify the Court of receipt of any objections or requests for exclusion.

### CLAIM FILING DEADLINE EXTENSION

11.     At Class Counsel's instruction, A.B. Data extended the claim filing deadline from September 18, 2024 to December 15, 2024.  On April 19, 2024, A.B. Data updated the Settlement Website and all documents to reflect the extension to the claim filing deadline. The as-mailed Postcard Notice attached to this Declaration contains the original claim filing date The news release, Long-Form Notice, and Claim Form attached to this Declaration reflect the updated claim filing date of December 15, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of April 2024.

_____
Eric J. Miller

# EXHIBIT A

# LEGAL NOTICE

## Third-Party Payors: If you paid or reimbursed costs for prescription opioids, or paid or incurred costs for treatment related to opioid misuse, addiction, and/or overdose,

## You Could Get Money from a Settlement.

Your rights may be affected by the proposed Settlement in a class action lawsuit with McKinsey & Company, Inc. ("McKinsey"). The lawsuit claims McKinsey played a central role in the opioid crisis by advising multiple opioid manufacturers and other industry participants on how to sell as many prescription opioids as possible. McKinsey denies any wrongdoing.

McKinsey National Prescription Opiate Consultant Settlement
c/o A.B. Data, Ltd.
P.O. Box 173122
Milwaukee, WI 53217

**Postmaster: Please DO NOT Cover Up Barcode**

54794-McKinsey-EM-PST

**Am I included?**  Generally, you may be included if you are an entity that paid and/or reimbursed for (a) opioid prescription drugs manufactured, marketed, sold, or distributed by the Opioid Marketing Enterprise Members (Purdue, Johnson & Johnson, Janssen, Cephalon, Endo, and Mallinckrodt), for purposes other than resale, and/or (b) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the period June 1, 2009 to October 31, 2023.  For clarity, included are: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft Hartley plans.  A more detailed notice, including the full class definition and who is not included, is available at **www.McKinseyTPPSettlement.com**.

**What does the Settlement provide?**  A $78 million Settlement Fund will pay money to eligible Class Members, notice and administration costs up to $1 million, and attorneys' fees, costs, and expenses.

**How can I get a payment?**  Submit a claim form online or by mail postmarked by **September 18, 2024**.  If your claim is valid, you will get money from the Settlement.  The amount of your payment will be calculated based on the Proposed Plan of Allocation available at **www.McKinseyTPPSettlement.com**.  Detailed instructions about how to submit a claim are also available at **www.McKinseyTPPSettlement.com**.

**What are my rights?**  Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue McKinsey yourself, you must exclude yourself from the Settlement by **June 1, 2024**.  If you do not exclude yourself, you may object to the Settlement by **June 1, 2024**.  The Court will hold a hearing on **July 26, 2024** at 10:00 a.m. to consider whether to approve the Settlement and a request for attorneys' fees not to exceed 20% of the Settlement Fund, plus litigation expenses and service awards to Class Representatives.  You or your own lawyer may appear and speak at the hearing at your own expense.  The Court may change these deadlines or the hearing date (and time).  Check the website below for updates.

For more information:  **1-877-933-3322 or visit www.McKinseyTPPSettlement.com**

# EXHIBIT B





# EXHIBIT C

# Robbins Geller Rudman & Dowd LLP, Lieff Cabraser Heimann & Bernstein LLP, and Dugan Law Firm, APLC Announce a $78 Million Class Action Settlement for Third Party Payors That Paid or Reimbursed Costs for Prescription Opioids or Treatment Related to Opioid Misuse, Addiction, and/or Overdose

NEWS PROVIDED BY
**Robbins Geller Rudman & Dowd LLP, Lieff Cabraser Heimann & Bernstein LLP, and Dugan Law Firm, APLC** →
Apr 15, 2024, 16:00 ET

SAN FRANCISCO, April 15, 2024 /PRNewswire/ --

**LEGAL NOTICE**

**Third-Party Payors: If you paid or reimbursed costs for prescription opioids, or paid or incurred costs for treatment related to opioid misuse, addiction, and/or overdose,**

**You Could Get Money from a Settlement.**

Your rights may be affected by the proposed Settlement in a class action lawsuit with McKinsey & Company, Inc. ("McKinsey").  The lawsuit claims McKinsey played a central role in the opioid crisis by advising multiple opioid manufacturers and other industry participants on how to sell as many prescription opioids as possible.  McKinsey denies any wrongdoing.

**Am I included?**  You may be included if you are an entity that paid and/or reimbursed for (a)

opioid prescription drugs manufactured, marketed, sold, or distributed by the Opioid Marketing Enterprise Members (Purdue, Johnson & Johnson, Janssen, Cephalon, Endo, and Mallinckrodt), for purposes other than resale, and/or (b) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries, insureds, and/or members, during the period June 1, 2009 to October 31, 2023.  For clarity, included are: (a) private contractors of Federal Health Employee Benefits plans, (b) plans for self-insured local governmental entities that have not settled claims in MDL 2804, (c) managed Medicaid plans, (d) plans operating under Medicare Part C and/or D, and (e) Taft Hartley plans.  A more detailed notice, including the full class definition and who is not included, is available at **www.McKinseyTPPSettlement.com**.

**What does the Settlement provide?**  A $78 million Settlement Fund will pay money to eligible Class Members, notice and administration costs up to $1 million, and attorneys' fees, costs, and expenses.

**How can I get a payment?**  Submit a claim form online or by mail postmarked by **December 15, 2024**.  If your claim is valid, you will get money from the Settlement.  The amount of your payment will be calculated based on the Proposed Plan of Allocation available at **www.McKinseyTPPSettlement.com**.  Detailed instructions about how to submit a claim are also available at **www.McKinseyTPPSettlement.com**.

**What are my rights?**  Even if you do nothing, you will be bound by the Court's decisions.  If you want to keep your right to sue McKinsey yourself, you must exclude yourself from the Settlement by **June 1, 2024**.  If you do not exclude yourself, you may object to the Settlement by **June 1, 2024**.  The Court will hold a hearing on **July 26, 2024** at 10:00 a.m. to consider whether to approve the Settlement and a request for attorneys' fees not to exceed 20% of the Settlement Fund, plus litigation expenses and service awards to Class Representatives.  You or your own lawyer may appear and speak at the hearing at your own expense.  The Court may change these deadlines or the hearing date (and time).  Check the website below for updates.

For more information:  **1-877-933-3322 or visit www.McKinseyTPPSettlement.com**

Source:

Lieff Cabraser Heimann & Bernstein LLP

SOURCE Robbins Geller Rudman & Dowd LLP, Lieff Cabraser Heimann & Bernstein LLP, and Dugan Law Firm, APLC

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF CLASS ACTION SETTLEMENT

**If you are a Third-Party Payor that paid or reimbursed costs for
prescription opioids, or paid or incurred costs for treatment related to
opioid misuse, addiction, and/or overdose, a class action lawsuit may
affect your rights.**

*This Notice is being provided by Order of the U.S. District Court.
It is not a solicitation from a lawyer. You are not being sued.*

A lawsuit is pending in the United States District Court for the Northern District of California ("the
Court") against McKinsey & Company, Inc. Third-Party Payor Plaintiffs claim that McKinsey
played a central role in the opioid crisis by advising multiple opioid manufacturers and other
industry participants how to sell as many prescription opioids as possible. McKinsey denies any
wrongdoing.

A settlement has been reached with McKinsey. The settlement for Third-Party Payors ("TPPs")
provides for a cash payment of $78,000,000 (the "Settlement"). It is subject to Court approval.

Your legal rights and options are explained below.

Plaintiffs will ask the Court to certify for settlement the following TPP Class:

> All entities that paid and/or reimbursed for (a) opioid prescription drugs manufactured,
> marketed, sold, or distributed by the Opioid Marketing Enterprise Members (Purdue,
> Johnson & Johnson, Janssen, Cephalon, Endo, and Mallinckrodt), for purposes other
> than resale, and/or (b) paid or incurred costs for treatment related to the misuse,
> addiction, and/or overdose of opioid drugs, on behalf of individual beneficiaries,
> insureds, and/or members, during the period June 1, 2009 to October 31, 2023 ("Class
> Period"). For clarity, included in the class are: (a) private contractors of Federal Health
> Employee Benefits plans, (b) plans for self-insured local governmental entities that have
> not settled claims in MDL 2804, (c) managed Medicaid plans, (d) plans operating under
> Medicare Part C and/or D, and (e) Taft Hartley plans.

> Excluded from the class are (a) all federal and state governmental entities, (b) all tribal
> entities, (c) local governmental entities and school districts, (d) Pharmacy Benefit
> Managers (PBMs), (e) consumers, and (f) fully-insured plans. For the avoidance of
> doubt, entities that are otherwise members of the class are not excluded on the basis that
> they own an interest, including a controlling interest, in a PBM.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CLAIM YOUR SHARE OF THE SETTLEMENT** | If you are a member of the Class, and want to participate in the distribution of the Settlement Fund, you will need to complete and return a Claim Form. The Claim Form, and information on how to submit it, are available on the Settlement website. Claim Forms must be postmarked (if mailed) or received (if submitted online) on or before **December 15, 2024**. |
| **EXCLUDE YOURSELF FROM THE TPP CLASS** | This option allows you to exclude yourself from the TPP Class and instead file your own lawsuit against McKinsey that asserts claims related to the allegations or claims in this case. The exclusion deadline is **June 1, 2024**. |
| **OBJECT TO THE SETTLEMENT OR SPEAK AT THE FINAL APPROVAL HEARING** | If you object to all or any part of the Settlement, request for attorneys' fees, reimbursement of expenses, or service awards to the class representatives, or desire to speak in person at the Final Approval Hearing, you must file a written letter of objection and/or a notice of intention to speak, along with a summary statement, with the Court and the Notice and Claims Administrator by **June 1, 2024**. See Question 12. |
| **DO NOTHING** | Do not claim any part of the Settlement Fund, but release your claims against McKinsey and give up rights to be part of any other lawsuit that asserts claims related to the allegations or claims against McKinsey in this case. |

**THESE RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM ARE EXPLAINED IN THIS NOTICE.**

**PLEASE VISIT THE TPP CLASS SETTLEMENT WEBSITE ON AN ONGOING BASIS FOR IMPORTANT SETTLEMENT AND CLAIMS-RELATED UPDATES, INFORMATION, AND FILINGS: www.McKinseyTPPSettlement.com.**

## <u>TABLE OF CONTENTS</u>

**Page**

BASIC INFORMATION ABOUT THE LAWSUIT ................................................................. 4

    1.    Why did I get this Notice? ............................................................................... 4

    2.    What is the lawsuit about? ................................................................................ 4

    3.    What is the current status of the lawsuit? ........................................................ 4

DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS ....................................... 4

    4.    I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class? ........................... 4

    5.    How do I make a claim for my share of the Settlement Fund?............................ 5

    6.    When will I receive payment? .......................................................................... 5

EXCLUSION PROCESS ........................................................................................................ 5

    7.    What does it mean to request to be excluded from the TPP Class?...................... 5

    8.    What is the Exclusion Process? ........................................................................ 6

    9.    What is the legal significance of excluding myself? .......................................... 7

    10.    If I don't exclude myself, can I sue later?........................................................ 7

IF YOU DO NOTHING ......................................................................................................... 8

    11.    What happens if I do nothing at all? ................................................................. 8

OBJECTIONS OR COMMENTS ........................................................................................... 8

    12.    How do I object to or comment on the Settlement?............................................ 8

THE LAWYERS REPRESENTING YOU ............................................................................. 9

    13.    As a member of the TPP Class, do I have a lawyer representing my interests in this Class Action?........................................................................... 9

    14.    How will the lawyers be compensated? Will the named Settlement Class Respresentative Plaintiffs receive a service award? ........................................... 10

    15.    May I appear through my own lawyer? .............................................................. 10

GETTING MORE INFORMATION........................................................................................ 10

    16.    Where do I get more information?..................................................................... 10

## BASIC INFORMATION ABOUT THE LAWSUIT

**1.   Why did I get this Notice?**

You received this Notice because you requested it or records indicate that you may be a member of the TPP Class. On April 8, 2024, the Court granted preliminary approval to the Settlement and will decide at the final approval hearing whether to certify for settlement the TPP Class. McKinsey denies any wrongdoing. You are not being sued. This Notice describes the lawsuit and the rights and options you have.

**2.   What is the lawsuit about?**

Plaintiffs claim that McKinsey played a central role in the opioid crisis by advising multiple opioid manufacturers and other industry participants how to sell as many prescription opioids as possible.

Plaintiffs claim that McKinsey's conduct caused substantial, direct, and proximate harms to Third-Party Payors. Because of the opioid crisis, TPPs claim they have wrongfully had to pay large costs for opioid prescriptions and opioid use disorder treatment.

McKinsey denies these claims and denies that it did anything wrong. The litigation is proceeding, and, at this point, no court has found that McKinsey engaged in any wrongdoing.

**3.   What is the current status of the lawsuit?**

The lawsuit is currently pending in the United States District Court for the Northern District of California before United States District Judge Charles R. Breyer. The case name and number are *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, No. 21-md-02996-CRB (N.D. Cal.). Third-Party Payor Plaintiffs have reached a Settlement Agreement with McKinsey, where it will pay $78,000,000 to class members.

## DETERMINING IF YOU ARE A MEMBER OF THE TPP CLASS

**4.   I am a Third-Party Payor that has purchased or reimbursed costs of prescription opioids, or paid or reimbursed for opioid-caused addiction treatment; how do I know if I am a member of the TPP Class?**

As a **Third-Party Payor**, you may be a member of the TPP Class if you are included in the definitions below:

Third-Party Payors generally include health insurance companies, third-party administrators, health maintenance organizations, health and welfare plans that make payments from their own funds, and other health benefit providers and entities with self-funded plans that contract with a health insurer or administrator to administer their prescription drug benefits.

Third-Party Payors also generally include private entities that may provide prescription drug benefits for current or former public employees and/or public benefits programs, but only to the extent that such a private entity purchased or reimbursed costs of

prescription opioids or paid or reimbursed for opioid-caused addiction treatment for consumption by its members, employees, insureds, participants, or beneficiaries.

If you are not sure whether you are included in the TPP Class, you may call, email, or write to the Notice and Claims Administrator or lawyers in this case at the telephone numbers, email addresses, or addresses listed in Questions 12-13 below. The full TPP Class definition can also be found in the Settlement Agreement posted on the website at **www.McKinseyTPPSettlement.com**.

**5.    How do I make a claim for my share of the Settlement Fund?**

To make a claim for your share of the Settlement Fund, you must complete and submit a valid Claim Form to request your share of the Net Settlement Fund. You can obtain a Claim Form at **www.McKinseyTPPSettlement.com or by calling 1-877-933-3322**. Claim Forms must be received (if submitted online) or postmarked (if mailed) by **December 15, 2024.**

**6.    When will I receive payment?**

In the event that Preliminary Approval is granted, all TPP Class Members will have the right to receive an Upfront Payment. The Upfront Payment Option Right can be exercised by providing written notice to the Notice and Claims Administrator within five (5) days of the expiration of the objection/opt-out deadline set by the Court.  If at least 90% of TPP claimants (on the basis of the claims submitted and approved in the Mallinckrodt bankruptcy) elect this option, 70% of the Settlement ($54,600,000 or the "Upfront Funds") shall be set aside for the Upfront Payment. To receive this Upfront Payment, the TPP Class Member must agree (a) to participate in the TPP Class and provide the release called for in the Settlement, and (b) that 7.5% of their recovery will be set aside into an escrow account which will be used to satisfy any common benefit fee awarded to Settlement Class Counsel. These Upfront Funds will be distributed on a *pro rata* basis (in line with the Mallinckrodt claims) pursuant to the terms of the Final Approval Order and Allocation Methodology. Any TPP Class Member who elects the Upfront Payment Option Right may also complete and submit a Class Claim Form by the deadline set by the Court. The ultimate recovery for a TPP Class Member that elects the Upfront Payment Option Right will be "trued-up" in accordance with the TPP Claims Methodology set forth in Sections C and D of the Class Claim Form and will account for the amount of any Upfront Payment.

The Court must approve the Settlement, and any appeals of that decision must be resolved, before any money is distributed to TPP Class Members. The Notice and Claims Administrator must also complete processing of all Claim Forms and determine distribution amounts. This process can take several months.

| EXCLUSION PROCESS |
| :---: |

**7.    What does it mean to request to be excluded from the TPP Class?**

If you do not want to be part of the TPP Class, do not want to file a claim for Settlement funds, and want to keep your right to sue McKinsey relating to the allegations in *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No.

2996 (N.D. Cal.), concerning its opioid marketing advice, then you must take steps to remove yourself from the TPP Class. This is called excluding yourself, or "opting out" of the TPP Class. If you exclude yourself, you may not make a claim for payment from the Settlement described in this Notice and may pursue your own lawsuit.

8.     **What is the Exclusion Process?**

Your decision to stay in, or exclude yourself from, the class is an individual one that must be made, signed, and submitted by you or your representative who is expressly authorized to do so.

Third-Party Payors that want to be excluded from the TPP Class must submit a written request for exclusion to the Notice and Claims Administrator. Your request for exclusion must include: (i) the entity name, address, and IRS EIN; (ii) the name and title of the entity's representative; (iii) the name of this case, *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996; and (iv) a statement, signed by an authorized representative, that you are a member of the TPP Class and wish to be excluded from the TPP Class. Exclusion requests must be mailed to the Notice and Claims Administrator at the address below and postmarked no later than **June 1, 2024**:

*In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*
*EXCLUSIONS*
*P.O. Box 173001*
*Milwaukee, WI 53217*

A separate, signed exclusion request must be submitted by each Third-Party Payor choosing to be excluded from the Class. Any Third-Party Payor included in the Class that does not submit a valid request for exclusion providing all necessary information will be bound by the outcome of the case.

If you are a Third-Party Payor and want to opt out the claims of others for whom you provide services (*e.g.*, welfare funds or employers for whom you act as an Administrative Services Organization), you must include for each entity on whose behalf you want to opt out all of the information noted in items (i)–(iv) above: (i) the entity name, address, and IRS EIN; (ii) the name and title of the entity's representative; (iii) the name of this case, *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996; and (iv) a statement, signed by an authorized representative, for each entity on whose behalf you want to opt out. **In addition**, for each such entity, you must provide a Declaration from an authorized representative of the entity, substantially in the form below and executed specifically in connection with this litigation, attesting to your authority to opt out the entity's claims from the Class on the entity's behalf. You must mail this information to the Notice and Claims Administrator at the address above and postmarked no later than **June 1, 2024**.

Date:

Declarant:

Title:

Entity:

Address:

Telephone Number:

Entity EIN:

Dear Notice and Claims Administrator:

      I am [Name and Title of Officer or Employee of Entity Requesting Exclusion]. [Entity] has authorized [name of Entity] to request exclusion from the proposed McKinsey-TPP Settlement Class on [Entity's] behalf in the case of *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*, MDL No. 2996.

      [Entity] hereby acknowledges that, as a result of this authorization and opting out, [Entity] will not receive any proceeds resulting from this litigation, should any exist.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and executed in _____, _____.
                     [city]                [state]

_____        _____
Name of Declarant Officer or Employee        Date Signed

_____
Title of Declarant Officer or Employee

**9.**     **What is the legal significance of excluding myself?**
    If you exclude yourself, you will not be able to claim any of the Settlement Funds and will not be legally bound by the outcome of the case. You may be able to sue McKinsey in the future for the same conduct alleged in the lawsuit.

**10.**     **If I don't exclude myself, can I sue later?**
    No. If you do not exclude yourself (that is, if you remain in the Class and are eligible to receive Settlement Funds), you give up the right to sue McKinsey for the claims in this case. You must exclude yourself from the TPP Class to be able to bring your own, separate lawsuit(s) against McKinsey. Remember, the exclusion deadline is **June 1, 2024**.

## IF YOU DO NOTHING

11. **What happens if I do nothing at all?**

If you are a TPP Class Member and you do nothing, you will remain in the TPP Class and be bound by the decision in the action and on the Settlement; however, if the Settlement is approved, you may not participate in the Settlement as described in this Notice. To participate in the Settlement and be eligible to receive a payment, you must complete, sign, and return the Claim Form before the claims filing deadline provided on the Claim Form and Settlement website.

## OBJECTIONS OR COMMENTS

12. **How do I object to or comment on the Settlement?**

If you are a member of the TPP Class as defined above, and if you did not request to be excluded, you may object to any aspect of the Settlement, including the fairness of the Settlement, the Plan of Allocation, and/or Settlement Class Counsel's requests for attorneys' fees and costs.

To object to the Settlement, you (or your lawyer if you have one) must submit a written objection to the Court and send the objection to the Notice and Claims Administrator at the addresses listed below. You must submit your objection on or before **June 1, 2024**. Your objection can include any supporting materials, papers, or briefs that you want the Court to consider.

Your objection must include:

- Your full name, address, telephone number, and email address;

- The case name and number: _In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation_, No. 21-md-02996-CRB (N.D. Cal.);

- Documentation demonstrating that you are a member of the Class and/or this statement, followed by your signature: "I declare under penalty of perjury under the laws of the United States of America that [insert your name] is a member of the Class.";

- A clear statement that you are objecting to the Settlement;

- A written statement of all grounds for your objection, including any legal support for the objection, making sure to say whether your objection relates only to you, to part of the class, or to the entire class;

- Copies of any papers, briefs, or other documents on which your objection is based;

- The name, address, email address, and telephone number of every attorney representing you, if you are represented by an attorney; and

- A statement saying whether you and/or your attorney intend to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

You <u>must</u> submit your objection to the Court and to the Notice and Claims Administrator by **June 1, 2024**.

| Clerk of Court | Notice and Claims Administrator |
|---|---|
| Office of the Clerk of Court<br>U.S. District Court for the Northern<br>District of California<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 | In re McKinsey & Co., Inc. National<br>Prescription Opiate Consultant Litigation<br>P.O. Box 173122<br>Milwaukee, WI 53217<br><br>info@McKinseyTPPSettlement.com |

A Final Approval Hearing will be held on **July 26, 2024, at 10:00 a.m.**, subject to change by the Court.  If you would like to attend the Final Approval Hearing, please monitor the Settlement website for information on how to attend and for information regarding any changes in time or date.

## THE LAWYERS REPRESENTING YOU

13. **As a member of the TPP Class, do I have a lawyer representing my interests in this Class Action?**
    Yes.  The Court has appointed lawyers to represent you and other TPP Class Members.  These lawyers are called Settlement Class Counsel.  You will not be charged individually for these lawyers.  They will ask the Court to approve an award for attorneys' fees and expenses.  The following lawyers represents the Class:

Paul J. Geller
**ROBBINS GELLER RUDMAN & DOWD LLP**
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
(561) 750-3000

Elizabeth J. Cabraser
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
(415) 956-1000

James R. Dugan, II
**DUGAN LAW FIRM, APLC**
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
(504) 648-0180

**14.    How will the lawyers be compensated? Will the Settlement Class Representative Plaintiffs receive a service award?**

Settlement Class Counsel may seek up to 20% of the Settlement Fund for reimbursement of their fees, in addition to reimbursement of costs and service awards to Class Representatives. Any fees awarded to Settlement Class Counsel must be approved by the Court.   Settlement Class Counsel will ask the Court to award each Settlement Class Representative Plaintiff a service award not to exceed $10,000. The application for attorneys' fees will be posted on the Settlement website.

**15.    May I appear through my own lawyer?**

You may appear through your own lawyer, pursuant to Federal Rule of Civil Procedure 23(c)(2). Every lawyer appearing in this case is subject to the Orders of the Court, and you may be responsible for paying your lawyer's fees. If you hire a lawyer to speak for you or appear in Court, your lawyer must file a Notice of Appearance.

## GETTING MORE INFORMATION

**16.    Where do I get more information?**

The Settlement documents, including the Settlement Agreement and Plan of Allocation; claims forms and related information; the Third-Party Payor Complaint; the Court's Orders; and other important dates and deadlines are posted for your review on the Settlement website: **www.McKinseyTPPSettlement.com**. **Please refer to the Settlement website for ongoing and updated information, or you can call the Notice and Claims Administrator toll-free at 1-877-933-3322.**

Complete copies of public pleadings, Court rulings, and other filings are also available for review and copying at the Clerk's office. The address is Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. Judge Charles R. Breyer of the United States District Court for the Northern District of California is overseeing the Class Action. *Please do not contact the Court or Judge Breyer*.

**For more information, call the Notice and Claims Administrator at 1-877-933-3322 or go to www.McKinseyTPPSettlement.com.**

DATED: APRIL 15, 2024                    BY ORDER OF THE UNITED STATES DISTRICT
                                         COURT NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT E

**United States District Court**
**Northern District of California**

IN RE: MCKINSEY & CO., INC. NATIONAL
PRESCRIPTION OPIATE CONSULTANT LITIGATION

Case No. 21-md-02996-CRB (SK)

## INSTRUCTIONS FOR SUBMITTING YOUR CLAIM FORM

A Third-Party Payor (TPP) Class Member or an authorized agent for a TPP Class Member may complete this Claim Form. If both a TPP Class Member and its authorized agent submit a Claim Form, the Notice and Claims Administrator will review both and determine which is controlling, as well as the amount of the Claim, giving consideration to the extent to which the claims overlap or supplement one another. The Notice and Claims Administrator may request supporting documentation in addition to the documentation and information requested below. The Notice and Claims Administrator may reject a claim if the TPP Class Member or its authorized agent does not provide all requested documentation and information in a timely manner.

If you are a TPP Class Member submitting a Claim Form on your own behalf, you must provide the information requested in "**Section A – COMPANY OR HEALTH PLAN TPP CLASS MEMBER ONLY**," in addition to the other information requested by this Claim Form.

If you are an **authorized agent** of one or more TPP Class Members, you must provide the information requested in "**Section B – AUTHORIZED AGENT ONLY**," in addition to the other information requested by this Claim Form.

If you are submitting a Claim Form only as an authorized agent of two or more TPP Class Members, you may submit a separate Claim Form for each TPP Class Member OR you may submit a "Consolidated Claim" via one single Claim Form for all such TPP Class Members.

For those Consolidated Claims that are being submitted for multiple TPP Class Members, the filer shall provide **aggregate** information as directed in Sections C or D of this Claim Form, and submit along with this Claim Form a chart identifying the TPP Class Members included in the Consolidated Claim, as directed in Section B. For each TPP Class Member included in the Consolidated Claim, the chart shall provide: (i) the name of the TPP Class Member claimant and (ii) the TPP Class Member's Federal Tax Identification Number (FEIN).

The "TPP Methodology NDCs" and "TPP Methodology ICD Codes" necessary to complete Section C are available at **www.McKinseyTPPSettlement.com.**

To qualify to receive a payment from the Settlement, you must complete and submit this Claim Form either on paper or electronically on the Settlement website, **www.McKinseyTPPSettlement.com**, and you may need to provide certain requested documentation to substantiate your Claim.

Your failure to complete and submit the Claim Form postmarked (if mailed) or received (if submitted online) on or before **December 15, 2024,** will prevent you from receiving any payment from the Settlement. Submission of this Claim Form does not ensure that you will share in the payments related to the Settlement. If the Notice and Claims Administrator rejects or reduces your Claim, you may invoke the dispute resolution process described on page 6.

*In re: McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation*

Case No. 21-md-02996-CRB (SK) (N.D. Cal.)

**MUST BE POSTMARKED ON OR BEFORE, OR SUBMITTED ONLINE BY, DECEMBER 15, 2024.**

**THIRD-PARTY PAYOR CLAIM FORM**

Use Blue or Black Ink Only

**ATTENTION: THIS FORM IS ONLY TO BE FILLED OUT ON BEHALF OF A THIRD-PARTY PAYOR (OR AN AUTHORIZED AGENT) AND NOT INDIVIDUAL CONSUMERS.**

- Complete Section A only if you are filing as an individual TPP Class Member.
- Complete Section B only if you are an authorized agent filing on behalf of one or more TPP Class Members.

**Section A: Company or Health Plan TPP Class Member Only**

TPP Class Member Name

Contact Name

Care of (if applicable)

Street Address                                                                    Floor/Suite

City                                                          State               Zip Code

Area Code - Telephone Number                      Tax Identification Number

Email Address

List other names by which your company or health plan has been known or other Federal Employer Identification Numbers ("FEINs") it has used since June 1, 2009.

☐ Health Insurance Company/HMO          ☐ Self-Insured Employee Health or Pharmacy Benefit Plan

☐ Self-Insured Health & Welfare Fund

☐ Other (Explain)

## Section B: Authorized Agent Only

As an authorized agent, please check how your relationship with the TPP Class Member(s) is best described (you may be required to provide documentation demonstrating this relationship):

☐ Third-Party Administrator or Administrative Services Only Provider

☐ Pharmacy Benefit Manager

☐ Other (Explain): _____

Authorized Agent's Company Name

_____

Contact Name

_____

Street Address                                                                 Floor/Suite

_____         _____

City                                    State              Zip Code

_____         _____         _____

Area Code - Telephone Number                Authorized Agent's Tax Identification Number

_____                _____

Email Address

_____

Please list the name and FEIN of every TPP Class Member (*i.e.,* Company or Health Plan) for whom you are submitting this Claim Form (attach additional sheets to this Claim Form as necessary). Alternatively, you may submit the requested list of TPP Class Member names and FEINs in an electronic format, such as Excel or a tab-delimited text file. Contact the Notice and Claims Administrator to determine what formats are acceptable. Claim Forms submitted on behalf of two or more TPP Class Members are referred to as Consolidated Claims. In either case, the list shall be maintained as confidential by the Notice and Claims Administrator.

| TPP CLASS MEMBER'S NAME | TPP CLASS MEMBER'S FEIN |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

---

**Section C: TPP Claims Methodology 1 - Transactional Claims Data Available**

TPP Class Members that are able to access pharmacy and medical transactional claims data from 2009 - 2023 must utilize the methodology outlined in this Section C for purposes of completing this Claim Form.

For the TPP Class Member(s) on whose behalf you are submitting this Claim Form, please provide the following information or utilize the forms for both individual and Consolidated Claims provided by the Notice and Claims Administrator at **www.McKinseyTPPSettlement.com**.

i.   By state, *on an aggregated basis for entities filing Consolidated Claims*, identify: the total dollar amount paid or reimbursed by the TPP Class Member(s) for the TPP Methodology NDCs from June 1, 2009, through October 31, 2023.

ii.  By state, *on an aggregated basis for entities filing Consolidated Claims*, identify the number of member-years with an opioid use disorder (OUD) diagnosis based on the TPP Methodology ICD Codes from June 1, 2009, through October 31, 2023. Member-years with OUD diagnosis is the sum of the number of unique individuals with an OUD diagnosis within each year, totaled for the fifteen years of the damage period. (For example, if you had 10 people per year with OUD in each year for 5 years, that would equal 50 member-years with OUD diagnosis.)

iii. By state, *on an aggregated basis for entities filing Consolidated Claims*, identify the number of Covered Lives* as of January 1, 2023.

iv.  The TPP Claim amounts for TPP Class Members that provide the information identified above in this Section C will be calculated as follows:

    a.  The estimated medical cost of OUD ($19,118) will be multiplied by the number of member-years with OUD identified in Section C.ii.; and

    b.  The dollar value provided in Section C.i. will be combined with the dollar value derived in Section C.iv.a.

*"Covered Lives" means the number of enrollees or beneficiaries covered by the TPP.

---

**What should I do if I have transactional data available for some years but not others?**

You **must** follow Methodology 1 outlined in Section C to complete the Claim Form for **all** the years for which you have transactional data available. You may use Methodology 2 outlined in Section D to complete the Claim Form for any remaining years for which you do not have transactional data available.

*Please note, if you use Methodology 2 to submit a Claim Form for years that you have or could obtain data for, your entire claim may be rejected.*

---

| State | Total Dollar Amount Paid | Member-Years with OUD Diagnosis | Covered Lives as of January 1, 2023 |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## Section D: TPP Claims Methodology 2 - Transactional Claims Data Unavailable

A TPP Class Member that is unable to access pharmacy and medical transactional claims data from 2009 – 2023, as necessary to complete Section C above, should utilize the methodology outlined in this Section D for purposes of completing this Claim Form. TPP Class Members electing to utilize TPP Methodology 2 must attest below that they do not have access to the necessary transactional claims data for completing TPP Methodology 1.

For each TPP Class Member on whose behalf you are submitting this Claim Form, and on an *aggregated basis for entities filing Consolidated Claims*, list the number of Covered Lives* for each year in the applicable group of states. Spreadsheet templates of this chart are also available on the Settlement website for both individual and Consolidated Claims, **www.McKinseyTPPSettlement.com**.

The Notice and Claims Administrator may request documents or other information from you to support your response below regarding your membership.
*"Covered Lives" means the number of enrollees or beneficiaries covered by the TPP.

| States | Covered Lives | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
| Group 1: AK, AZ, CA, CO, GA, HI, ID, IL, MN, NV, NM, NY, SC, TX, UT, VT, VA, WA, WY | | | | | | | | | | | | | | | |
| Group 2: CT, IN, KS, LA, MD, MI, MS, MT, NE, NH, NC, ND, OR, SD, WI | | | | | | | | | | | | | | | |
| Group 3: AL, AR, DE, DC, FL, IA, KY, ME, MA, MO, NJ, OH, OK, PA, RI, TN, WV | | | | | | | | | | | | | | | |

If you are unable to break down the number of covered lives by state, please complete the chart below with the number of covered lives by year.  You may receive less than you may have otherwise been eligible for in accordance with the Settlement Agreement.

| States | Covered Lives | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
| All states | | | | | | | | | | | | | | | |

For TPP Class Members electing to utilize TPP Methodology 2: After all Claims have been filed, the Notice and Claims Administrator will calculate an average dollar value per covered life, based on all TPP information accumulated from submissions pursuant to Section C. The Notice and Claims Administrator will apply this average dollar value to the information provided above in this Section D.

**Section E: Proof of Payment and Disputes Regarding Claim Amounts**

Please provide as much of the information requested above as possible. Pharmacy transaction data supporting claims submitted pursuant to Section C above is mandatory for Section C.i. amounts of $300,000 or more, although the Notice and Claims Administrator may also require pharmacy transaction data for claims of less than $300,000, so keep related transaction data and any other claim documentation supporting your Claim (*e.g.*, invoices) in case the Notice and Claims Administrator requests it later. If the Section C.i. amount is less than $300,000, you should still provide the pharmacy transaction data with your Claim submission if you can.

While not required to be submitted along with your initial Claim Form, please also retain all medical transaction data supporting your Section C.ii. amounts in case the Notice and Claims Administrator requests it later.

If, after an audit of your Claim, the Notice and Claims Administrator still has questions about your Claim and you have not provided sufficient substantiation of your Claim, the Notice and Claims Administrator may reject your Claim.

If the Notice and Claims Administrator rejects or reduces your Claim and you believe the rejection or reduction is in error, you may contact the Notice and Claims Administrator to request further review. If the dispute concerning your Claim cannot be resolved by the Notice and Claims Administrator and Settlement Class Counsel, you may request that the Court review your Claim.

**Section F: Certification**

I/We have read and am/are familiar with the contents of the Instructions accompanying this Claim Form. I/We certify that the information I/we have set forth in the above Claim Form and in any documents attached by me/us are true, correct, and complete to the best of my/our knowledge. I/We certify that I/we, or the TPP Class Member(s) I/we represent:

    a. During the period June 1, 2009, to October 31, 2023, (i) paid and/or reimbursed for any or all of the opioid prescription drugs identified in the TPP Methodology NDCs (which were manufactured, marketed, sold, or distributed by the Opioid Marketing Enterprise Members (Purdue, Johnson & Johnson, Janssen, Cephalon, Endo, and Mallinckrodt)), for purposes other than resale, **and/or** (ii) paid or incurred costs for treatment related to the misuse, addiction, and/or overdose of opioid drugs, identified in the TPP Methodology ICD Codes, on behalf of individual beneficiaries, insureds, and/or members; and

    b. is not one of the following excluded parties: (1) all federal and state governmental entities, except for (a) private contractors of Federal Health Employee Benefits plans, (b) managed Medicaid plans, (c) plans operating under Medicare Part C and/or D, and (d) Taft Hartley plans; (2) all tribal entities; (3) local governmental entities and school districts, except for plans for self-insured local governmental entities that have not settled claims in MDL No. 2804; (4) Pharmacy Benefit Managers (PBMs); (5) consumers; and (6) fully-insured plans.

I/We further certify I/we have provided all of the information requested above to the extent I/we have it.

I/We further certify that to the extent I/we are submitting this Claim Form pursuant to Section D, TPP Claims Methodology 2, above, I/we do not reasonably have access to the transactional claims data necessary to complete and submit this Claim Form pursuant to Section C, TPP Methodology 1.

To the extent I/we have been given authority to submit this Claim Form by one or more TPP Class Members on their behalf, and accordingly am/are submitting this Claim Form in the capacity of an authorized agent with authority to submit it, and to the extent I/we have been authorized to receive on behalf of the TPP Class Member(s) any and all amounts that may be allocated to them from the Settlement Fund, I/we certify that such

authority has been properly vested in me/us and that I/we will fulfill all duties I/we may owe the TPP Class Member(s). If amounts from the Net Settlement Fund are distributed to me/us and a TPP Class Member later claims that I/we did not have the authority to claim and/or receive such amounts on its behalf, I/we and/or my/our employer will hold the Class, Settlement Class Counsel, and the Notice and Claims Administrator harmless with respect to any claims made by the TPP Class Member.

I/We hereby submit to the jurisdiction of the United States District Court for the Northern District of California for all purposes connected with this Claim Form, including resolution of disputes relating to this Claim Form. I/We acknowledge that any false information or representations contained herein may subject me/us to sanctions, including the possibility of criminal prosecution. I/We agree to supplement this Claim Form by furnishing documentary backup for the information provided herein, upon request of the Notice and Claims Administrator.

**I certify that the above information supplied by the undersigned is true and correct to the best of my knowledge and that this Claim Form was executed this _____ day of _____, 2024.**

Signature

Position/Title

Print Name

Date

Mail the completed Claim Form to the address below, postmarked on or before **December 15, 2024**, or submit the information online at the website below by that date:

McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation

c/o A.B. Data, Ltd.

P.O. Box 173122

Milwaukee, WI 53217

Toll-Free Telephone: 1-877-933-3322

Website: www.McKinseyTPPSettlement.com

**REMINDER CHECKLIST:**

1. Please complete and sign the above Claim Form. Attach or upload any documentation supporting your claim.
2. Keep a copy of your Claim Form and supporting documentation for your records.
3. If you would also like acknowledgement of receipt of your Claim Form, please complete the form online or mail this form via Certified Mail, Return Receipt Requested.
4. If you move and/or your name changes, please send your new address and/or your new name or contact information to the Notice and Claims Administrator at info@McKinseyTPPSettlement.com or via U.S. Mail at the address listed above.