UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL THIRD PARTY PAYOR ACTIONS | Case No. 3:21-md-02996-CRB (SK)<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Judge: The Honorable Charles R. Breyer |

1  Before the Court is Third Party Payor Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Class Representative Service Awards (the "Motion"). The background, procedural history, and Settlement terms were summarized in the Court's Order Granting Preliminary Approval of Third Party Payor Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e), familiarity with which is presumed. *See* ECF No. 702 ("Preliminary Approval Order"). In brief, the Settlement between McKinsey and Third Party Payors provides $78 million to compensate a national Class of Third Party Payors.

Following the Court's Preliminary Approval Order, Settlement Class Counsel sent notice to the Third Party Payor (TPP) Class via the Court-approved notice program. The TPP Class has had an opportunity to respond. The Court has now considered the Parties' briefs and accompanying submissions, the reactions of TPP Class members, and presentations at the Final Approval Hearing on these matters, and the Court hereby GRANTS the Motion.

### I. CLASS CERTIFICATION AND SETTLEMENT APPROVAL

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Rule 23(a)-(b) of the Federal Rules of Civil Procedure. Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). As relevant here, certification of a Rule 23(b)(3) settlement class action requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court has already concluded that the TPP Settlement Class and its five Settlement Class Representatives were likely to satisfy these requirements in its Preliminary Approval Order and finds no reason to disturb its earlier conclusions. *See* ECF No. 702 ¶ 7. The requirements of Rule 23(a) and 23(b)(3) were satisfied then, and they remain so now. As such, the Court concludes that certification of the TPP Settlement Class is appropriate.

1    After finding that the Settlement Class satisfies Rules 23(a) and 23(b)(3), the Court must
2  determine whether the Settlement is fundamentally "fair, reasonable, and adequate." Fed. R. Civ.
3  P. 23(e)(2). The Court is familiar with the standards applicable to certification of a settlement
4  class; indeed, in the Preliminary Approval Order, the Court applied these standards and concluded
5  that the Settlement appeared to be "fair, reasonable, and adequate." ECF No. 702 ¶ 1. Now, in
6  making its determination to grant final approval of the Settlement, the Court has considered each
7  of the Rule 23(e) factors and finds that the Settlement Class Representatives and Settlement Class
8  Counsel have adequately represented the TPP Class; the Settlement Agreement was negotiated at
9  arm's length; the relief provided for the TPP Class is adequate; and the Plan of Allocation treats
10 TPP Class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2).

11   These conclusions are bolstered by TPP Class members' favorable reaction to the
12 Settlement, which factor supports final approval. *See In re MacBook Keyboard Litig.*, 2023 WL
13 3688452, at *9 (N.D. Cal. May 25, 2023) (finding the "low number . . . of opt-outs relative to the
14 size of the class weighs in favor of approving the Settlement" where 1,733 exclusion requests
15 were received out of 718,651 eligible class members); *Quiruz v. Specialty Commodities, Inc.*,
16 2020 WL 6562334, at *7 (N.D. Cal. Nov. 9, 2020) (approving settlement with 0.09% opt-out rate
17 and noting: "[o]pt-out percentages of nearly 5% have been deemed so 'overwhelmingly positive'
18 as to support approval").

19   In addition, the Court finds that the Court-approved notice provided to the TPP Settlement
20 Class pursuant to the Settlement Agreement and the Preliminary Approval Order fully complied
21 with the requirements of Federal Rule of Civil Procedure 23 and due process, and the notice was
22 reasonably calculated under the circumstances to apprise the Settlement Class members of the
23 pendency of this Action, their right to object to or exclude themselves from the Settlement
24 Agreement, and their right to appear at the Final Approval Hearing.

25 **II.     REQUESTED ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS**

26   Settlement Class Counsel request an award of $15.5 million for attorneys' fees and
27 expenses, inclusive of the common benefit assessment under PTO 9 (ECF No. 567), and which
28 amount constitutes 20% of the Settlement Amount net of the costs of notice, administration, and

implementation of the Settlement, expert costs, and combined service awards of $50,000 (that is, $10,000 for each of the five Class Representatives).

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (citation omitted). Thus, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

Where a settlement establishes a calculable monetary benefit for a class, a court has discretion to award attorneys' fees based on a percentage of the monetary benefit obtained. *See In re Volkswagen*, 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017); *see also Staton*, 327 F.3d at 967. The $78 million available to the Class is non-reversionary, eliminating the incentive to discourage Class members' participation in the Settlement and ensuring that the full value is put towards the interests of the Class in this litigation. Settlement Class Counsel's requested fee and expense amount represents 20% of the total Settlement Amount net of notice costs, expert costs, and service awards. This is below the Ninth Circuit's benchmark fee award of 25%. *See In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 887 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021). Moreover, as noted above, no Class member has objected to the requested fees and expenses award. Settlement Class Counsel's request for $15.5 million in attorneys' fees and expenses is hereby granted.

A lodestar cross-check further confirms the reasonableness of the attorneys' fee award sought. Both the hours worked and the rates billed are customary, and the total lodestar yields a multiplier of 0.67 for work done through March 31, 2024. Additional hours worked since then have further reduced the multiplier. This multiplier is within the range of reason.

1     The Court has discretion to award reasonable service awards for Settlement Class Representatives. The request of $10,000 per Settlement Class Representative, for a total of $50,000, amounts to approximately six hundredths of one percent of the total Settlement Fund. The five Settlement Class Representatives undertook an important role in a complex case, and their awards are justified.

### III.   CONCLUSION

Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

1. The Court **DISMISSES** the Action and all claims contained therein, as well as all of the Released Claims, with prejudice as to the Parties, including the Class. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

2. Only those entities that timely submitted valid requests to opt out of the Settlement Class are not bound by this Order. Those entities are not entitled to any recovery from the Settlement.

3. The Court **GRANTS** class certification for settlement purposes only.

4. The Court **CONFIRMS** the appointment of Interim Class Counsel Paul J. Geller, Elizabeth J. Cabraser, and James R. Dugan, II, as Settlement Class Counsel.

5. The Court **CONFIRMS** the appointment of Settlement Class Representatives District Council 37 Benefits Fund Trust; Cleveland Bakers and Teamsters Health & Welfare Fund; BCTGM Atlantic Health & Welfare Fund; International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund; and Teamsters Local 404 Health Services and Insurance Plan.

6. The Court **GRANTS** Class Counsel's request for attorneys' fees and expenses, subject to PTO No. 9, and AWARDS Class Counsel $15.5 million to be allocated by Class Counsel to TPP counsel involved in this matter. Further, the Court GRANTS Class Counsel's request for service awards of $10,000 to each of the five Settlement Class Representatives.

7. The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

8. The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

9. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

**IT IS SO ORDERED.**

DATED: _____   _____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE