Elizabeth J. Cabraser
ecabraser@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1111

*Plaintiffs' Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 21-md-02996-CRB (SK)<br><br>**JOINT STATUS REPORT**<br><br>Judge: The Honorable Charles R. Breyer |

Plaintiffs' Lead Counsel and counsel for the McKinsey Defendants respectfully submit this Joint Status Report as ordered by the Court on May 16, 2024 (ECF No. 711). In addition to the Court's requested updates regarding the Political Subdivision and School District actions, Plaintiffs' Lead Counsel includes additional updates on the finalization of the Tribes' settlement; the administration of the Court-approved Subdivisions and School Districts class settlements; the progress of the Third Party Payor ("TPP") class settlement; three personal injury/wrongful death cases (including the two *pro se* case noted in the Court's Order on Motions to Intervene (ECF No. 686); and matters regarding the NAS Plaintiffs, following the Court's recent Order Granting in Part and Denying in Part McKinsey's Motion to Dismiss the NAS Plaintiffs' Amended Complaint (ECF No. 710).

I. **Political Subdivisions**

   A. **Report on Political Subdivision Opt-Outs**

   Since the Parties submitted their April 10, 2024 Joint Status Report (ECF No. 703), and consistent with the agreement set forth in that report, two additional political subdivisions from Kentucky (the City of Bowling Green and the City of Georgetown) timely rescinded their opt-out notices. In total, 77 Political Subdivision Plaintiffs timely opted out of the Political Subdivision Settlement, which this Court approved on February 2, 2024 (ECF No. 665). The 77 opt outs are 0.23% of the approximately 33,000 subdivisions nationwide that received notice, reflecting a total participation rate of approximately 99.77% for the class.

   Exhibit C to the April 10 Status Report sets forth the six Political Subdivision Actions remaining in this MDL. That list has not changed as there are still opt-out plaintiffs remaining in all six actions. Those six actions are discussed further below in section III.A.

   B. **Political Subdivisions Settlement Administration and Distribution**

   Now that the number of opt-out entities is finalized, the Settlement Administrator, BrownGreer, is processing the subdivision payment distributions based on the plan of allocation, which tracks the allocation agreements reached between the states and their subdivisions as to the portion of each state's share under the 2021 Janssen Settlement. A Political Subdivision is eligible to receive payment if it has a population over 10,000, if it is litigating against McKinsey, or if it

received a payment in the Janssen Settlement.  BrownGreer is incorporating the final opt-out list into the payment calculations.  Class Counsel expects that payments will begin as early as mid-July 2024.

## II. School Districts

### A. Report on School District Opt-Outs

Since the April 10 Status Report, one additional school district in West Virginia (Mineral County) rescinded its opt-out notice.  Apart from this school district, the list of opt-outs provided in Exhibit B to the April 10 Status Report remains the same.  In total, nine School District Plaintiffs timely opted out of the School District Settlement, which this Court approved on February 2, 2024 (ECF No. 664).  The nine opt-outs are 0.062% of the approximately 14,600 School District class, reflecting a settlement participation rate of approximately 99.9%.

### B. Status of the Public School District Opioid Recovery Trust

On February 2, 2024, the Court approved Truist Bank and Dr. Andres Alonso as Trustees for the school district grant-making Trust.  Pursuant to the Court-approved settlement, the net settlement fund in this matter has been deposited with the Trustee Bank.  The McKinsey net settlement funds, as well as the net settlement funds from school district recoveries in the Mallinckrodt and Endo bankruptcies, will be administered in the same Trust with the same Trustees.  After completing a search and receiving multiple bids, Dr. Alonso selected EAG to create an interactive website and to assist him with the grant-making Trust.  Dr. Alonso expects to have the interactive grant-making trust website established by mid-June 2024.  He further expects to commence communications with school districts nationwide to inform them about the grant-making trust by mid-June.  Class Counsel intend to file quarterly status reports with this Court following the launch of the website.

## III. The Parties' Positions Regarding Further Proceedings

### A. Political Subdivision Opt-Out Actions

The six Subdivision Actions remaining in the MDL are from four states: Illinois, Kentucky, Michigan, and New York.

1. **Plaintiffs' Lead Counsel's Report on Remand Motions**

<u>Remand of New York cases</u>.  The parties previously shared their views regarding the appropriate sequencing for the New York subdivision opt-out cases in the April 10 Status Report: Plaintiffs believe the Court should first decide the remand motions.

<u>Remand of Illinois cases</u>.  Two Illinois subdivision opt-outs (St. Clair County and Madison County) filed a motion for remand to state court in the Southern District of Illinois, which was fully briefed and argued prior to the transfer and centralization of these counties' cases in this MDL.  Their counsel's preference is for their actions to be remanded to the Southern District of Illinois so that court can rule on the remand motion.

<u>Release/Res Judicata motion</u>.  Regarding the adjudication of the Release/Res Judicata motion, Plaintiffs' Lead Counsel submits that supplemental briefing would be appropriate, focusing on the state law of the remaining, non-remanded litigating entities (presently including Kentucky, Illinois, Michigan, and New York), should any of the parties to the opt-out cases request it.

2. **McKinsey's Report on Its Pending Motion to Dismiss**

McKinsey submits that the next step in all six of the remaining Political Subdivision Opt-out Actions is for the Court to rule on McKinsey's pending Release/Res Judicata Motion without further briefing.

<u>Kentucky and Michigan Actions</u>.  There is no dispute that the Court must now at least decide the Release/Res Judicata Motion in two of the remaining Political Subdivision Opt-out Actions, from Kentucky and Michigan, which plaintiffs are not seeking to remand.

<u>New York and Illinois Actions</u>.  McKinsey previously explained why the Court can and should resolve the pending Release/Res Judicata Motion before determining whether to remand any actions to state court.  *See* ECF No. 693-1.  This applies to the four remaining Opt-out Actions in which plaintiffs intend to pursue a remand motion, including the two *Genesee* and

*Westchester* Opt-out Actions (from New York), and now the two Illinois Political Subdivision Opt-out Actions.[1]

Deciding the Release/Res Judicata Motion before consideration of any remand motions is especially appropriate now that the Court must at the very least resolve the Release/Res Judicata Motion in two other remaining Political Subdivision Opt-out Actions (from Kentucky and Michigan) where plaintiffs are not seeking to remand. Because the Release/Res Judicata Motion is based on broadly consistent principles of law across all relevant jurisdictions, *see* ECF Nos. 378, 378-1, it would advance the interests of judicial economy for the Court to resolve the Motion simultaneously in all remaining opt-out actions, and it would also avoid the unnecessary "expense and delay" of any remand motion. *See Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 863 (9th Cir. 2021) (holding that court may dismiss case on grounds of res judicata prior to establishing subject matter jurisdiction).

Release/Res Judicata motion. McKinsey submits that the existing briefing provides a thorough and sufficient basis for the Court to rule on the pending Release/Res Judicata Motion as to the remaining six Political Subdivision Opt-out Actions.[2] At the Court's request, the parties already submitted comprehensive supplemental briefing "focusing on the state law" applicable to all Political Subdivision Actions, including the laws of all four states relevant to the remaining six Opt-Out Actions here.

### B. School District Opt-Out Actions

None of the nine opt-out school districts has filed a case against McKinsey for its role in the opioid crisis. None of the nine opt-out school districts has indicated to Class Counsel an

---

[1] Plaintiffs' Lead Counsel and McKinsey were only recently informed by Illinois opt-out plaintiffs' counsel that the Illinois opt-out plaintiffs also seek to pursue remand of their actions to state court, and that their "preference" is to have their actions "transferred to the Southern District of Illinois so that the Court can rule on the remand motion." But the Illinois opt-out plaintiffs have not made any motion for a suggestion of remand to the Southern District of Illinois. And even if they had, such a motion would be inappropriate for all the reasons previously stated by McKinsey in its opposition to the New York opt-out plaintiffs' motion for a suggestion of remand. *See* ECF No. 689.

[2] ECF No. 310 (opening brief), 315 (amicus brief), 317 (amicus brief), 345 (opposition brief), 357 (reply brief), 378 (supplemental brief), 392 (supplemental brief), 397 (supplemental reply brief), 398 (supplemental response).

intent to file a case against McKinsey. Class Counsel does not believe the Court has jurisdiction over any of the nine opt-out school districts, and Class Counsel does not believe that it would be appropriate for any res judicata briefing or ruling to occur with respect to any of these nine school districts.

### C. Personal Injury/Wrongful Death Actions

There are three personal injury/wrongful death cases before the Court: the two *pro se* cases discussed in the Court's Order on Motions to Intervene (ECF No. 686), and *Hurley v. McKinsey & Co., Inc.*, No. 3:22-cv-03241-CRB. Plaintiffs' Lead Counsel has been diligently working to obtain representation for the two *pro se* plaintiffs and suggests the Court set August 30, 2024 as the date by which the plaintiffs in all three of these remaining cases must file complaints or motions for leave to file amended complaints.

### D. NAS Plaintiffs

Following the Order Granting in Part and Denying in Part McKinsey's Motion to Dismiss the NAS Plaintiffs' Amended Complaint (ECF No. 710), the parties agree to meet and confer and to submit for the Court's consideration, by May 31, 2024, a case management order governing the NAS Plaintiffs' cases.

## IV. TPP Plaintiff Status

Following preliminary approval of the TPP Settlement (ECF No. 702), A.B. Data commenced notice to approximately 42,000 TPP Class members. The objection/opt-out deadline is June 1, 2024, and the final approval hearing is set for July 26, 2024. To date, no objection has been filed, and only one opt-out notice has been received.

## V. The Tribes Settlement

Since the January 17, 2024 distribution to 332 Tribes, *see* Hr'g Tr. at 16 (ECF No. 667), the settlement administrator has received an additional 22 participation forms from eligible non-litigating Tribes. Distribution of the finalized Tribes settlement continues. The Tribal participation rate compares favorably to the rates of participation in the other Tribal national settlements.

| | |
|---|---|
| Dated: May 24, 2024 | Respectfully submitted, |
| | By: */s/ Elizabeth J. Cabraser* |
| | Elizabeth J. Cabraser |
| | ecabraser@lchb.com |
| | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111-3339 |
| | Telephone: (415) 956-1000 |
| | |
| | *Plaintiffs' Lead Counsel* |
| | |
| | GOODWIN PROCTER LLP |
| | By: */s/ Mark David McPherson* |
| | Mark David McPherson (CA SBN 307951) |
| | mmcpherson@goodwinlaw.com |
| | The New York Times Building, 620 Eighth Ave. |
| | New York, NY 10018 |
| | Telephone: (212) 813-8869 |
| | |
| | HOGAN LOVELLS US LLP |
| | James L. Bernard (Admitted *Pro Hac Vice*) |
| | james.bernard@hoganlovells.com |
| | David M. Cheifetz (Admitted *Pro Hac Vice*) |
| | david.cheifetz@hoganlovells.com |
| | 390 Madison Avenue |
| | New York, NY 10017 |
| | Telephone: (212) 918-3000 |
| | |
| | MORRISON & FOERSTER LLP |
| | Caitlin S. Blythe (CA SBN 265024) |
| | cblythe@mofo.com |
| | 425 Market Street |
| | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| | |
| | Jessica Kaufman (Admitted *Pro Hac Vice*) |
| | jkaufman@mofo.com |
| | 250 West 55th Street New York, NY 10019 |
| | Telephone: (212) 468-8000 |
| | |
| | *Attorneys for Defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; and McKinsey Holdings, Inc.* |

Case No. 21-MD-02996-CRB (SK)

3005459.7

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from all the signatories.

DATED:  May 24, 2024         */s/ Elizabeth J. Cabraser*
                             ELIZABETH J. CABRASER
                             LIEFF CABRASER HEIMANN & BERNSTEIN, LLP