UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION<br><br>This Document Relates to:<br><br>ALL THIRD PARTY PAYOR ACTIONS | Case No. 3:21-md-02996-CRB (SK)<br><br>**[UPDATED] [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date: July 26, 2024<br>Time: 10:00 A.M<br>Courtroom: 6, 17th Floor<br><br>Judge: The Honorable Charles R. Breyer |

Before the Court is Third Party Payor ("TPP") Plaintiffs' Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees and Expenses and Class Representative Service Awards (the "Motion"). The background, procedural history, and Settlement terms were summarized in the Court's Order Granting Preliminary Approval of Third Party Payor Class Action Settlement and Direction of Notice Under Federal Rule of Civil Procedure 23(e), familiarity with which is presumed. *See* ECF No. 702 ("Preliminary Approval Order"). In brief, the Settlement between McKinsey and TPPs provides $78 million to compensate a national TPP Class.

Following the Court's Preliminary Approval Order, Interim Settlement Class Counsel sent notice to the TPP Class via the Court-approved notice program. The TPP Class has had an opportunity to respond. The Court has now considered the Parties' briefs and accompanying submissions, the reactions of TPP Class members, and presentations at the Final Approval Hearing on these matters, and the Court hereby GRANTS the Motion.

## I.   CLASS CERTIFICATION AND SETTLEMENT APPROVAL

When presented with a motion for final approval of a class action settlement, a court first evaluates whether certification of a settlement class is appropriate under Rule 23(a)-(b) of the Federal Rules of Civil Procedure. Rule 23(a) provides that a class action is proper only if four requirements are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a)(1)-(4). As relevant here, certification of a Rule 23(b)(3) settlement class action requires that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The Court has already concluded that the TPP Settlement Class and its five Settlement Class Representatives were likely to satisfy these requirements in its Preliminary Approval Order and that Interim Settlement Class Counsel meet the requirements of Rule 23(g). The Court finds no reason to disturb its earlier conclusions. *See* ECF No. 702 ¶ 7. The requirements of Rule

1  23(a), 23(b)(3), and 23(g) were satisfied then, and they remain so now. As such, the Court
2  concludes that certification of the TPP Settlement Class is appropriate.
3        After finding that the Settlement Class satisfies Rules 23(a) and 23(b)(3), the Court must
4  determine whether the Settlement is fundamentally "fair, reasonable, and adequate." Fed. R. Civ.
5  P. 23(e)(2). The Court is familiar with the standards applicable to certification of a settlement
6  class; indeed, in the Preliminary Approval Order, the Court applied these standards and concluded
7  that the Settlement appeared to be "fair, reasonable, and adequate." ECF No. 702 ¶ 1. Now, in
8  making its determination to grant final approval of the Settlement, the Court has considered each
9  of the Rule 23(e) factors and finds that the Settlement Class Representatives and Settlement Class
10  Counsel have adequately represented the TPP Class; the Settlement Agreement was negotiated at
11  arm's length; the relief provided for the TPP Class is adequate; and the Plan of Allocation treats
12  TPP Class members equitably relative to one another. *See* Fed. R. Civ. P. 23(e)(2).
13        These conclusions are bolstered by TPP Class members' favorable reaction to the
14  Settlement: No TPP objected to the settlement, and out of over 40,000 potential Class members
15  that were notified, only seven TPPs (less than 0.017%) excluded themselves from the settlement.
16  This factor supports final approval. *See In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD,
17  2023 WL 3688452, at *9 (N.D. Cal. May 25, 2023) (finding the "low number . . . of opt-outs
18  relative to the size of the class weighs in favor of approving the Settlement" where 1,733
19  exclusion requests were received out of 718,651 eligible class members); *Quiruz v. Specialty*
20  *Commodities, Inc.*, No. 17-cv-03300-BLF, 2020 WL 6562334, at *7 (N.D. Cal. Nov. 9, 2020)
21  (approving settlement with 0.09% opt-out rate and noting: "[o]pt-out percentages of nearly 5%
22  have been deemed so 'overwhelmingly positive' as to support approval").
23        In addition, the Court finds that the Court-approved notice provided to the TPP Settlement
24  Class pursuant to the Settlement Agreement and the Preliminary Approval Order fully complied
25  with the requirements of Federal Rule of Civil Procedure 23 and due process, and the notice was
26  reasonably calculated under the circumstances to apprise the Settlement Class members of the
27  pendency of this Action, their right to object to or exclude themselves from the Settlement
28  Agreement, and their right to appear at the Final Approval Hearing.

## II. REQUESTED ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (citation omitted). Thus, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Where a settlement establishes a calculable monetary benefit for a class, a court has discretion to award attorneys' fees based on a percentage of the monetary benefit obtained. *See In re Volkswagen "Clean Disel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 15-md-2672-CRB (JSC), 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017); *see also Staton*, 327 F.3d at 967.

Settlement Class Counsel request an award of 20% of the Settlement Fund, including fees and expenses, and net of settlement notice and administration costs, expert costs, and service awards (ECF No. 706), subject to and in accordance with the Upfront Fund Option[1] provisions posted on the TPP Settlement website. This amount includes the 7.5% common benefit obligation under PTO No. 9 (ECF No. 567) as to the non-Upfront Funds.

Here, the Settlement Fund available to the Class is non-reversionary eliminating the incentive to discourage Class members' participation in the Settlement and ensuring that the full value is put towards the interests of the Class. The requested award—inclusive of fees and expenses, notice and administration costs, expert costs, and service awards—is below the Ninth Circuit's benchmark fee award of 25%. *See In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 887 (N.D. Cal. 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021). Moreover, as noted above, no TPP Class

---

[1] *See also* TPP Pls.' Reply Mem. in Support of Final Approval (describing details of the Upfront Payment Option).

1  member has objected to the requested fees and expenses award. Settlement Class Counsel's

2  request for attorneys' fees and expenses is hereby granted.

3     A lodestar cross-check further confirms the reasonableness of the attorneys' fee award

4  sought. Both the hours worked and the rates billed are customary, and the total lodestar yields a

5  negative multiplier not to exceed 0.67 for work done through May 30, 2024. Additional hours

6  worked since then have further reduced the multiplier. This multiplier is well within a reasonable

7  range in this Circuit.

8     The Court has discretion to award reasonable service awards for Settlement Class

9  Representatives. The request of $10,000 per Settlement Class Representative, for a total of

10 $50,000, amounts to approximately six hundredths of one percent of the total Settlement Fund.

11 The five Settlement Class Representatives undertook an important role in a complex case, and

12 their awards are justified.

13 **III.   CONCLUSION**

14    Accordingly, the Court hereby orders, adjudges, finds, and decrees as follows:

15    1.   The Court **DISMISSES** the Action and all claims contained therein, as well as all

16 of the Released Claims, with prejudice as to the Parties, including the Class. The Parties are to

17 bear their own costs, except as otherwise provided in the Settlement Agreement.

18    2.   Only those entities listed in the Exclusion Report appended to Exhibit 1 of the

19 Supplemental Geller Declaration (ECF No. 724-2) that timely submitted valid requests to opt out

20 of the Settlement Class are not bound by this Order. Those entities are not entitled to any

21 recovery from the Settlement.

22    3.   The Court **GRANTS** class certification for settlement purposes only.

23    4.   The Court **CONFIRMS** the appointment of Interim Settlement Class Counsel Paul

24 J. Geller, Elizabeth J. Cabraser, and James R. Dugan, II, as Settlement Class Counsel.

25    5.   The Court **CONFIRMS** the appointment of Settlement Class Representatives

26 District Council 37 Benefits Fund Trust; Cleveland Bakers and Teamsters Health & Welfare

27 Fund; BCTGM Atlantic Health & Welfare Fund; International Union of Operating Engineers

28

Stationary Engineers Local 39 Health & Welfare Trust Fund; and Teamsters Local 404 Health Services and Insurance Plan.

6. The Court **GRANTS** Settlement Class Counsel's request for attorneys' fees and expenses, subject to PTO No. 9. The Court hereby **AWARDS** notice and administration costs, expert costs, and attorneys' fees and expenses of 20% of the Settlement Fund, net of the foregoing costs and below service awards, subject to and in accordance with the Upfront Fund provisions posted on the TPP Settlement website.

7. The Court **GRANTS** Class Counsel's request for service awards of $10,000 to each of the five Settlement Class Representatives.

8. The Court hereby discharges and releases the Released Claims as to the Released Parties, as those terms are used and defined in the Settlement Agreement.

9. The Court hereby permanently bars and enjoins the institution and prosecution by Class Plaintiffs and any Class Member of any other action against the Released Parties in any court or other forum asserting any of the Released Claims, as those terms are used and defined in the Settlement Agreement.

10. The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

**IT IS SO ORDERED.**

DATED: August 5, 2024

_____
THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

3011715.4