Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: MCKINSEY & CO., INC. NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION

This document relates to:

HURLEY v. MCKINSEY & COMPANY, INC., UNITED STATES,

Case No. 3:22-cv-10351-MGM (D. Mass.)

Case No.: 3:21-md-02996
Hon. Charles R. Breyer

**PARTIES' JOINT DISCOVERY DISPUTE LETTER**

Judge: Hon. Sallie Kim

Courtroom: 6, 17th Floor

Pursuant to the Standing Order for Magistrate Judge Sallie Kim pertaining to discovery disputes, as well as this Court's Local Rules, the undersigned below hereby certify and attest that they met and conferred in a reasonable attempt to resolve the disputes outlined in this Letter, and that they complied with Section 9 of the Northern District's Guidelines for Professional Conduct.

/s/ *John L. Brownlee*

John L. Brownlee (*pro hac vice*)
Robert J. Farlow (*pro hac vice*)
Ashley Akers (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Telephone: 703.720.8600
Fax: 703.720.8610
Email:  john.brownlee@hklaw.com
        robert.farlow@hklaw.com
        ashley.akers@hklaw.com

Michael T. Maroney (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
10 St. James Ave., 11th Floor
Boston, MA 02116
Telephone: 617.523.2700
Fax: 617.523.6850
Email:  michael.maroney@hklaw.com

*Counsel for Plaintiff Robyn Hurley,*
*as Executrix of the Estate of Ethan Emirzian*

/s/  *Mark David McPherson*

James L. Bernard (*pro hac vice*)
james.bernard@hoganlovells.com
Julie G. Matos (*pro hac vice*)
Julie.matos@hoganlovells.com
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000

Mark David McPherson (SBN 307951)
mmcpherson@goodwinlaw.com
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8869

*Attorneys for Defendants McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; and McKinsey Holdings, Inc.*

JOINT LTR RE EXT. OF DISC. SCHED.                    CASE NO. 3:21-md-02996-CRB

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

## **PARTIES' JOINT DISCOVERY DISPUTE LETTER**

**I.    Unresolved Discovery Disputes**

Plaintiff Robyn Hurley, Executrix of the Estate of Ethan Emirzian, believes it is necessary to extend the discovery deadlines contained in the Second Case Management Order (ECF No. 898) due to multiple pending, fully-briefed motions that remain unresolved as well as multiple discovery issues that have only recent come to light. Counsel for Plaintiff attempted to secure agreement to the proposed deadline extensions outlined below in Section II with counsel for Defendants, but the Parties were unable to reach a compromise.

The current case deadlines set forth in ECF No. 898 which are affected by this request are as follows:

- o *Fact Discovery Cutoff:* March 31, 2026; provided, however, that in the event any discovery dispute is pending at the time the Fact Discovery Cutoff passes, the Cutoff as to the disputed issue shall be extended 45 days from the date the issue is resolved by the Court.

- o *Expert Discovery Deadlines*:
    - ▪ *Plaintiff's Expert Reports*: 60 days after Fact Discovery Cutoff.
    - ▪ *Defendants' Expert Reports*: 60 days after Plaintiff's Expert Reports.
    - ▪ *Expert Discovery Cutoff*: 30 days after Defendants' Expert Reports.
    - ▪ *Daubert and Dispositive Motions*: No later than 30 days after the Expert Discovery Cutoff, the parties shall meet and confer and submit a proposed schedule for *Daubert* motions and dispositive motions. If the parties are unable to agree, then each side shall submit its own proposal with a memorandum (not to exceed two pages, double spaced) explaining why the Court should adopt that party's proposal.

Pursuant to Local Rule 1-2(c) and Federal Rule of Civil Procedure 6(a), the current deadline for Plaintiff's Expert Reports was June 1, 2026, as 60 days from the fact discovery cutoff of March 31, 2026, fell on Saturday, May 30, 2026.

-1-

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

## II.   Plaintiff Robyn Hurley's Position

Plaintiff Robyn Hurley hereby moves the Court to implement the following modifications to the discovery schedule set forth in ECF 898. Plaintiff's request is based upon the following ongoing discovery issues and unresolved motions that remain pending:

1) Defendants' pending Motion to Dismiss Second Amended Complaint for Failure to State a Claim ("Motion to Dismiss") (ECF No. 779);

2) Plaintiff's pending Motion for Relief From Nondispositive Pretrial Order Regarding the Deposition of McKinsey General Counsel Jonathan Slonim ("Motion for Relief") (ECF No. 892);

3) Plaintiff's pending Motion for Spoliation Sanctions Pursuant to Fed. R. Civ. P. 37(e) and Memorandum in Support thereof (ECF 808);

4) Relatedly, Defendants' designated representative pursuant to Rule 30(b)(6) testified on May 28, 2026, that other individuals would need to testify as to the nature of documents intentionally destroyed by executives of Defendant McKinsey, necessitating the need to investigate those individuals' identities and scope of knowledge and schedule additional Rule 30(b)(6) depositions;

5) Plaintiff's pending public records request to the Hampden County District Attorney Public Record Information Officer (submitted early March 2026) requesting public information related to the prosecution of Fernando Jayma, the prescribing physician for Ethan Emirzian. On May 26, 2026, the Hampden County Records Access Officer informed counsel for Plaintiff that the review was nearing completion and that he anticipated providing Plaintiff with the records by the end of the week of June 1, 2026. On June 4, 2026, the Records Officer informed counsel for Plaintiff that he encountered unexpected network issues which delayed his final review of the records, and that he "anticipate[s] that the final release will be Tuesday, June 9, at the latest[.]" Plaintiff received a production of records from Hampden County at or around close of business on June 9, 2026, and is in the process of reviewing same.

-2-

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

Depending upon the outcome of the pending Motions, the newly-discovered issues with the inadequate testimony and/or insufficient knowledge of the Defendants' 30(b)(6) representative which only became apparent following the commencement of the deposition on May 28, 2026, as well as Plaintiff's recent receipt of a production in response to a public records request, it is premature to close both fact and expert discovery at this time.

The Court's pending ruling on the Motion to Dismiss could necessitate additional fact and expert discovery, in the event the Court dismisses certain claims and/or permits Plaintiff to amend her allegations. Moreover, the Motion for Spoliation Sanctions is directly impacted by the issues with the Rule 30(b)(6) deponent's lack of institutional knowledge as to the destruction of relevant documents and ESI. Additional depositions pursuant to Rule 30(b)(6) must now be scheduled in order for Plaintiff to obtain the necessary information concerning Defendants' spoliation conduct. Finally, Plaintiff expects that the document production from Hampden County contains information and documents pertaining to the criminal proceedings against Dr. Fernando Jayma, the prescribing physician of the Decedent in this litigation. Plaintiff submitted said records request approximately ten (10) weeks prior to the current Fact Discovery Cutoff date – the lengthy processing time should not be held against Plaintiff, particularly when the documents sought are highly relevant to Plaintiff's claims. Plaintiff received said production on June 9, 2026, and is in the process of reviewing same.

Plaintiff will undoubtedly be prejudiced if the current discovery deadlines are allowed to expire, and thus, Plaintiff has shown sufficient good cause to justify the requested extensions. Plaintiff has attempted to discuss the need for extended discovery deadlines with Defendants' counsel since at least March 29, 2026, as well as through further discussions during the week of May 25, 2026, following the deficient Rule 30(b)(6) deposition on May 28. The assertion below by counsel that Plaintiff failed to conduct sufficient diligence to seek modification of the discovery deadlines is without merit, as is the statement that "Plaintiff has not pointed to any discovery she lacked an adequate opportunity to complete." Plaintiff has identified multiple, specific discovery issues that justify the extensions sought.

-3-

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

This litigation implicates complicated and historic issues, and involves hundreds of thousands, if not millions, of documents. A one-year period of discovery thus far is not indicative of waste or delay, and is certainly reasonable in light of the facts set forth above. And the contentions by Defendants' counsel that extending discovery will result in prejudice are belied by the fact that multiple substantive, dispositive motions remain pending, and no trial date has been set. It is not as if Plaintiff is seeking discovery extensions which will cause a delay in the proceedings. To the contrary, Plaintiff endeavored to avoid seeking these extensions for as long as possible, but it became necessary to do so based on the procedural posture outlined herein.

For all of those reasons, Plaintiff submits that due to (i) the pending dispositive and non-dispositive motions, (ii) the production from Plaintiff's public records request received on June 9, 2026, which Plaintiff is in the process of reviewing, and (iii) the issues encountered with the Rule 30(b)(6) deposition on May 28, 2026, modifying the discovery schedule as proposed below will promote efficiency and avoid wasting court and party resources. Most importantly, granting the requested extensions will result in no prejudice to Defendants, and will circumvent the likelihood of prejudice to Plaintiff.

Plaintiff submits that the Court adopt the following modifications to the discovery schedule:

a. *Fact Discovery Cutoff*: The 60th day following the Court's ruling on the Motion to Dismiss or Motion for Relief, whichever occurs later.

b. *Expert Discovery Deadlines*:

   i. *Plaintiff's Expert Reports*: 60 days after the Fact Discovery Cutoff.

   ii. *Defendants' Expert Reports*: 60 days after Plaintiff's Expert Reports.

   iii. *Expert Discovery Cutoff*: 30 days after Defendants' Expert Reports.

   iv. *Daubert and Dispositive Motions*: No later than 30 days after the Expert Discovery Cutoff, the parties shall meet and confer and submit a proposed schedule for *Daubert* motions and dispositive motions. If the parties are unable to agree, then each side shall submit its own proposal with a memorandum (not

to exceed two pages, double spaced) explaining why the Court should adopt that party's proposal.

Accordingly, Plaintiff respectfully requests that the Court grant her Motion to Modify Second Case Management Order for the reasons explained above, and modify the current discovery deadlines as proposed above by Plaintiff or alternatively at the Court's discretion, both in the interest of justice and to preserve judicial economy and efficiency.

### III.    McKinsey Defendants' Position

Plaintiff seeks to extend a fact discovery deadline that has already passed. So, too, has the deadline for Plaintiff to submit expert reports. The fact discovery deadline was March 31, 2026, and Plaintiff's expert deadline was June 1, 2026. (ECF No. 898 at II(a).) Plaintiff did not seek an extension of either deadline before then. Because Plaintiff is belatedly seeking an extension, she must demonstrate "good cause," a standard that "primarily considers the diligence of the party seeking the amendment." *Scalph v. Timber Prods. Trucking, LLC*, No. 24-CV-02614-JST, 2025 WL 2104803, at *2 (N.D. Cal. July 28, 2025) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff cannot show good cause. Discovery in this case began more than a year ago (ECF No. 772), and Plaintiff chose not to participate in much of the discovery taken in this MDL proceeding. Of the 17 depositions of McKinsey witnesses in this MDL, Plaintiff attended only four and only asked questions at three, undermining the suggestion that Plaintiff now needs to conduct additional depositions. Plaintiff failed to notice the Rule 30(b)(6) deposition on which her motion is largely based until March 24, 2026, seven days before the discovery cutoff. Though the notice was therefore untimely, McKinsey permitted Plaintiff to attend the Rule 30(b)(6) deposition that other plaintiffs in this MDL had timely noticed. Having failed to seek a Rule 30(b)(6) deposition until days before the discovery deadline, Plaintiff cannot now complain that she needs more time to notice additional depositions based on testimony in the Rule 30(b)(6) deposition. And there is no need for "other individuals … to testify as to the nature of documents intentionally destroyed by executives of Defendant McKinsey"; Charles River Associates already thoroughly addressed that, in a declaration

-5-

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

submitted to the Court in opposition to Plaintiff's motion for sanctions. (ECF No. 827-5.) That declaration was submitted on November 7, 2025. Since then, Plaintiff did not seek to take any discovery concerning that declaration, either from McKinsey or Charles River Associates.

Nor do any of the other issues Plaintiff mentions justify an extension. The current Case Management Order allows Plaintiff to take McKinsey's General Counsel's deposition after the fact discovery deadline otherwise expires, if the court rules in her favor on that issue. (ECF No. 898 at II(a).) The pending sanctions motion seeks as relief denial of McKinsey's motion to dismiss and an adverse inference instruction; Plaintiff has not articulated any way in which the resolution of that motion will call for any additional discovery. Though Plaintiff did not inform McKinsey about her public records request to the Hampden County District Attorney Public Record Information Officer (which was also apparently submitted only weeks before the discovery deadline), McKinsey has not sought to preclude her from using anything she might obtain from that request (provided she produces to McKinsey whatever she receives in response to that request, of course). McKinsey's motion to dismiss has been fully briefed for a year; both sides took discovery while that was pending.

Nor does Plaintiff offer any reason to adjust the expert deadline (to the extent that is something Plaintiff's motion seeks). Plaintiff had more than a year to find an expert and disclose the substance of that expert's testimony. Plaintiff offers no excuse for failing to do so.

Against the absence of any justification for an extension, Plaintiff's requested extension would prejudice McKinsey. Plaintiff's open-ended extension of discovery would increase the burden and expense of discovery by untold measures, for no reason at all. *See Schaffner v. Crown Equip. Corp.*, No. C 09-00284 SBA, 2011 WL 6303408, at *3 (N.D. Cal. Dec. 16, 2011) (holding "a third enlargement of the pretrial schedule … will prejudice Defendants by unnecessarily increasing litigation costs and delaying resolution of the action. *C.f. Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.2002) ("[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.")).

As McKinsey explained to Plaintiff, if there are specific discovery steps the parties had no adequate opportunity to complete before the deadline, McKinsey would agree to a short extension to

-6-

complete those. Yet Plaintiff has not pointed to any discovery she lacked an adequate opportunity to complete—neither in the parties' discussions nor this submission. Undefined, unlimited discovery for several more months after the parties have already spent more than a year in discovery is simply not warranted and would increase the costs and burdens of discovery unnecessarily.

Dated:  June 11, 2026

Respectfully submitted,

PLAINTIFF ROBYN HURLEY, as Executrix of the ESTATE OF ETHAN EMIRZIAN

By her attorneys,

    /s/   *John L. Brownlee*

John L. Brownlee (*pro hac vice*)
Robert J. Farlow (*pro hac vice*)
Ashley Akers (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Telephone: (703) 720-8600
Fax: (703) 720-8610
john.brownlee@hklaw.com
robert.farlow@hklaw.com
ashley.akers@hklaw.com

Michael T. Maroney (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Fax: (617) 878-1525
michael.maroney@hklaw.com

By:    */s/ Mark David McPherson*

**GOODWIN PROCTER LLP**
Mark David McPherson (SBN 307951)
mmcpherson@goodwinlaw.com
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8869

**HOGAN LOVELLS US LLP**
James L. Bernard (*Pro Hac Vice*)
james.bernard@hoganlovells.com
Julie G. Matos (*Pro Hac Vice*)
Julie.matos@hoganlovells.com
390 Madison Avenue

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

-7-

JOINT LTR RE EXT. OF DISC. SCHED.                    CASE NO. 3:21-md-02996-CRB

New York, NY 10017
Telephone: (212) 918-3000

*Attorneys for Defendants McKinsey &*
*Company, Inc.; McKinsey & Company, Inc.*
*United States; McKinsey & Company, Inc.,*
*Washington D.C.; and McKinsey Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, a true and correct copy of the foregoing document was filed electronically using the Court's CM/ECF system and has been served by electronic mail on all counsel of record.

/s/   *John L. Brownlee*
John L. Brownlee (*pro hac vice*)

Holland & Knight LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tel: 703.720.8600
Fax: 703.720.8610

-8-

JOINT LTR RE EXT. OF DISC. SCHED.                    CASE NO. 3:21-md-02996-CRB