NEXUS U. SEA (*Admitted Pro Hac Vice*)
nsea@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, New York 10019-6022
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

CHARLES LIFLAND (S.B. #108950)
clifland@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

Attorneys for Nonparty
Johnson & Johnson

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| In re: Johnson & Johnson Inc. | Case No 26-mc-80230-SK |
| In re: McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation | Case No. 21-md-02996-CRB (SK)<br><br>**JOHNSON & JOHNSON'S OPPOSITION TO PLAINTIFFS' REQUEST FOR SUR-REPLY** |

Johnson & Johnson ("J&J") submits this opposition to Plaintiffs' request for "permission to file an appropriate sur-reply if the court is disinclined to strike the Connor Declaration," Pltfs' Obj. at 3 [Dkt. 1001]. Plaintiffs' request rests entirely on the incorrect premise that J&J introduced new facts in its reply concerning the substantial burden associated with preparing a Rule 30(b)(6) witness, and underscores Plaintiffs' continued disregard for the undue burden their nonparty 30(b)(6) subpoena would impose on J&J. Tellingly, Plaintiffs do *not* contend that the burden identified by J&J does not exist—whether as declared under oath by its in-house lawyer, Nicholas Connor, or by its outside counsel, O'Melveny. Rather, Plaintiffs ask the Court to overlook J&J's burden altogether based on the flawed premise that Mr. Connor's declaration somehow introduced the concern for the first time. It did *not*. Mr. Connor's declaration merely confirmed what Plaintiffs already knew from J&J's opening papers and the supporting declaration of its outside counsel, which Plaintiffs attacked for allegedly insufficient foundation. All of these confirmed what J&J's outside counsel has informed Plaintiffs of from the very beginning: Plaintiffs' nonparty 30(b)(6) subpoena would place an undue burden on J&J, and it is Plaintiffs' obligation under Rule 45 to take reasonable steps to avoid imposing such a burden or expense on a nonparty.

Courts generally exercise discretion to allow a party to file a sur-reply "***only*** where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (emphasis added); *see also Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying leave to file sur-reply where the party "failed to specifically identify any new evidence or legal argument proffered … for the first time in [a] reply brief"); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5, 2020) (denying a request to strike and file a sur-reply because the arguments plaintiff objected to were not "new" arguments but "direct responses to the arguments in [plaintiff's] opposition). That is not the case here.

J&J's Cross Motion to Quash Plaintiffs' Nonparty Subpoena stated the obvious: "Plaintiffs seek the most burdensome form of nonparty discovery, which would require [J&J] to spend

hundreds of hours, at significant cost and expense, educating and preparing a witness on topics spanning three decades, using the very documents Plaintiffs already have in their possession." J&J's Opp. & Cross-Mot. at 1 [ECF 8]. Surprisingly, Plaintiffs argued that J&J cannot substantiate its burden because the "Sea Decl. does not rest on personal knowledge nor show affirmatively that Mr. Sea is a declarant competent to testify" as to J&J's burden. Pltfs' Reply & Opp. at 2. Not only are Plaintiffs incorrect, because O'Melveny—having served as J&J's outside counsel on opioid related matters for over a decade—has personal knowledge of the cost and expense associated with preparing a 30(b)(6) witness on such matters, particularly one that must be educated; but Plaintiffs presented no basis to suggest the burden and cost to J&J do not exist. Nevertheless, Mr. Connor stated that, among other things, "outside counsel is likely to spend at least 148 hours, if not more, totaling $175,000 in fees," and "J&J would also need to spend approximately 150 hours in total, at substantial expense and internal cost to the company," Sea Decl. Ex. A (August 12, 2026) ("Connor Decl.") [Dkt. 996-2]; Connor Decl. ¶ 21. These facts merely confirmed what was already stated in J&J's initial briefing: Plaintiffs' nonparty subpoena "would require [J&J] to spend hundreds of hours, at significant cost and expense," *see* J&J's Opp. & Cross-Mot. at 1; *cf.* Connor Decl. ¶ 21.

Mr. Connor's declaration reiterates what J&J's outside counsel has been explaining to Plaintiffs all along, including in numerous meet and confers and conferences: that the process of educating a corporate 30(b)(6) witness with no personal knowledge of Plaintiffs' wide ranging topics and areas of inquiry is unduly burdensome. This is particularly true here, where J&J is a nonparty. Indeed, while Plaintiffs argue that Mr. Connor's declaration "furnish[es] fresh facts and claims," Pltfs' Obj. at 1, the information presented by Mr. Connor is neither "fresh" nor new. Rather, it merely confirms the points made in J&J's Cross-Motion to Quash and states the obvious—preparing a witness for a Rule 30(b)(6) nonparty deposition and educating them on 28 topics covering a 30-year period concerning products J&J has not actively marketed for over a decade, will require significant time, cost, and resources. *See, e.g.*, J&J Opp. & Cross-Mot. at 11 ("Given the number of topics and time period … J&J would need to spend weeks, if not months, attempting to educate a witness who will likely have no personal knowledge of the issues in the

subpoena, at significant cost and effort."), 17 ("[B]ecause over a decade has passed since J&J last actively marketed any opioid medication, preparing a witness to testify on the 28 topics in Plaintiffs' current subpoena would required J&J to spend weeks if not months attempting to educate a witness who will likely have no personal knowledge of the issues.").

Even if the Court finds that Mr. Connor's declaration constitutes new evidence, it has the authority "to consider new evidence presented on reply," particularly if, as here, "the new evidence appears to be a reasonable response to the opposition." *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018); *Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1275 (N.D. Cal. 2023). Introducing Mr. Connor's declaration was a direct response to Plaintiffs' claim that J&J cannot substantiate its burden, *see* Pltfs' Reply & Opp. at 2, despite the representations made by its outside counsel.

Given that J&J offered Mr. Connor's declaration as a reasonable response to Plaintiffs' arguments in opposition, this Court can, and *should*, deny Plaintiffs' request to file a sur-reply and consider the evidence offered by J&J. *See In re Genius Brands Int'l, Inc. Sec. Litig.*, 763 F. Supp. 3d 1027, 1034 n.1 (C.D. Cal. 2025) (denying leave to file sur-reply because arguments in reply brief were "a direct response to the arguments raised in Plaintiffs' opposition papers" which was "characteristic of a reply brief."). Accordingly, J&J respectfully submits that the Court should summarily deny Plaintiffs' request for leave to file a sur-reply and decline Plaintiffs' alternative request to strike Mr. Connor's declaration.

Dated: August 24, 2026

NEXUS U. SEA
CHARLES LIFLAND
O'MELVENY & MYERS LLP

By: */s/ Nexus U. Sea*
Nexus U. Sea
Charles Lifland

*Attorneys for Nonparty Johnson & Johnson*