United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation

This Document Relates to:
Hurley v. McKinsey & Company, Inc., No. 3:22-cv-3241

Case No. 21-md-02996-CRB

**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER**

Regarding Dkt. No. 989

The Court has reviewed Magistrate Judge Kim's Discovery Order (Dkt. 970), the Parties' Joint Statement Concerning the Discovery Dispute (Dkt. 934), Plaintiff Hurley's Motion for Relief from Nondispositive Pretrial Order (Dkt. No. 989), and McKinsey's Opposition (Dkt. No. 1007). Plaintiff filed a motion to modify the case management order after fact and expert discovery deadlines had passed. Judge Kim denied the motion, finding that "Plaintiff fail[ed] to show good cause for the request to extend the discovery deadlines. In addition, Defendants show prejudice in the form of increased costs and burden." Dkt. 970. Plaintiff argues that Judge Kim's Order was contrary to law because there was good cause, and that there was no prejudice to Defendants that outweighed Plaintiff's needs.

The Court disagrees with Plaintiff, finds that Judge Kim's Order was not clearly erroneous or contrary to law, and agrees with Judge Kim that Plaintiff has failed to show good cause to extend the discovery deadlines. Plaintiff's request for an extension was filed after the fact and expert deadlines had passed. Plaintiff points to several pending Motions – a Motion to Dismiss, a Motion for Relief from Nondispositive Pretrial Order Regarding

United States District Court
Northern District of California

the Deposition of McKinsey's General Counsel, and a Motion for Spoliation Sanctions – as good cause for the extension. But Plaintiff fails to show how a pending Motion to Dismiss filed by Defendants impeded her ability to conduct discovery; indeed, prior to Plaintiff's request for an extension, discovery continued for almost a year while the Motion was pending. The case management order allows for the deposition of McKinsey's General Counsel after the discovery deadline has passed. And Plaintiff fails to show how a resolution of the Motion for Sanctions would impact discovery one way or the other. Finally, the purported deficiencies Plaintiff identified of McKinsey's 30(b)(6) deposition do not rise to the level needed to extend all fact discovery deadlines. In contrast, an extension would prejudice Defendants by increasing the burden and expense of discovery.

Accordingly, Plaintiff's objection is OVERRULED.

**IT IS SO ORDERED.**

Dated: August 27, 2026

CHARLES R. BREYER
United States District Judge